UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RHONDA ROE (a pseudonym), individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SURGICAL CARE AFFILIATES, LLC, SCAI HOLDINGS, LLC, UNITEDHEALTH GROUP, INC., and JOHN DOES 1-10,<br><br>Defendants. | No. 1:21-cv-00305-ARW-SRH |

**JOINT MOTION TO REASSIGN CASE PURSUANT TO LOCAL RULE 40.4**

Three cases currently are pending in the Northern District of Illinois asserting claims on behalf of a proposed class of current and former senior-level employees of Surgical Care Affiliates, LLC ("SCA"), SCAI Holdings, LLC and a number of "John Doe" companies (collectively, "Common Defendants"). All three cases allege that the proposed class members were the unwitting victims of illegal "no-poach" agreements between the ostensibly competing Defendant employers in violation of the Sherman Act, 15 U.S.C. § 1. The first-filed of these cases was assigned to this Court, and the most recently-filed case also was assigned to this Court. The other case was assigned to Judge Martha M. Pacold.

All three actions involve substantially identical issues of fact and law, grow out of substantially identical occurrences, and raise claims on behalf of substantially identical classes. For these reasons, and additional reasons set forth below, Rhonda Roe ("Plaintiff" here) and Steven Smith ("Smith"), the pseudonymous plaintiff in *Steven Smith v. Surgical Care Affiliates, LLC*, *et al.*, Case No. 1:21-cv-00620 ("*Smith*") move, pursuant to Local Rule 40.4, for reassignment of the

*Smith* case to this Court to join the other two actions pending here. Such reassignment is likely to result in substantial savings of judicial time and effort.

**FACTUAL BACKGROUND**

Plaintiff Rhonda Roe ("Roe," a pseudonym) filed the above-captioned action on January 19, 2021, asserting on behalf of a proposed class of senior-level employees a single claim for violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. More specifically, Roe alleges that Common Defendants—leading operators of outpatient medical care facilities—conspired "to restrain competition and reduce compensation for their senior-level employees" by entering into agreements whereby they would refrain from soliciting or hiring each other's senior-level employees absent their current employers' prior consent. (*Roe* Compl. ¶¶ 1–2, ECF No. 1). Common Defendants have accepted service of the complaint in this action, and their counsel have entered their appearances in this action as well.

On February 3, 2021, Smith filed his pending complaint. (*Smith* Compl., attached as Ex. A). In virtually all respects, the *Smith* complaint and the *Roe* complaint are substantially identical. They allege the same conspiracy, the same facts, and the same antitrust claim against the same defendants. The only significant difference between the complaints is the named plaintiff. Although the Civil Cover Sheet for the *Smith* complaint disclosed that there was a "Related Case" and named this Court and this case number, the *Smith* case was assigned to Judge Pacold. (*Smith* Civil Cover Sheet, attached as Ex. B). There has been no substantive activity in the *Smith* case, none of the Common Defendants have entered an appearance, and Judge Pacold has not yet scheduled any submissions or conferences. (*See Smith* Docket, attached as Ex. C).

On February 10, 2021, a week later, a third related suit was filed, *Keech v. Surgical Care Affiliates, LLC*, Case No. 1-21-cv-00741 ("*Keech*"). (*Keech* Compl., attached as Ex. D). As in the

*Smith* case, the *Keech* Civil Cover Sheet disclosed that there was a "Related Case" and named this Court and this case number. (*Keech* Civil Cover Sheet, attached as Ex. E). The *Keech* case was assigned to this Court. The *Keech* complaint, like the *Roe* and *Smith* complaints, is a one-count Sherman Act claim alleging that SCA and its co-conspirators used a "no-poach conspiracy . . . to suppress employee compensation" by means of an agreement to refrain from soliciting or hiring their senior-level employees without prior consent. (*Keech* Compl. ¶¶ 1–3). As all three complaints allege, the Department of Justice ("DOJ") announced a grand jury indictment of SCA on January 7, 2021. (*Compare Roe* Compl. ¶ 6 *with Smith* Compl. ¶ 6 and *Keech* Compl. ¶ 2). All three complaints likewise describe emails and other communications between SCA, and companies named as "Company A" and "Company B" in the DOJ announcement that reflect the illegal no-poach conspiracy. (*See Roe* Compl. ¶¶18–28; *Smith* Compl. ¶¶ 18–28; and *Keech* Compl. ¶¶ 15–31). Each complaint seeks relief under the Sherman Act, and each complaint seeks certification of a similar class of persons employed by the co-conspirators during the period of the conspiracy. (*See Roe* Compl. ¶¶ 41–55; *Smith* Compl. ¶¶ 48–62; and *Keech* Compl. ¶¶ 68–84).

All three pending cases plainly raise the same legal questions concerning liability, class certification, and damages. The assignment of the *Smith* case to the same judge as the *Roe* and *Keech* cases obviously would conserve judicial resources and avoid the risk of conflicting legal rulings.

## ARGUMENT

Local Rule 40.4 allows for reassignment when cases meet one or more of the conditions in Rule 40.4(a), and all of the criteria in Rule 40.4(b). The *Roe* case was the earliest filed of the three pending actions, and reassignment of the *Smith* case to this Court plainly satisfies the conditions and criteria of LR 40.4.

A.     *Roe*, *Smith*, and *Keech* are "Related" as Defined by Local Rule 40.4(a).

Local Rule 40.4(a) provides that cases are "related" if they satisfy any of the following conditions: "(1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are the same." L.R. 40.4(a). These cases satisfy not one, but three of those conditions.

