UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RHONDA ROE (a pseudonym), individually and on behalf of all others similar situated, | ) ) ) |
| Plaintiff, | ) No: 1:21-cv-00305 ) ) |
| v. | ) ) |
| SURGICAL CARE AFFILIATES, LLC, SCAI HOLDINGS, LLC, UNITED HEALTHGROUP, INC., and JOHN DOES 1-10, | ) ) ) ) |
| Defendants. | ) ) |

**REPLY OF THE UNITED STATES ON ITS MOTION
TO INTERVENE AND STAY CIVIL PROCEEDINGS**

The United States files this reply (1) to clarify its request for an immediate stay and (2) to explain why the alternatives proposed by the Plaintiffs do not adequately protect the public interest. First, the United States does not oppose the resolution of pending motions to reassign or consolidate cases and the issuance of any related orders by the Court. The request for an immediate stay arose from the discovery requests that the Plaintiffs served upon the Defendants on March 11, 2021, which sought information and materials that would unmask the individuals and entities anonymized in the indictment and would reveal the direction of the grand jury investigation.

Second, the United States and the public have "an interest in ensuring the criminal proceedings continue untainted by civil litigation." *Glover v. Upmann*, No. 19 CV 03738, 2020 WL 1433801, at *4 (N.D. Ill. Mar. 24, 2020). In the absence of the requested stay, this interest will be in jeopardy. The partial stay that the Plaintiffs have proposed in the alternative does not

1

adequately address the risks to the criminal matter, nor does it mitigate the duplication of efforts and use of resources by the Court, the parties, and the United States. *See id.* (finding a plaintiff's alternative proposal not to be "a workable solution" where the proposal "does not consider the public interest of ensuring that the criminal proceedings continue untainted by civil litigation" and "the potential duplication of discovery efforts"). The Plaintiffs miss the mark in asserting that discovery "unrelated" to the criminal case can proceed—the very act of engaging in that process will disclose certain aspects of the criminal case. Even the Plaintiffs' proposed "limited" discovery requests go to the heart of the criminal matter, such as "business records the defendants have produced to the grand jury." *Roe* Dkt. 36, at 12. Further, the cases that the Plaintiffs highlight for limited stays are those in which a stay was sought based on investigations where there were no pending indictments, let alone a trial date.

The United States assesses the need for a stay, and its scope, based on the unique facts and posture of each matter, remaining cognizant of the important and supplemental role that private antitrust enforcement serves. Here, with an indicted criminal case, a pending grand jury, a set trial date within nine months, upcoming motions practice in the criminal matter, and substantial overlap in factual allegations, a full stay is necessary and appropriate to protect the public interest in criminal enforcement. *See, e.g.*, *Glover*, 2020 WL 1433801, at \*4; *Hollinger Int'l, Inc. v. Hollinger Inc.*, No. 04 C 698, 2008 WL 161683, at \*2–\*4 (N.D. Ill. Jan. 16, 2008).

For the foregoing reasons, the United States' motion for a stay of civil proceedings should be granted.

Dated: March 24, 2021

Respectfully submitted,

/s/ *Anthony W. Mariano*
ANTHONY W. MARIANO
Trial Attorney
United States Department of Justice
Antitrust Division, Washington Criminal II Section
450 5th Street NW
Washington, DC 20530
202-598-2737
Anthony.Mariano@usdoj.gov

COUNSEL FOR MOVANT-UNITED STATES

## **CERTIFICATE OF SERVICE**

I hereby certify that, on March 24, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who have entered notices of appearance in this matter.

/s/ *Anthony W. Mariano*
ANTHONY W. MARIANO