# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| RHONDA ROE (a pseudonym), individually and on behalf of all others similarly situated, | Civil Action No. 1:21-cv-00305 |
| Plaintiff, | **PLAINTIFFS' AMENDED UNOPPOSED JOINT MOTION TO CONSOLIDATE RELATED CASES AND APPOINT INTERIM CO-LEAD COUNSEL** |
| v. |  |
| SURGICAL CARE AFFILIATES, LLC; SCAI HOLDINGS, LLC; UNITEDHEALTH GROUP, INC. and JOHN DOES 1-10, |  |
| Defendants. |  |

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ......................................................................................................... ii

MOTION AND MEMORANDUM IN SUPPORT ..................................................................... 1

I. FACTUAL AND PROCEDURAL BACKGROUND ....................................................... 2

II. LEGAL STANDARD .................................................................................................... 4

    A. Motion for Consolidation .................................................................................... 4

    B. Motion for Appointment of Interim Co-Lead Counsel ........................................ 5

III. ARGUMENT .................................................................................................................. 5

    A. The Related Cases Should Be Consolidated ........................................................ 5

        1. The Actions Involve Common Factual and Legal Questions as well as Overlapping Classes ............................................................... 5

        2. Consolidation Will Promote Efficiency and Judicial Economy ............... 6

        3. Consolidation Will Not Unduly Prejudice Defendants ............................. 7

    B. The Court Should Appoint Interim Co-Lead Counsel ......................................... 8

        1. The Selection of Interim Co-Lead Counsel Will Ensure Efficient Prosecution and Protect the Class's Interests ............................ 8

        2. Counsel Are Well Suited to Represent the Proposed Class ...................... 8

            a. Counsel Identified and Investigated These Claims ........................ 9

            b. Proposed Interim Co-Lead Counsel Are Experienced Class Action and Antitrust Litigators with Sophisticated Knowledge of the Applicable Law ................................. 9

            c. Counsel Have Ample Resources ................................................. 15

IV. CONCLUSION ............................................................................................................. 15

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Bartling v. Apple Inc.*,
  No. 5:18-cv-00147-EJD, 2018 WL 4804735 (N.D. Cal. Apr. 27, 2018) ................................... 5

*Brunner v. Jimmy John's LLC*,
  No. 14-c-550915, 2016 WL 7232560 (N.D. Ill. Jan. 14, 2016) ................................................. 6

*Ikerd v. Lapworth*,
  435 F.2d 197 (7th Cir. 1970) ................................................................................................ 7

*In re Navistar Maxxforce Engines Mktg., Sales Practices & Prods. Liab. Litig.*,
  No. 14-cv-10318, 2015 WL 1216318 (N.D. Ill. Mar. 5, 2015) ................................................. 5

*Moehrl v. Nat'l Ass'n of Realtors*,
  No. 19-CV-01610, 2020 WL 5260511 (N.D. Ill. May 30, 2020) ............................................... 5

*Robbins v. Pepsi-Cola Metro. Bottling Co.*,
  No. 84 C 170, 1985 WL 5130 (N.D. Ill. Dec. 26, 1985) .......................................................... 4

*Sylverne v. Data Search N.Y., Inc.*,
  No. 08-cv-0031, 2008 WL 4686163 (N.D. Ill. May 28, 2008) .......................................... 4, 6, 7

*Unified Messaging Sols., LLC v. United Online, Inc.*,
  No. 13-cv-00343, 2013 WL 1874211 (N.D. Ill. May 3, 2013) .................................................. 4

*Walker v. Discover Fin. Servs.*,
  No. 10-CV-6994, 2011 WL 2160889  (N.D. Ill. May 26, 2011) ................................................ 8

**Rules**

Fed. R. Civ. P. 23(g) .................................................................................................................. 5, 8

Fed. R. Civ. P. 23(g)(1)(A) ........................................................................................................... 5

Fed. R. Civ. P. 23(g)(1)(A)(i) ........................................................................................................ 9

Fed. R. Civ. P. 23(g)(1)(B) ........................................................................................................... 5

Fed. R. Civ. P. 42(a) ................................................................................................................. 4, 5

**Treatises**

*Manual for Complex Litigation* § 21.11 (4th ed. 2004) ................................................................ 8

## MOTION AND MEMORANDUM IN SUPPORT

Pursuant to Federal Rule of Civil Procedure 42, Plaintiffs Rhonda Roe, Steven Smith, and Scott Keech move to consolidate three pending cases. Pursuant to Federal Rule of Civil Procedure 23(g), Plaintiffs also move for appointment of Interim Co-Lead Counsel.

