UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RHONDA ROE (a pseudonym), individually and on behalf of all others similarly situated, | Case No. 1:21-cv-00305-ARW-SRH |
| Plaintiff, | **STIPULATED [PROPOSED] PRETRIAL ORDER NO. 1 CONSOLIDATING CASES AND APPOINTING INTERIM CO-LEAD CLASS COUNSEL AND LIAISON COUNSEL** |
| v. | |
| SURGICAL CARE AFFILIATES, LLC; SCAI HOLDINGS, LLC; UNITEDHEALTH GROUP, INC. and JOHN DOES 1-10, | |
| Defendants. | |

WHEREAS, individual and representative plaintiffs Rhonda Roe, Steven Smith, and Scott Keech have filed complaints ("Complaints") in the above-captioned actions for alleged violations of Section 1 of the Sherman Act, 15 U.S.C. § 1 by Surgical Care Affiliates, LLC ("SCA"), SCAI Holdings, LLC, UnitedHealth Group, Inc., Company A (a John Doe defendant), Company B (a John Doe defendant), and John Does 1–10 (collectively, "Defendants");

WHEREAS, individual and representative plaintiff Allen Spradling (together with plaintiff Roe, plaintiff Smith, and plaintiff Keech, "Plaintiffs") has filed a similar complaint in *Spradling v. Surgical Care Affiliates, LLC*, No. 1:21-cv-01324 (N.D. Ill.), against the same Defendants, as well as Andrew Hayek, United Surgical Partners Holding Company, Inc., United

- 1 -

Surgical Partners International, Inc., Tenet Healthcare Corporation, and John Does 1-10, and has filed a pending motion to re-assign (Dkt. 27);

WHEREAS, service of the complaints has been effected with respect to all named Defendants;

WHEREAS, the *Roe* and *Keech* matters are already pending before this Court; plaintiffs Smith and Spradling filed pending motions to re-assign their cases to this Court pursuant to Local Rule 40.4 (Dkts. 21 and 25, respectively);

WHEREAS, Defendants in *Roe*, *Smith*, and *Keech* agree that the cases should be re-assigned to Judge Wood, who is presiding over the first-filed case, and consolidated;

WHEREAS, Plaintiffs have agreed to file a master consolidated amended complaint with one class definition that will supersede the Complaints currently on file;

WHEREAS, Plaintiffs have agreed on a proposed leadership structure;

WHEREAS, consolidation of the Complaints, appointment of Interim Co-Lead Counsel, and other like actions will avoid duplication and unnecessary costs, and will promote the efficient conduct of proceedings herein;

**NOW, THEREFORE, THE COURT ORDERS**:

## I.     CONSOLIDATION

Each of the above-captioned actions (collectively, the "Consolidated Action") is hereby consolidated for all purposes pursuant to Federal Rule of Civil Procedure 42(a).  The actions share several common questions of law and fact and consolidation will promote judicial economy without unduly prejudicing any party.  This agreement does not have the effect of making any entity a party to an action in which it has not been joined and served in accordance with the Federal Rules of Civil Procedure.

## II.    MASTER DOCKET AND MASTER FILE

A Master Docket and a Master File under the civil action number that has been assigned to the first-filed case, *Rhonda Roe v. Surgical Care Affiliates, LLC, et al.*, Case No. 1:21-cv-00305, are hereby established for the Consolidated Action.  All docket entries regarding the

Consolidated Action shall be docketed under the Master File number 1:21-cv-00305. If a document pertains to only one or some of the consolidated cases, it will be docketed on the Master Docket with the notation in the docket text as to the case number(s) to which it pertains.

## III. APPLICATION OF THIS ORDER TO SUBSEQUENTLY FILED OR TRANSFERRED CASES

When a case which relates to the subject matter of the Consolidated Action is hereafter filed in this Court or transferred here from another court, and only after counsel call to the attention of the Court and the Clerk the filing or transfer of any such case that might be properly consolidated with this Consolidated Action, the Clerk of Court shall make an appropriate entry in the Master Docket. Counsel for Plaintiffs in the Consolidated Action shall promptly mail a copy of this Order to counsel for plaintiff(s) in each subsequently filed or transferred related action and to counsel for any defendant(s) in each such action not already a party to the Consolidated Action. Promptly thereafter, upon notice to counsel for the parties in each such action, counsel for Plaintiffs in the Consolidated Action shall submit to the Court a proposed order re-assigning any such action to this Court and consolidating it with the Consolidated Action. Unless a party in such newly-filed or transferred action objects to re-assignment or consolidation within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, by filing an application for relief which this Court deems it appropriate to grant, each new case that arises out of the subject matter of the Consolidated Action which is filed in this Court or transferred to this Court, shall be re-assigned and/or consolidated with the Consolidated Action and this Order shall apply thereto. Such consolidation does not waive Defendants' right to move to dismiss any newly consolidated complaint.