**Issues of Fact and Law:** As detailed above, all three complaints allege the same single legal claim, arising from the same conspiracy. As in all antitrust class actions, both fact discovery and legal issues relating to both liability and damages will focus overwhelmingly on defendants' conduct. That discovery and those legal issues will be substantially identical in each of the three pending cases.

**The Cases Grow out of the Same Occurrences:** All three complaints detail a series of events beginning in 2010 whereby putative competitors entered into illegal "no-poach" agreements to restrict the salaries and employment opportunities of their senior-level employees. (*See Roe* Compl. ¶¶ 18–28; *Smith* Compl. ¶¶ 18–28; and *Keech* Compl. ¶¶ 15–31).

**The Classes Involved in the Cases are the Same:** All three plaintiffs seek to represent a class of current and former senior-level employees who worked for each of the Common Defendants and who suffered economic harm as a result of the no-poach agreements. (*See Roe* Compl. ¶¶ 41–50; *Smith* Compl. ¶¶ 48–57; and *Keech* Compl. ¶¶ 68–78).

B.     **The Smith Action and This Action Satisfy the Criteria Set Forth in Local Rule 40.4(b).**

Local Rule 40.4(b) provides for the reassignment of a related case to the judge before whom an earlier-filed case is pending where:

(1)    both cases are pending in the Northern District of Illinois;

  (2)  the handling of the cases by the same judge is likely to result in a substantial saving of judicial time and effort;

  (3)  the earlier case has not progressed to the point where designating a later-filed case as related would delay the proceedings in the earlier case substantially; and

  (4)  the cases are susceptible of disposition in a single proceeding.

The pending cases satisfy all four of these criteria. *Roe* was the first-filed case of the three that now are pending, so *Smith* should be reassigned to join that first-filed action—along with the later-filed *Keech* case that was assigned to this Court.

  **Cases Pending in the Northern District:** All three cases are pending in this District, as their captions confirm.

  **Likely to Save Judicial Time and Effort:** Virtually all antitrust class actions involve complex factual and legal issues, and the question of how to define and certify a class likewise can be a contentious matter. If two judges, rather than one, are required to master the many details of both the merits and class issues raised by defendants' conduct, the result would be a substantial waste of judicial time and effort. Inconsistent rulings likewise could lead to different results on significant issues, which would in turn burden the courts with reconciling those inconsistencies, if possible.

  **No Delay Expected From Reassignment:** None of the three pending cases have proceeded to a meaningful degree, and adding *Smith* to the Court's docket will not delay its progress. The timing of the instant motion is necessary to ensure that Judge Pacold takes no unnecessary action with regard to the Smith Action. With three cases already filed, it is most efficient for this Court to decide the motion now so that the cases can proceed together with the same judge, on the same timeline, and with one forum for all communications regarding the litigation.

**Cases Susceptible of Disposition in One Proceeding:** These cases are susceptible of disposition in a single proceeding for all of the reasons referenced with regard to Rule 40.4(a). The only issues that will differ as between the three cases will be those relating strictly to the named plaintiffs, which will constitute a small fraction of the issues before the Court.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs Roe and Smith respectfully request that the Court grant this Motion and reassign the *Smith* action to this Court pursuant to Local Rule 40.4.

Dated: February 12, 2021                           Respectfully submitted,

*/s/ Gary M. Klinger*
Gary M. Klinger (N.D. Ill. No. 6303726)
**MASON LIETZ & KLINGER LLP**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
(202) 429-2290
gklinger@masonllp.com

*/s/ Linda P. Nussbaum*
Linda P. Nussbaum (admitted *pro hac vice*)
Bart D. Cohen (*pro hac vice* forthcoming)
Christopher B. Sanchez (N.D. Ill. No. 6272989)
**NUSSBAUM LAW GROUP, P.C.**
1211 Avenue of the Americas, 40th Floor
New York, NY 10036
(917) 438-9102
csanchez@nussbaumpc.com
lnussbaum@nussbaumpc.com
bcohen@nussbaumpc.com

Michael L. Roberts
Kelly Rinehart
Karen Halbert
Will Olson
**ROBERTS LAW FIRM US, PC**
1920 McKinney Ave., Suite 700
Dallas, TX 75204

6

(501) 821-5575
mikeroberts@robertslawfirm.us
kellyrinehart@robertslawfirm.us
karenhalbert@robertslawfirm.us
williamolson@robertslawfirm.us

*Counsel for Plaintiffs Rhonda Roe and Steven Smith and the Proposed Class*

Stephanie A. Scharf (N.D. Ill. No. 06191616)
Sarah Marmor (N.D. Ill. No. 6216487)
**SCHARF BANKS MARMOR LLC**
333 West Wacker Drive, Suite 450
Chicago, IL 60606
(312)726-6000
sscharf@scharfbanks.com
smarmor@scharfbanks.com

Roberta D. Liebenberg (admitted *pro hac vice*)
Gerard A. Dever (admitted *pro hac vice*)
Mary L. Russell (admitted *pro hac vice*)
**FINE, KAPLAN AND BLACK, R.P.C.**
One South Broad Street, 23rd Floor
Philadelphia, PA 19107
(215) 567-6565
rliebenberg@finekaplan.com
gdever@finekaplan.com
mrussell@finekaplan.com

William E. Hoese
**KOHN, SWIFT & GRAF, P.C.**
1600 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 238-1700
whoese@kohnswift.com

*Counsel for Plaintiff Steven Smith and the Proposed Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 12, 2021, I caused the foregoing document to be electronically filed with the Clerk of the United States District Court for the Northern District of Illinois using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the electronic Mail Notice List.

Executed on February 12, 2021 in Chicago, Illinois.

*/s/ Gary M. Klinger*
Gary M. Klinger