Each of their three cases are class actions, brought under the federal antitrust law, 15 U.S.C. § 1. *See Roe v. Surgical Care Affiliates, LLC, et al.*, No. 21-cv-305 (N.D. Ill.) ("*Roe* Action"); *Smith v. Surgical Care Affiliates, LLC*, No. 1:21-cv-00620 (N.D. Ill.) ("*Smith* Action"); *Keech v. Surgical Care Affiliates, LLC, et al.*, No. 21-cv-741 (N.D. Ill.) ("*Keech* Action"). After Plaintiffs filed their initial unopposed motion to consolidate, Plaintiff Alan Spradling filed a new action naming additional Defendants. *Spradling v. Surgical Care Affiliates, LLC, et al.*, No. 21-cv-01324 (N.D. Ill.) ("*Spradling* Action") (collectively, "the Actions"). Because counsel for the new Defendants in *Spradling* have not yet made appearances, this motion does not seek consolidation of *Spradling.* Instead, if this motion is granted, Section III of the proposed pre-trial order will require Plaintiffs to serve the pre-trial order on the new Defendants (once they make appearances). Consolidation will occur automatically absent objections.

Each Plaintiff filed a lawsuit seeking to represent similar classes of senior-level employees harmed by unlawful "no-poach" agreements between and among the Defendants.

The *Roe* Action and *Keech* Action have been assigned to this Court. Plaintiffs have filed unopposed motions to re-assign the *Smith* Action and *Spradling* Action to this Court. Because the Actions involve several common questions of law and fact, consolidation for all purposes is appropriate under Rule 42(a) and will promote judicial economy without prejudicing Defendants. Furthermore, appointment of Interim Co-Lead Counsel is appropriate because, in these four lawsuits, Plaintiffs are represented by a total of thirteen law firms. A leadership structure will clarify lines of responsibility, protect the interests of the proposed Class, promote the goals of

judicial economy and efficiency, and facilitate the sound management of the Actions. Defendant SCA does not oppose the request for consolidation and takes no position on the request for appointment of Interim Co-Lead Counsel.

This motion replaces the one filed on March 4, 2021, Dkt. 23, with an updated leadership structure. It reflects the considered judgement and consensus of all Plaintiffs' counsel.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

On January 7, 2021, the United States Department of Justice ("DOJ") announced a criminal indictment against Surgical Care Affiliates, LLC and its successor SCAI Holdings, LLC (together, "SCA"), alleging that SCA and two co-conspirators, identified as "Company A" and "Company B," entered unlawful agreements to refrain from soliciting or hiring each other's senior-level employees nationwide. *See* Indictment, *United States v. Surgical Care Affiliates, LLC*, No. 3:21-cr-00011 (N.D. Tex. Jan. 5, 2021).

On January 19, 2021, Ms. Roe filed a civil complaint against SCA, its corporate affiliates, and its unidentified co-conspirators on behalf of a proposed class of "natural persons who were employed by SCA in the United States at the level of Director or above from January 1, 2010 through December 31, 2017." *Roe* Dkt. 1 ¶ 41. Ms. Roe summarized the DOJ's factual allegations of an unlawful agreement between SCA, Company A, and Company B. *Id.* ¶¶ 8-28. Ms. Roe sought damages on behalf of herself and the proposed class under Section 1 of the Sherman Act, 15 U.S.C. § 1. *Id.* ¶¶ 51-55. The Court has scheduled an initial status conference for March 25, 2021. *Roe* Dkt. 4.

On February 3, 2021, Mr. Smith filed a civil complaint against the same defendants as Ms. Roe, and on behalf of the same proposed Class. *Smith* Dkt. 1 ¶ 48. Like Ms. Roe, Mr. Smith summarized the DOJ's factual allegations of an unlawful agreement between SCA, Company A, and Company B, and is seeking damages on behalf of himself and the proposed class under the

Sherman Act. *Id.* ¶¶ 18-28, 58-62. Mr. Smith's case is pending before the Honorable Martha M. Pacold. However, Ms. Roe has filed a motion to re-assign that case to this Court, and this motion is still pending. *See Roe* Dkt. 21. Defendant SCA has confirmed it does not oppose re-assignment. *Roe* Dkt. 22.

On February 9, 2021, Mr. Keech filed a related civil complaint against SCA, its corporate affiliates, and its unidentified co-conspirators on behalf of a proposed class of all "natural persons who worked in senior-level positions in the United States for one or more of the following: (a) from May 1, 2010 to October 31, 2017 for Surgical Care Affiliates, LLC or one of its subsidiary outpatient medical care centers; (b) from May 1, 2010 to October 31, 2017, for Company A or one of its subsidiary outpatient medical care centers; or (c) from February 1, 2012 through July 31, 2017, for Company B or one of its subsidiary outpatient medical care centers." *Keech* Dkt. 1 ¶ 68. Mr. Keech defines the term "senior-level employees" to include "at a minimum, those with the title of Director or higher, as well as the top administrators at each outpatient medical care center, such as Chief Nursing Officers." *Id.* ¶ 69. Thus, Mr. Keech's proposed class definition differs from Ms. Roe's and Mr. Smith's in just two respects: the class period is slightly narrower, hewing to the dates of the alleged agreement as revealed in the DOJ Action, but class membership is broader, including employees of Company A and Company B, in addition to SCA. Mr. Keech, however, explicitly "reserves the right to expand or narrow the alleged class period based on information obtained in discovery concerning the temporal scope of the no-poach agreements in question." *Id.* ¶ 68 n.3.