## IV. CAPTION OF CASES

All papers hereafter filed in the Consolidated Action shall bear the following Caption:

| | |
|---|---|
| IN RE OUTPATIENT MEDICAL CENTER EMPLOYEE ANTITRUST LITIGATION | Master Docket No. 1:21-cv-00305 |
| THIS DOCUMENT RELATES TO: | |

- 3 -

2140361.2

When a pleading or other court paper is intended to apply to all actions to which this Order is applicable, the words "All Actions" shall appear immediately after the words "THIS DOCUMENT RELATES TO" in the caption set out above. When a pleading or other court paper is intended to be applicable only to a subset of the Actions, the separate caption and docket number for each individual action to which the pleading is intended to be applicable shall appear immediately after or below the words "THIS DOCUMENT RELATES TO" in the caption described above. The short form of the case caption ([named plaintiff] v. [first named defendant], *et al.*) for such actions may be used.

## V.    FILING AND DOCKETING

All papers previously filed and served to date in any of the above-referenced actions are hereby deemed part of the record in 1:21-cv-00305. Counsel who have filed a notice of appearance in any of the above actions need not notice an appearance in any other action—a single notice in these consolidated proceedings is sufficient. It is incumbent upon the lawyer to ensure his or her appearance is listed in the consolidated proceedings for ECF purposes. Counsel who have been admitted *pro hac vice* in any of the above-referenced actions (or who are later admitted to a subsequently-filed action that is consolidated with this action) are deemed admitted *pro hac vice* to the master case without need to file an additional application.

When a paper is filed and the caption shows that it is to be applicable to "All Actions," such paper shall be filed in the Master File and the Clerk shall note such filing in the Master Docket. Such papers need not be filed, and docket entries need not be made, in any other case file. When a paper is filed and the caption shows that it is to be applicable to fewer than all of the Consolidated Actions, such paper shall be filed in the Master File, and the clerk shall note such filing in both the Master Docket and the docket of each such action. Thus, the paper should only be filed in the Master File in 1:21-cv-00305.

## VI.    ECF AND SERVICE OF DOCUMENTS

This case is subject to Electronic Case Filing ("ECF"), pursuant to General Order 16-0020, Section III, which requires that all documents in such a case be filed electronically. If at

- 4 -

least one counsel per party has not already done so, at least one counsel per party shall register forthwith as an ECF user and be issued an ECF user ID and password. Forms and instructions can be found on the Court's website at https://www.ilnd.uscourts.gov/CMECF.aspx.

All documents shall be e-filed in the Master File in 1:21-cv-00305. Papers that are filed electronically through the Court's ECF system are deemed served on all parties as of the date of filing. All other service of papers shall be governed by the Rules of Civil Procedure, unless otherwise agreed by the parties. The parties agree that e-mail service is sufficient for papers that are not required to be e-filed.

**VII.    PRESERVATION OF EVIDENCE**

Until the parties agree on a preservation plan or the Court orders otherwise, each party shall take reasonable steps to preserve all documents, data, and tangible things containing information potentially relevant to the subject matter of this litigation, consistent with their obligations under the Federal Rules of Civil Procedure.

**VIII.    CONSOLIDATED AMENDED COMPLAINT AND RESPONSE**

Plaintiffs shall file a Consolidated Amended Complaint within 30 days of this Order. The Consolidated Amended Complaint shall be deemed Plaintiffs' initial filing for purposes of Federal Rule of Civil Procedure 15(a). The Consolidated Amended Complaint shall relate back to the date of the first-filed action, *Rhonda Roe v. Surgical Care Affiliates, LLC, et al.*, Case No. 1:21-cv-00305, for all purposes. Defendants shall have no obligation to answer, move, or otherwise plead in response to the previously-filed Complaints.

Defendants shall answer, move, or otherwise plead in response to the Consolidated Amended Complaint within 45 days of the filing of the Consolidated Amended Complaint. The parties agree to meet and confer within 14 days of Plaintiffs' filing of the Consolidated Amended Complaint regarding a briefing schedule and page limits for a consolidated and/or separate motion(s) to dismiss within 14 days after Plaintiffs have filed a Consolidated Amended Complaint.