On March 9, 2021, Mr. Spradling filed a related civil complaint. It also asserts claims against SCA and its corporate affiliates. *Spradling* Dkt. 1 ¶¶ 84-96. In addition, it asserts claims against United Surgical Partners International, Inc. ("USPI") and its corporate affiliates; Andrew

Hayek, the CEO of SCA during the conspiracy; and unidentified co-conspirators. *Id.* Similar to the *Roe*, *Smith*, and *Keech* Actions, it asserts claims on behalf of the following class: (1) those who from May 1, 2010 through October 31, 2017 worked at Defendants SCA or USPI; or (2) worked at "Company B" from February 1, 2012 through July 31, 2017. *Id.* ¶ 47. Mr. Spradling's case is pending before the Honorable Jorge L. Alonso. As noted above, the unopposed motion to re-assign to this Court is pending. *Roe* Dkt. 25.

Plaintiffs intend to file a Consolidated Amended Complaint if this motion is granted.

## II. LEGAL STANDARD

### A. Motion for Consolidation

Federal Rule of Civil Procedure 42(a) provides:

> If actions before the court involve a common question of law or fact, the court may (1) join for hearing or trial any or all matters at issue in the action; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). "Rule 42(a) allows consolidation of trial or pretrial proceedings, or both." *Robbins v. Pepsi-Cola Metro. Bottling Co.*, No. 84 C 170, 1985 WL 5130, at *3 n.4 (N.D. Ill. Dec. 26, 1985). "Consolidation is proper where no undue prejudice exists as to any party and it will promote judicial efficiency and prevent inconsistent rulings." *Unified Messaging*, 2013 WL 1874211, at *4. *See also Sylverne v. Data Search N.Y., Inc.*, No. 08-cv-0031, 2008 WL 4686163, at *1 (N.D. Ill. May 28, 2008) (court "should consider whether the proposed consolidation would promote convenience and judicial economy"). "Courts enjoy broad discretion in determining whether to consolidate cases." *Unified Messaging Sols., LLC v. United Online, Inc.*, No. 13-cv-00343, 2013 WL 1874211, at *4 (N.D. Ill. May 3, 2013).

### B.     Motion for Appointment of Interim Co-Lead Counsel

Under Federal Rule of Civil Procedure 23(g), a court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the class as a class action." Fed. R. Civ. P. 23(g). Interim class counsel is appointed when "overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members." *Moehrl v. Nat'l Ass'n of Realtors*, No. 19-CV-01610, 2020 WL 5260511, at *1 (N.D. Ill. May 30, 2020) (quoting *Bartling v. Apple Inc.*, No. 5:18-cv-00147-EJD, 2018 WL 4804735, at *1 (N.D. Cal. Apr. 27, 2018)). When designating interim class counsel before certification, courts consider the same factors that govern the appointment of class counsel once a class is certified. *In re Navistar Maxxforce Engines Mktg., Sales Practices & Prods. Liab. Litig.*, No. 14-cv-10318, 2015 WL 1216318, at *1 (N.D. Ill. Mar. 5, 2015). These factors include:

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). The court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

## III.     ARGUMENT

### A.     The Related Cases Should Be Consolidated

#### 1.     The Actions Involve Common Factual and Legal Questions as well as Overlapping Classes

Consolidation is permitted when multiple cases "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Here, essentially *all* factual and legal issues overlap between the cases. Mr. Keech, Ms. Roe, Mr. Smith, and Mr. Spradling each allege identical claims under the

same statute, the federal Sherman Act, 15 U.S.C. § 1, against overlapping Defendants.[1] *See Roe* Dkt. 1, ¶¶ 51-55; *Keech* Dkt. 1, ¶¶ 80-84; *Smith* Dkt. 1, ¶¶ 58-62; *Spradling* Dkt. 1, ¶¶ 84-96. All four rely on the same factual allegations from the DOJ Indictment to allege a conspiracy between SCA, Company A (USPI in the *Spradling* Action), and Company B to restrain competition over the recruitment and hiring of senior-level employees. *See Roe* Dkt. 1, ¶¶ 18-28; *Smith* Dkt. 1, ¶¶ 18-28; *Keech* Dkt. 1, ¶¶ 15-31; *Spradling* Dkt. 1, ¶¶ 34-46. All four seek to represent virtually the same class of employees, *see Roe* Dkt. 1, ¶ 41; *Smith* Dkt. 1, ¶ 48; *Keech* Dkt. 1, ¶ 68; *Spradling* Dkt. 1, ¶ 47, and all allege that the proposed classes' compensation was suppressed by the conspiracy, *see Roe* Dkt. 1 ¶¶ 29-34; *Smith* Dkt. 1 ¶¶ 29-41; *Keech* Dkt. 1 ¶¶ 32-62; *Spradling* Dkt. 1, ¶¶ 57-59. Furthermore, all four plaintiffs allege that Defendants fraudulently concealed their conspiracy from the proposed classes. *See Roe* Dkt. 1, ¶¶ 38-40; *Smith* Dkt. 1, ¶¶ 45-47; *Keech* Dkt. 1, ¶¶ 63-67; *Spradling* Dkt. 1, ¶¶ 76-78. The existence of multiple common factual and legal questions favors consolidation. *See, e.g.*, *Sylverne*, 2008 WL 4686163, at *1 (consolidating cases which "present[ed] common questions of fact" and "a common question of law"); *Brunner v. Jimmy John's LLC*, No. 14-c-550915, 2016 WL 7232560, at *2 (N.D. Ill. Jan. 14, 2016) (consolidating two cases with overlapping FLSA claims and collectives).