These deadlines do not alter any deadlines or conference dates previously set by the

- 5 -

Court.

## IX. ORGANIZATION OF PLAINTIFFS' COUNSEL

Pursuant to Federal Rule of Civil Procedure 23(g)(3), the Court designates Dean M. Harvey of Lieff, Cabraser, Heimann & Bernstein, LLP, Linda Nussbaum of Nussbaum Law Group, P.C., Mike Roberts of Roberts Law Firm, P.C., and Joseph Saveri of the Joseph Saveri Law Firm, as Interim Co-Lead Counsel on behalf of all Plaintiffs and the Proposed Class in the Consolidated Action. The Court finds that the criteria for appointment of Interim Co-Lead Counsel under Rule 23(g) are satisfied. Counsel will fairly and adequately represent the interests of the proposed Class; performed significant work to identify and investigate potential claims; have significant experience handling class action litigation, including complex antitrust cases; have knowledge of the applicable law, including based on prior success representing workers challenging no-poach agreements; and have committed sufficient resources to represent the proposed Class.

Co-Lead Counsel shall have authority over the following matters on behalf of all Plaintiffs and the Proposed Class in the Consolidated Action:

      a.    convening meetings of Plaintiffs' counsel;

      b.    the initiation, response, scheduling, briefing, and argument of all motions;

      c.    the scope, order, and conduct of all discovery proceedings;

      d.    making such work assignments as among themselves and other Plaintiffs' counsel as they may deem appropriate;

      e.    collecting time and expense reports from all Plaintiffs' counsel on a periodic basis;

      f.    the retention of experts;

      g.    the designation of which Plaintiffs' attorneys shall appear at hearings and conferences with the Court;

      h.    settlement negotiations and agreements with Defendants;

      i.    allocate among counsel any award of attorney's fees and expenses; and,

        j.       all other matters concerning the prosecution of the Consolidated Action.

No motion shall be filed on behalf of all Plaintiffs in the Consolidated Action except through Lead Counsel or his designee(s).

Defendants' counsel may rely on all agreements made with Co-Lead Counsel, and such agreements shall be binding on all other Plaintiffs.

**IT IS HEREBY STIPULATED.**

- 7 -

Dated: March 24, 2021

*/s/ Dean M. Harvey*
Dean M. Harvey (*pro hac vice*)
Nimish R. Desai (*pro hac vice*)
Lin Y. Chan (*pro hac vice*)
Yaman Salahi (*pro hac vice*)
Michelle A. Lamy (*pro hac vice*)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
dharvey@lchb.com
ndesai@lchb.com
lchan@lchb.com
ysalahi@lchb.com
mlamy@lchb.com

Jessica A. Moldovan (*pro hac vice*)
LIEFF CABRASER HEIMANN &BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Telephone: (212) 355-9500
Facsimile: (212) 355-9592
jmoldovan@lchb.com

Laurel G. Bellows
THE BELLOWS LAW GROUP, P.C.
209 S. LaSalle St., Suite 800
Chicago, IL 60604
Telephone: (312) 332-3340
lbellows@bellowslaw.com

Anthony Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100
anthony@paronichlaw.com

Samuel J. Strauss
TURKE & STRAUSS LLP
613 Williamson St. #201
Madison, WI 53703
Telephone: (608) 237-1775
sam@turkestrauss.com

*Counsel for Individual and Representative Plaintiff Scott Keech*

/s/ *Linda P. Nussbaum*
Linda P. Nussbaum (*pro hac vice*)
Bart D. Cohen (*pro hac vice*)
NUSSBAUM LAW GROUP, P.C.
1211 Avenue of the Americas, 40th Floor
New York, NY 10036
(917) 438-9102
csanchez@nussbaumpc.com
lnussbaum@nussbaumpc.com
bcohen@nussbaumpc.com

Michael L. Roberts
Kelly Rinehart
Karen Halbert
Will Olson
ROBERTS LAW FIRM US, PC
1920 McKinney Ave., Suite 700
Dallas, TX 75204
(501) 821-5575
mikeroberts@robertslawfirm.us
kellyrinehart@robertslawfirm.us
karenhalbert@robertslawfirm.us
williamolson@robertslawfirm.us

Gary M. Klinger
Gary E. Mason
David K. Lietz
MASON LIETZ & KLINGER LLP
227 W. Monroe Street, Ste. 2100
Chicago, IL 60606
(202) 429-2290
gklinger@masonllp.com
gmason@masonllp.com
dlietz@masonllp.com