### 2. Consolidation Will Promote Efficiency and Judicial Economy

Consolidation for all purposes under Rule 42(a)(2) is the best way to preserve judicial economy and avoid waste and delay. The key issues the Court will address in ruling on motions to dismiss, motions for class certification, and motions for summary judgment are likely to be identical in the four cases. The elements of the single claim at issue in each of the four cases are identical: proof of agreement, causation, and damages. The trial will concern the same issues and

---

[1] Ms. Roe, Mr. Smith, and Mr. Spradling named SCA's parent corporation, UnitedHealth Group, whereas Mr. Keech did not name that entity as a defendant. Nevertheless, these distinctions are immaterial. All three SCA Defendants are represented by the same counsel.

a single jury will be empaneled to consider them. Furthermore, because Plaintiffs' allegations and legal claims are materially the same, discovery in the four cases will be duplicative nearly in its entirety if it is not consolidated. Duplicative discovery and briefing would only undermine efficiency and waste judicial resources.

Other unnecessary and avoidable inefficiencies would include requiring counsel for Defendants to appear at and incur expenses associated with hearings in all four matters as well as duplicative legal arguments and discovery issues in the matters, and wasting the Court's resources by requiring it to preside over and resolve essentially identical litigation matters at different times. There will also be a risk of inconsistent adjudications on similar issues if the cases are not consolidated. Defendant SCA does not contest this motion.

The best option is thus to streamline proceedings by consolidating these related cases so that the Actions may proceed together. *See Ikerd v. Lapworth*, 435 F.2d 197, 204 (7th Cir. 1970) (observing that "cases [which] involve common questions of fact, and share some identical questions of law . . . were prime subjects for consolidation under the policy that considerations of judicial economy strongly favor simultaneous resolution of all claims growing out of one event"). *See also Sylverne*, 2008 WL 4686163, at *2 (noting that failure to consolidate "would lead to a substantial waste of judicial time and resources").

### 3.    Consolidation Will Not Unduly Prejudice Defendants

Defendant SCA does not oppose this motion. It will not be prejudiced by consolidation, nor will Defendants USPI and Hayek. To the contrary, they will benefit from consolidation because they will face a reduced burden at all stages of these cases. They will not have to file multiple responsive pleadings or Rule 12 motions, will not have to engage in duplicative fact or expert discovery, will not have to oppose separate class certification motions, will not have to file multiple dispositive motions, and will not have to try these similar claims in four different

trials. Consolidation, therefore, is the most practical way to streamline the litigation and ensure these matters move forward efficiently.

**B.     The Court Should Appoint Interim Co-Lead Counsel**

Plaintiffs respectfully request that the Court create a leadership structure that will clarify responsibility for protecting the proposed Class's interests prior to a formal motion for class certification. Plaintiffs propose that the Court appoint Dean M. Harvey of Lieff, Cabraser, Heimann & Bernstein, LLP ("Lieff Cabraser"), Linda P. Nussbaum of Nussbaum Law Group, P.C. ("NLG"), Mike Roberts of Roberts Law Firm US, P.C. ("Roberts Law Firm"), and Joseph R. Saveri of the Joseph Saveri Law Firm, Inc. ("JSLF") as Interim Co-Lead Counsel on behalf of all Plaintiffs and the Proposed Class. Counsel are highly qualified and experienced class action and antitrust litigators. Defendants take no position on this request.

**1.     The Selection of Interim Co-Lead Counsel Will Ensure Efficient Prosecution and Protect the Class's Interests**

The related cases will benefit from appointment of Interim Class Counsel, who will ensure efficient prosecution of the case and protect the proposed class's interests. After the *Roe* Action was filed, the *Smith*, *Keech*, and *Spradling* Actions were filed on behalf of substantially identical classes. Moreover, each Plaintiff was represented by different groups of lawyers, with a total of thirteen law firms. The existence of multiple suits gives rise to "overlapping, duplicative, or competing [class] suits," such that "designation of interim counsel [will] clarif[y] responsibility for protecting the interests of the class during precertification activities." *Walker v. Discover Fin. Servs.*, No. 10-CV-6994, 2011 WL 2160889, at *2 (N.D. Ill. May 26, 2011) (quoting *Manual for Complex Litigation*, *supra* § 21.11).

**2.     Counsel Are Well Suited to Represent the Proposed Class**

Every factor under Rule 23(g) supports appointment of Interim Co-Lead Counsel.