*Counsel for Individual and Representative Plaintiff Rhonda Roe*

/s/ *Linda P. Nussbaum*
Linda P. Nussbaum (*pro hac vice*)
Bart D. Cohen (*pro hac vice*)
NUSSBAUM LAW GROUP, P.C.
1211 Avenue of the Americas, 40th Floor
New York, NY 10036
(917) 438-9102
lnussbaum@nussbaumpc.com
bcohen@nussbaumpc.com

- 9 -

Michael L. Roberts
Kelly Rinehart
Karen Halbert
William R. Olson
ROBERTS LAW FIRM US, PC
1920 McKinney Ave., Suite 700
Dallas, TX 75204
(501) 821-5575
mikeroberts@robertslawfirm.us
kellyrinehart@robertslawfirm.us
karenhalbert@robertslawfirm.us
williamolson@robertslawfirm.us
312-726-6000
sscharf@scharfbanks.com
smarmor@scharfbanks.com

Roberta D. Liebenberg (*pro hac vice*)
Gerard A. Dever (*pro hac vice*)
Mary L. Russell (*pro hac vice*)
FINE, KAPLAN AND BLACK, R.P.C.
One South Broad Street, 23rd Floor
Philadelphia, PA 19107
(215) 567-6565
rliebenberg@finekaplan.com
gdever@finekaplan.com
mrussell@finekaplan.com

Stephanie A. Scharf (N.D. Ill. No. 6191616)
Sarah Marmor (N.D. Ill. No. 6216487)
Scharf Banks Marmor LLC
333 West Wacker Drive, Suite 450
Chicago, IL 60606

Gary M. Klinger
MASON LIETZ & KLINGER LLP
227 W. Monroe Street, Ste. 2100
Chicago, IL 60606
(202) 429-2290
gklinger@masonllp.com

- 10 -

2140361.2

William E. Hoese
KOHN, SWIFT & GRAF, P.C.
1600 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 238-1700
whoese@kohnswift.com

*Counsel for Individual and Representative Plaintiff Scott Smith*

*/s/ Joseph R. Saveri*
Douglas A. Millen
William H. London
Michael E. Moskovitz
**FREED KANNER LONDON & MILLEN LLC**
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
Tel: (224) 632-4500
Fax: (224) 632-4521
dmillen@fklmlaw.com
blondon@fklmlaw.com
mmoskovitz@fklmlaw.com

Joseph R. Saveri (admitted under L.R. 83.10)
Steven N. Williams (*pro hac vice* forthcoming)
Chris K.L. Young (*pro hac vice* forthcoming)
Kyle P. Quackenbush (*pro hac vice* forthcoming)
Anupama K. Reddy (*pro hac vice* forthcoming)
**JOSEPH SAVERI LAW FIRM, INC.**
601 California Street, Suite 1000 San Francisco, California
94108 Tel:  (415) 500-6800
Fax:   (415) 395-9940
jsaveri@saverilawfirm.com swilliams@saverilawfirm.com
cyoung@saverilawfirm.com
kquackenbush@saverilawfirm.com
areddy@saverilawfirm.com

Ashley Keller
Travis Lenkner
Jason A. Zweig
**KELLER LENKNER LLC**
150 N. Riverside Plaza, Suite 4270
Chicago, IL 60606
Tel: 312.741.5220
ack@kellerlenkner.com
tdl@kellerlenkner.com
jaz@kellerlenkner.com

- 11 -

2140361.2

Kimberly A. Justice (*pro hac vice* forthcoming)
**FREED KANNER LONDON & MILLEN LLC**
923 Fayette Street
Conshohocken, PA 19428
Tel: (610) 234-6770
Fax: (224) 632-4521
kjustice@fklmlaw.com

*Counsel for Individual and Representative Plaintiff Allen Spradling*


*/s/ Daniel E. Laytin*
Daniel E. Laytin, P.C.
James H. Mutchnik, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000
dlaytin@kirkland.com
jmutchnik@kirkland.com

Catie Ventura
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 389-5000
catie.ventura@kirkland.com

*Attorneys for Defendants UnitedHealth Group, Inc. Surgical Care Affiliates, LLC and SCAI Holdings, LLC*


**IT IS SO ORDERED.**


Dated: _____        _____
                                      HON. ANDREA R. WOOD
                                      UNITED STATES DISTRICT JUDGE