### a. Counsel Identified and Investigated These Claims

Proposed Interim Co-Lead Counsel have performed substantial work in "identifying or investigating potential claims in the action." Fed. R. Civ. P. 23(g)(1)(A)(i). After DOJ filed its indictment, each of the four firms interviewed potential class members to gather information about the misconduct alleged, the relevant labor market, and the harm to the proposed class. Harvey Decl. ¶ 2; Nussbaum Decl. ¶ 2; Roberts Decl. ¶ 2; Saveri Decl. ¶ 3. In addition, counsel for the four actions have investigated the potential identities of the unnamed co-conspirators. *Id.*

Since filing their complaints, counsel for the four firms have diligently pursued this case. All defendants have been served. Saveri Decl. ¶ 4. On March 4, 2021, several firms participated with Defendants in a conference pursuant to Federal Rule of Civil Procedure 26(f). Harvey Decl. ¶ 3; *see also* Nussbaum Decl. ¶ 3; Roberts Decl. ¶ 3. For discussion at the Rule 26(f) conference, counsel drafted an electronically stored information protocol, a protective order, a proposed pre-trial consolidation order, and requests for production. *Id.* In addition, proposed Interim Co-Lead Counsel have retained experienced economists to consult on the litigation. Harvey Decl. ¶ 2; Nussbaum Decl. ¶ 2; Roberts Decl. ¶ 2; Saveri Decl. ¶ 3.

The proposed Interim Co-Lead Counsel also negotiated with the Department of Justice regarding its motion to intervene and stay the litigation. Saveri Decl. ¶ 5. When negotiation failed, the proposed Interim Co-Lead Counsel worked together to file an opposition to the DOJ's motion. *Roe* Dkt. 36.

As a result of counsel's coordinated efforts, the Actions are progressing efficiently.

### b. Proposed Interim Co-Lead Counsel Are Experienced Class Action and Antitrust Litigators with Sophisticated Knowledge of the Applicable Law

**Lieff Cabraser** was founded in 1972 and has been described by the American Lawyer as "one of the nation's premier plaintiffs' firms." It routinely litigates precedent-setting cases

against the world's largest corporations. It has obtained over $118 billion in verdicts and settlements on behalf of its clients. For example, in 2016, Lieff Cabraser was appointed Lead Counsel in *In re Volkswagen 'Clean Diesel' Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2672 (N.D. Cal.), and secured settlements totaling $14.7 billion—one of the largest in American history and the largest consumer settlement ever.

Dean Harvey is the Chair of Lieff Cabraser's Labor Antitrust Practice Group, the only such practice group in the nation. The group combines the talents of employment and antitrust attorneys to prosecute cases exactly like these: class actions in which employees assert antitrust claims against their actual and potential employers. Lieff Cabraser pioneered "no-poach" class actions, starting with the landmark case *In re High-Tech Employee Antitrust Litigation*, No. 11-2509 (N.D. Cal.). That case resulted in a certified nationwide class of over 64,000 employees across seven companies, and resolved their claims shortly before trial for a total of $435 million—the largest recovery ever by an employee class against private employers. The *Daily Journal* described the case as the "most significant antitrust employment case in recent history," adding that it "has been widely recognized as a legal and public policy breakthrough."

Lieff Cabraser has since been Lead or Co-Lead Class Counsel in nearly all subsequent no-poach class actions, including in the medical industry of particular relevance here. Harvey Decl., Ex. A at 81, 85-86. For instance, in *Seaman v. Duke Univ.*, No. 15-cv-462 (M.D.N.C.), Lieff Cabraser served as Lead Class Counsel for a certified class of over 5,400 academic physicians who worked for Duke or UNC, alleging a "no-poach" agreement between the schools and health systems, resulting in a settlement of $54.5 million.

Lieff Cabraser also has significant antitrust trial experience. For instance, it served as Co-Lead Class Counsel in *In re TFT-LCD (Flat Panel) Antitrust Litigation*, MDL No. 1827 (N.D.

Cal.). After the court certified two nationwide classes, plaintiffs reached settlements with all defendants except Toshiba. The case against Toshiba went to trial, and in July 2012, the jury found that Toshiba participated in a price-fixing conspiracy. Toshiba subsequently settled, bringing total settlements in the case to over $470 million.

**Nussbaum Law Group ("NLG")** is a boutique litigation firm specializing in the prosecution of complex class litigation with the singular focus of providing the highest level of service and best results. *See* Nussbaum Decl., Ex. A. NLG's experienced litigators have played leading roles in recovering billions of dollars for their clients from the world's largest corporations, and have successfully represented individuals, public companies and classes in significant, high-stakes, multi-faceted litigation in courts throughout the country.

Linda Nussbaum is the founder and managing director of the Nussbaum Law Group, P.C. She has served as sole or co-lead counsel in several class actions that have resulted in substantial recoveries, many in the hundreds of millions of dollars. Ms. Nussbaum was selected "Litigator of the Week" by the AmLaw Litigation Daily for her lead counsel role in *Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals v. Pfizer, Inc.* (D. Mass) where, after a six-week trial, a jury returned a RICO verdict for her clients which was trebled to $147 million. She was also co-lead and trial counsel for a class of antitrust plaintiffs in *Meijer, Inc. v. Abbott Laboratories* (N.D. Cal.).

Ms. Nussbaum's successful prosecution of complex litigation has been recognized and commended by judges in matters in which she has served as lead and trial counsel. Following the trial in *In re Neurontin Marketing and Sales Practices Litigation*, No. 04cv10981 (D. Mass.), in which Ms. Nussbaum served as a lead trial counsel, Judge Patti Saris commented that "[this was] a fabulous trial[.] [I]t's the kind of thing that you become a judge to sit on."

From Judge Faith S. Hochberg of the District of New Jersey in the Remeron Antitrust Case in which Ms. Nussbaum served as lead counsel:

> [W]e sitting here don't get to see such fine lawyering, and it's really wonderful for me both to have tough issues and smart lawyers. On behalf of the entire federal judiciary I want to thank you for the kind of lawyering we wish everybody would do.

Ms. Nussbaum and her colleagues were also among counsel for the class in *In re Railway Industry Employees No-Poach Antitrust Litigation,* MDL No. 2850 (W.D. Pa.), representing a class of employees who were victimized by a "no poach" conspiracy involving the major manufacturers of rail equipment. The Firm's experience in the Northern District of Illinois includes: serving among counsel for the class in *In re Broiler Chicken Antitrust Litigation*, 1:16-cv-08637 (N.D. Ill.); and ongoing representation of plaintiffs in *Derek Scott Williams PLLC v. Cincinnati Insurance Co.*, No. 1:20-cv-02806 (N.D. Ill.).

Ms. Nussbaum is presently serving in several leadership positions. *See In re Payment Card Interchange Fee & Merchant Discount Antitrust Litig.* (E.D.N.Y.) (Lead); *In re Sensipar (Cinacalcet Hydrochloride Tablets) Antitrust Litig.* (D. Del.) (Lead); *In re Generic Pharms. Pricing Antitrust Litig.* (E.D. Pa.) (Plaintiff Steering Committee); *In re Bank of Nova Scotia Spoofing Litig.* (D.N.J.) (Lead); *In re Morgan Stanley Data Security Litig.* (S.D.N.Y.) (Lead); *In re Am. Med. Collection Agency, Inc., Customer Data Sec. Breach Litig.* (D.N.J.) (Lead); *In re Wawa Inc. Data Sec. Litig.* (E.D. Pa.) (Lead).

**Roberts Law Firm** is a boutique law firm that focuses on a variety of legal issues, including antitrust litigation, data breach litigation, intellectual property law, business-based litigation, and general corporate law. *See* Roberts Decl., Ex. A. Roberts Law Firm prides itself on its highly credentialed attorneys dedicated to exceeding client expectations as well as its disciplined case management. Roberts Law Firm is a Certified Minority Business Enterprise.

Mr. Roberts has served as Co-Lead Counsel in the following illustrative, settled cases:

*First Impressions Salon, Inc., et al. v. National Milk Producers Federation*, No. 3:13-cv-00454-NJR-SCW (S.D. Ill.) (Co-Lead Counsel for Antitrust Direct Purchaser Plaintiffs resulting in $220 million class settlement); *In re Parking Heaters Antitrust Litigation*, No. 15-mc-940-JG-JO (E.D.N.Y.) (Co-Lead Interim Counsel for Direct Purchaser Plaintiffs); *Fond Du Lac Bumper Exchange v. Jui Li Enterprise Co. Ltd.*, No. 2:11 CV 00162 - LA (E.D. Wisc.) (Co-Lead Counsel for Third Party Payor Plaintiffs); *National Trucking Financial Reclamation Services, LLC vs. Pilot Corp., Pilot Travel Centers d/b/a Pilot Flying J, et al.*, Case No. 4:13-cv-00250-JMM (E.D. Ark.) (Co-Lead Counsel, obtaining $84 million settlement); *In re Microsoft Antitrust Litigation: Pau Peek, D.D.S., et al. v. Microsoft Corp.*, No. CV06-2612 (Ark. Cir. Ct.) (Co-Lead Settlement Class Counsel obtaining $37 million settlement).

Judge Moody in the Eastern District of Arkansas stated the following about counsel, including Mr. Roberts in his role as Co-Lead Class Counsel, in the *National Trucking* litigation:

> I have been impressed with the quality of the counsel here on both sides and also by the team that did the audit, the team that did the notice, and all of the oversight that has been done to ensure that all of the class members are being treated fairly and are compensated in a reasonable and adequate way. So, I do want to commend everyone that's participated in this, all the lawyers and all of the people that have provided support to the settlement because as all of you have pointed out, I think this is an exceptional effort by both sides and has inured to the benefit of everyone in this class.

The **Joseph Saveri Law Firm ("JSLF")** is one of the leading law firms in the United States handling antitrust cases on behalf of plaintiffs.[2] It has led several groundbreaking and precedent-setting cases, including as lead and co-counsel in a variety of cases involving global price-fixing cartels, anticompetitive agreements and other restraints, monopolization, sports and sports leagues, pay-for-delay settlements, labor and no-poach cases. *See, e.g.*, *In re Capacitors*

---

[2] www.saverilawfirm.com

*Antitrust Litig.*, 3:14-cv-03624-JD (N.D. Cal.) (lead counsel in case resulting in $439.55 million settlements); *In re Cipro Cases I & II*, JPP No. 4154, 4220 (Cal. Super. Ct.) (Co-Lead Counsel in case resulting in $399 million settlements); *In re High-Tech Emp. Antitrust Litig.*, No. 5:11-cv-02509-LHK (N.D. Cal.) (Co-Lead Counsel with LCHB resulting in $435 million settlements); *In re Titanium Dioxide Antitrust Litig.*, No. 1:10-cv-00318-RDB (D. Md.) (Co-Lead Counsel in case producing $163.5 settlement); *see also* Saveri Decl., Exhibit A (Firm Resume). It maintains offices in San Francisco, California and New York, New York.

JSLF's diligent, efficient, and successful prosecution of cases has been recognized by courts across the country. In *Capacitors*, Judge Donato remarked, "Class Counsel prosecuted the case with skill and vigor, and achieved strongly positive results. The Court also appreciated the professionalism and spirit of cooperation that Class Counsel brought to the proceedings." No. 14-cv-03264 (N.D. Cal. June 27, 2017), Dkt. 2735 at 3. In *In re Restasis Antitrust Litigation*, Judge Gershon stated that "[t]hrough my extensive observations of [JSLF and other interim co-lead and liaison counsel], I am assured that they are well qualified to litigate this class action…. I have no hesitation that these lawyers will 'fairly and adequately represent the interests of the class.'" Master File No. 1:17-cv-06684 (E.D.N.Y. 2020), ECF No. 501 at 11, 66.

JSLF is recognized as among the preeminent plaintiffs' antitrust law firms in the country. *See* Saveri Decl., Exhibit A. JSLF is led by Joseph R. Saveri, its founder. Mr. Saveri has 35 years of experience in antitrust, class action and other complex litigation, including cases in this District. *See e.g., In re Brand Name Prescription Drug Antitrust Litig.*, No. 94-cv-00897, MDL 997 (N.D. Ill. 1994); *see also* Saveri Decl. ¶ 7. He has led cases involving numerous industries, including: banking and financial services, payment systems, insurance, energy, pharmaceuticals, agricultural products, computer hardware, computer software, travel and transportation, paper

products, cosmetics, consumer electronics and healthcare. Saveri Decl. ¶ 7. Mr. Saveri is

recognized as one of the leading antitrust lawyers in the United States and as one of the top 100

lawyers in California. Saveri Decl. ¶ 8; Saveri Decl., Ex. A. In 2016, Mr. Saveri was recognized

as of the one of the California Lawyers of the Year. Saveri Decl, Ex. A. Mr. Saveri is rated AV

Preeminent by LexisNexis Martindale-Hubbell and was ranked a "Band 1" attorney by

Chambers USA in its "Antitrust: Mostly Plaintiff" category for 2018 and 2019. *Id.* In addition to

Mr. Saveri, the JSLF team includes other key members. *See* Saveri Decl., Ex. B.

### c. Counsel Have Ample Resources

Counsel have substantial resources and are committed to prosecuting this case zealously

and efficiently on behalf of the proposed class. Harvey Decl. ¶ 3. Lieff Cabraser is a 100-plus

attorney law firm, with offices located in San Francisco, New York, Nashville, and Munich, and

routinely leads large and complex class action cases in this and many other jurisdictions. NLG

has played a leading role in recovering billions of dollars for their clients from the world's

largest corporations, and routinely advances substantial sums on behalf of its clients in complex

cases. Roberts Law Firm has extensive experience in its leading roles in many successful

antitrust class cases. Having successfully prosecuted and resolved numerous ground-breaking

and successful cases, JSLF has ample resources and experience to adequately represent the

proposed Class. Saveri Decl. ¶ 9; *see also* Saveri Decl., Ex. A.  Counsel have abundant resources

to prosecute this case and will do so efficiently.

## IV.    CONCLUSION

For the above reasons, the Court should grant Plaintiffs' motion and enter the attached

proposed pre-trial order consolidating the Actions and appointing Interim Co-Lead Counsel.

Dated:  March 24, 2021

Respectfully submitted,

/s/Dean M. Harvey
Dean M. Harvey (*pro hac vice*)
Nimish R. Desai (*pro hac vice*)
Lin Y. Chan (*pro hac vice*)
Yaman Salahi (*pro hac vice*)
Michelle A. Lamy (*pro hac vice*)
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
dharvey@lchb.com
ndesai@lchb.com
lchan@lchb.com
ysalahi@lchb.com
mlamy@lchb.com

Jessica A. Moldovan (*pro hac vice*)
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Telephone: (212) 355-9500
jmoldovan@lchb.com

/s/ Linda P. Nussbaum
Linda P. Nussbaum (*pro hac vice*)
Bart D. Cohen (*pro hac vice*)
**NUSSBAUM LAW GROUP, P.C.**
1211 Avenue of the Americas, 40th Floor
New York, NY 10036
Telephone: (917) 438-9102
csanchez@nussbaumpc.com
lnussbaum@nussbaumpc.com
bcohen@nussbaumpc.com

/s/ Michael L. Roberts
Michael L. Roberts (*pro hac vice*)
Karen Halbert (*pro hac vice*)
**ROBERTS LAW FIRM US, PC**
1920 McKinney Ave., Suite 700
Dallas, TX 75204
Telephone: (501) 821-5575
mikeroberts@robertslawfirm.us
kellyrinehart@robertslawfirm.us
karenhalbert@robertslawfirm.us
williamolson@robertslawfirm.us

/s/ Joseph R. Saveri
Joseph R. Saveri (admitted under L.R. 83.10)
Steven N. Williams (*pro hac vice* forthcoming)
Chris K.L. Young (admitted under L.R. 83.10)
Kyle P. Quackenbush (admitted under L.R. 83.10)
Anupama K. Reddy (admitted under L.R. 83.10)
**JOSEPH SAVERI LAW FIRM, INC.**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
jsaveri@saverilawfirm.com
swilliams@saverilawfirm.com
cyoung@saverilawfirm.com
kquackenbush@saverilawfirm.com
areddy@saverilawfirm.com

*Proposed Interim Co-Lead Counsel for Plaintiffs and the Proposed Class*

Gary M. Klinger
Gary E. Mason
David K. Lietz
**MASON LIETZ & KLINGER LLP**
227 W. Monroe Street, Ste. 2100
Chicago, IL 60606
Telephone: (202) 429-2290
gklinger@masonllp.com
gmason@masonllp.com
dlietz@masonllp.com

*Counsel for Individual and Representative Plaintiff Rhonda Roe and Individual and Representative Plaintiff Scott Smith*

Stephanie A. Scharf (No. 6191616)
Sarah Marmor (No. 6216487)
**SCHARF BANKS MARMOR LLC**
333 West Wacker Drive, Suite 450
Chicago, IL 60606
Telephone: (312) 726-6000
sscharf@scharfbanks.com
smarmor@scharfbanks.com

Roberta D. Liebenberg (*pro hac vice*)
Gerard A. Dever (*pro hac vice*)
Mary L. Russell (*pro hac vice*)
**FINE, KAPLAN AND BLACK, R.P.C.**
One South Broad Street, 23rd Floor
Philadelphia, PA 19107
Telephone: (215) 567-6565
rliebenberg@finekaplan.com
gdever@finekaplan.com
mrussell@finekaplan.com

William E. Hoese
**KOHN, SWIFT & GRAF, P.C.**
1600 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 238-1700
whoese@kohnswift.com

*Counsel for Individual and Representative Plaintiff Scott Smith*

2141230.3

Laurel G. Bellows
**THE BELLOWS LAW GROUP, P.C.**
209 S. LaSalle St., Suite 800
Chicago, IL 60604
Telephone: (312) 332-3340
lbellows@bellowslaw.com

Anthony Paronich
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100
anthony@paronichlaw.com

Samuel J. Strauss
**TURKE & STRAUSS LLP**
613 Williamson St. #201
Madison, WI 53703
Telephone: (608) 237-1775
sam@turkestrauss.com

*Counsel for Individual and Representative Plaintiff Scott Keech*

Jason A. Zweig
Ashley Keller
Travis Lenkner
**KELLER LENKNER LLC**
150 N. Riverside Plaza, Suite 4270
Chicago, IL 60606
Telephone: (312) 216-8667
jaz@kellerlenkner.com
ack@kellerlenkner.com
tdl@kellerlenkner.com

Douglas A. Millen
William H. London
Michael E. Moskovitz
**FREED KANNER LONDON & MILLEN LLC**
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
Telephone: (224) 632-4500
Facsimile: (224) 632-4521
dmillen@fklmlaw.com
blondon@fklmlaw.com
mmoskovitz@fklmlaw.com

-and-

Kimberly A. Justice (*pro hac vice* forthcoming)
923 Fayette Street
Conshohocken, PA 19428
Telephone: (610) 234-6770
Facsimile: (224) 632-4521
kjustice@fklmlaw.com

*Counsel for Individual and Representative Plaintiff Allen Spradling*

## CERTIFICATE OF SERVICE

I, Dean M. Harvey, an attorney, hereby certify that **Plaintiffs' Amended Unopposed Joint Motion to Consolidate Related Cases and Appoint Interim Co-Lead Counsel** was electronically filed on March 24, 2021 and will be served electronically via the Court's ECF Notice system upon the registered parties of record.

*/s/ Dean M. Harvey*
Dean M. Harvey