```
 1                    UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF ILLINOIS
 2                        EASTERN DIVISION

 3   RHONDA ROE (a pseudonym),      )
     individually and on behalf     )
 4   of all others similarly        )
     situated,                      )
 5                                  )
                  Plaintiff,        )
 6                                  )
                  vs.               )  No. 1:21-cv-00305
 7                                  )
     SURGICAL CARE AFFILIATES,      )
 8   LLC; SCAI HOLDINGS, LLC;       )
     UNITED HEALTHGROUP, INC.;      )
 9   and JOHN DOES 1-10,            )
                                    )
10                Defendants.       )
     _____)
11   SCOTT KEECH,                   )
                                    )
12                Plaintiff,        )
                                    )
13                vs.               )  1:21-cv-0741
                                    )
14   SURGICAL CARE AFFILIATES,      )  Chicago, Illinois
     LLC; SCAI HOLDINGS, LLC;       )  May 17, 2021
15   COMPANY A (A JOHN DOE          )  10:02 a.m.
     DEFENDANT); and COMPANY B      )
16   (A JOHN DOE DEFENDANT),        )
                                    )
17                Defendants.       )

18
           TRANSCRIPT OF PROCEEDINGS - TELEPHONIC STATUS HEARING
19
                 BEFORE THE HONORABLE ANDREA R. WOOD
20

21   APPEARANCES:

22   For Plaintiff
     Rhonda Roe:               NUSSBAUM LAW GROUP, P.C.
23                             BY:  MS. LINDA P. NUSSBAUM
                               (Appeared via telephone)
24                             1211 Avenue of the Americas, 40th Floor
                               New York, New York 10036-8718
25                             (917) 438-9189
                               lnussbaum@nussbaumpc.com
```

```
 1   APPEARANCES (Continued):

 2   For Plaintiff
     Rhonda Roe:              ROBERTS LAW FIRM, P.A.
 3                            BY:  MR. MICHAEL L. ROBERTS
                              (Appeared via telephone)
 4                            Post Office Box 241790
                              Little Rock, Arkansas 72223-1790
 5                            (501) 821-5575
                              mikeroberts@robertslawfirm.us
 6
     For Plaintiff
 7   Scott Keech:            LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
                             BY:  MR. DEAN M. HARVEY
 8                           (Appeared via telephone)
                             275 Battery Street, 29th Floor
 9                           San Francisco, California 94111
                             (415) 956-1000
10                           dharvey@lchb.com

11   For Plaintiff
     Allen Spradling:        JOSEPH SAVERI LAW FIRM, INC.
12                           BY:  MR. STEVEN N. WILLIAMS
                             (Appeared via telephone)
13                           601 California Street, Suite 1000
                             San Francisco, California 94108
14                           (415) 500-6800
                             swilliams@saverilawfirm.com
15
     For Plaintiff
16   Steven Smith:           SCHARF BANKS MARMOR LLC
                             BY:  MS. STEPHANIE A. SCHARF
17                           (Appeared via telephone)
                             333 West Wacker Drive, Suite 450
18                           Chicago, Illinois 60606
                             (312) 726-6000
19                           sscharf@scharfbanks.com

20   For Defendants
     Surgical Care Affiliates,
21   LLC; SCAI Holdings, LLC;
     and United Healthgroup,
22   Inc.:                   KIRKLAND & ELLIS, LLP
                             BY:  MR. DANIEL E. LAYTIN
23                           (Appeared via telephone)
                             300 North LaSalle Street
24                           Chicago, Illinois 60654
                             (312) 862-3431
25                           daniel.laytin@kirkland.com
```

1    APPEARANCES (continued):

2    For the Intervenor,
     United States of
3    America:                    UNITED STATES DEPARTMENT OF JUSTICE
                                  BY:  MR. ANTHONY WILLIAM MARIANO
4                                 (Appeared via telephone)
                                  450 5th Street NW, #4608
5                                 Washington, DC 20530
                                  (202) 598-2737
6                                 anthony.mariano@usdoj.gov

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22
     Court Reporter:             Brenda S. Tannehill, CSR, RPR, CRR
23                               Official Court Reporter
                                 219 South Dearborn Street, Suite 1928
24                               Chicago, Illinois 60604
                                 (312) 554-8931
25                               *brenda_tannehill@ilnd.uscourts.gov*

4

1          (Proceedings held remotely, via telephone:)

2          THE COURT:  Good morning.  This is Judge Wood.  I

3   think we're ready to get started, so I will have my courtroom

4   deputy call the case, and then we will go around and get

5   appearances.  We'll call both of the cases, and we'll start

6   with plaintiffs' counsel when we get appearances.

7          David.

8          THE CLERK:  21 CV 305, Roe versus Surgical Care

9   Affiliates, LLC; and 21 CV 741, Keech versus Surgical Care

10  Affiliates, LLC, et al., for status.

11         THE COURT:  Let's start with the 21-305 plaintiffs'

12  counsel.

13         MS. SCHARF:  Thank you.  Good morning, your Honor.

14  This is Stephanie Scharf on behalf of plaintiff Roe.

15         MS. NUSSBAUM:  Good morning, your Honor.  This is

16  Linda Nussbaum on behalf of plaintiff Roe.

17         MR. ROBERTS:  Good morning, your Honor.  This is

18  Michael Roberts on behalf of plaintiff Roe.

19         THE COURT:  Okay.  Is that all the plaintiffs'

20  counsel we have in the 305 case?

21         Let's go ahead now and actually get appearances for

22  plaintiffs' counsel in the 741 case.

23         MR. HARVEY:  Good morning, your Honor.  This is

24  Dean Harvey of Lieff, Cabraser, Heimann & Bernstein for

25  plaintiff Keech.

1          THE COURT:  Okay.  Is there anybody else on behalf of

2     plaintiff Keech on the line?

3          MR. WILLIAMS:  Good morning, your Honor.  My name is

4     Steve Williams.  I do not represent plaintiff Keech; I

5     represent the Spradling plaintiffs in the case that is subject

6     to the motion to be related to the other two cases that is

7     Case Number 1324.

8          THE COURT:  Yes, you anticipated my next question

9     which was going to be to see if you were on the line.  Thank

10    you.

11         Do we have any other counsel on the line representing

12    plaintiffs in any of the related cases?

13         MS. SCHARF:  Yes, your Honor.  This is

14    Stephanie Scharf.  I also represent plaintiff Smith.

15         THE COURT:  Anyone else who needs to make an

16    appearance on behalf of the plaintiffs' side in any of the

17    cases?

18         Okay.  Then let's move to defense counsel.

19         MR. LAYTIN:  Good morning, Judge.  Dan Laytin of

20    Kirkland & Ellis for the SCA defendants.

21         THE COURT:  Do we have any other defense counsel on

22    the line?  It sounds like Mr. Laytin is by himself this

23    morning.  Any other parties who need to make a formal

24    appearance as part of the record this morning?

25         MR. MARIANO:  Good morning, your Honor.  This is

1    Anthony Mariano for the United States.

2              THE COURT:  Thank you, Mr. Mariano.

3              Anyone else?  It appears that is everyone.

4              This is one of the circumstance where sometimes it's

5    easier to have in-person status hearings where we can see

6    everybody who is lined up and know that everybody has made an

7    appearance.

8              Okay.  So I wanted to sort of dispose of as many of

9    the pending motions to set the case on the right procedural

10   track as possible this morning.  Before I go through and do

11   that, I'd actually like to get an update on the status of the

12   criminal case that's pending in Texas.

13             I think the last time I glanced at the docket there,

14   it appeared that the anticipated motion to dismiss the

15   indictment is now fully briefed, and it would appear that

16   things are still on track for a November trial date.  But

17   perhaps whichever counsel is most familiar with that matter

18   can give me an update on the progress there.

19             MR. LAYTIN:  Happy to start.  Your Honor, it's

20   Dan Laytin.

21             That's right.  I think on Friday, we filed the reply

22   brief for the motion to dismiss, and that is now fully

23   briefed.  And I don't think there's been any other change to

24   the overall court schedule in the criminal matter.

25             THE COURT:  Is there a date for a scheduled oral

1    argument or a ruling date that you're aware of with respect to

2    the motion to dismiss?

3            MR. LAYTIN:  I'm not, Your Honor.

4            THE COURT:  Does any other party desire to weigh in

5    on that topic?

6            MR. MARIANO:  Yes, Your Honor.  This is

7    Anthony Mariano.

8            Counsel is correct.  I'll just add I don't want to

9    foreclose the possibility that the United States might seek to

10   file a sur-reply on the motion to dismiss.  The reply by the

11   defendants was just filed on Friday, but beyond that, it has

12   been briefed as reflected.

13           THE COURT:  With respect to the matter that is

14   pending here, following up on the conversation that I had with

15   all the parties at the last hearing, I've gone back through

16   and looked at all the filings.  I think it's appropriate to:

17   One, grant the motion to reassign that is outstanding -- or I

18   guess there are two, technically, one for the Smith case and

19   one for the Spradling case -- and to also grant the request to

20   consolidate the cases, to appoint the interim co-lead and

21   liaison counsel, and then to also go ahead and set a timeline

22   for the filing of a consolidated amended complaint.

23           So I believe the parties, shortly before the last

24   hearing we had, had submitted an updated motion for

25   consolidation setting out some procedures and reflecting the

1 current state of the case.  I don't know that anything has

2 changed that would require that order to be updated.

3        Based on my review of it and review of the docket, it

4 wouldn't appear that there would be a need for any further

5 updated order, so my intent would be to grant the motions and

6 enter substantially the order that was proposed by the parties

7 at the end of March and then proceed with the setting of a

8 date for the filing of a consolidated amended complaint.

9        I know the government's position has been that this

10 case or the related cases here should be stayed pending the

11 resolution of the criminal case.  I take it that that is still

12 the government's position, Mr. Mariano?

13        MR. MARIANO:  Yes, your Honor.

14        THE COURT:  I take it that is still a position that

15 the defendants support and that the plaintiffs oppose,

16 Mr. Laytin?

17        MR. LAYTIN:  Yes, for defendants.

18        THE COURT:  And for plaintiffs' counsel?

19        MR. WILLIAMS:  Yes.  Thank you, Your Honor.  Steve

20 Williams for the plaintiffs.

21        We still maintain that there are several areas that

22 we could proceed on consistent with Rule 1 that would pose no

23 actual or potential interference with any of the criminal

24 proceedings.

25        THE COURT:  So at this point, here's what I'm going

 1   to propose will go forward.  As I indicated, the filing of the
 2   consolidated amended complaint, there seems to be no reason
 3   why plaintiffs should not proceed with that.
 4          It also seems to me that it would be appropriate to
 5   proceed with a briefing schedule on what I understand to be
 6   the anticipated motion to dismiss.  If there is just an answer
 7   filed, I suppose that might take things in a different
 8   direction, but in considering what would be most efficient
 9   here and given the fact that the motion to dismiss the
10   indictment which may involve some overlapping issues but I
11   don't think would be squarely on all fours in any case is ripe
12   for ruling, notwithstanding the fact that the government may
13   seek to file a sur-reply.
14          I don't perceive any real conflict there.  It
15   certainly doesn't pose any conflict with respect to potential
16   discovery or allowing one side or the other, particularly in
17   connection with the criminal case, to gain an advantage that's
18   not contemplated.
19          So I'm going to, consistent with the stipulated order
20   that was entered, set a briefing schedule that will allow the
21   filing of the consolidated amended complaint to be followed
22   with an answer or other response 45 days later.
23          If there's a motion to dismiss, the briefing schedule
24   will follow as previously agreed with the plaintiffs'
25   opposition due 45 days thereafter and the defendant's reply

1     due 30 days thereafter.

2         Other than discovery steps designed to preserve

3     evidence and kind of generally make sure that there's no

4     prejudice associated with the delay, discovery would otherwise

5     be stayed here in light of the pending case in Texas.  So what

6     that would mean, I think, is certainly there's no reason why

7     the parties couldn't negotiate and seek the entry of a

8     confidentiality order here.

9         If there are specific document production -- or I'm

10     sorry -- document preservation or evidence preservation

11     issues, perhaps things that are not just within the scope of

12     the criminal case that parties are concerned will not be

13     preserved, what I would contemplate is the parties being able

14     to issue third-party subpoenas for the limited purpose of

15     preserving that evidence with respect to third parties or

16     serving early Rule 34 requests for the purpose of preserving

17     or putting the other side on notice of what would need to be

18     preserved.

19         Otherwise, it seems to me, with the trial on track

20     for the fall and with what I would expect to be fairly

21     involved briefing on any motion to dismiss that was filed

22     here, it seems appropriate to put any further discovery on

23     hold, anticipating that the trial will go forward as scheduled

24     and be completed before the end of the year.

25         I know, seeing how things have been progressing in

1    our district with respect to resuming jury trials, that things

2    seem to be moving forward and not backwards.  My expectation

3    is that COVID should not be an impediment to that case heading

4    forward towards trial as scheduled.

5         So that's kind of my proposal for the orders that I

6    was intending to enter after today.  I know some portions of

7    that parties may disagree with, but let me give you a chance

8    to bring to my attention any new development or issue that you

9    think I've overlooked that might sway me to alter that plan,

10   starting with the plaintiffs' side of things.

11        MR. WILLIAMS:  Thank you, your Honor.  This is

12   Steve Williams for the plaintiffs.  We appreciate the thought

13   and consideration you've given to this.

14        I would suggest we would agree to everything you said

15   as being the correct course, and perhaps the only suggestion I

16   would make would be that negotiation of an ESI protocol or

17   document might make sense now and a Rule 26 conference as

18   well, subject to the appropriate limitations you discussed,

19   meaning to make sure preservation issues are appropriate.

20        It seems that that might be a productive way to go

21   forward, too, but I do think that what you've suggested while

22   we go through motion-to-dismiss practice seems like a good

23   approach to balance the parties' and the government's

24   concerns.

25        THE COURT:  What does the defense think about the

1    idea of negotiating an ESI protocol?  Is there already

2    something in place with respect to preserving ESI?

3             MR. LAYTIN:  Dan Laytin.

4             So, first, we don't have an objection to negotiating

5    an ESI protocol.  That's a friendly amendment by Mr. Williams.

6             And with respect to the Rule 26 conference, I think

7    that we've had a Rule 26 conference with the first two cases,

8    and we can absolutely fold one in with Mr. Williams' case, the

9    Spradling case, so I think that is all fine with SCA.

10            With respect to the document preservation issues,

11   having preservation subpoenas and Rule 34 requests for

12   production that go out to determine whether there's any space

13   in the Venn diagram that needs to be discussed from a

14   preservation perspective is fine with us, too.

15            THE COURT:  Mr. Mariano, I know the government had

16   originally requested that proceedings here be stayed in their

17   entirety.  Is there any ongoing concern that even briefing of

18   a motion to dismiss would interfere in some way with the

19   criminal case?

20            MR. MARIANO:  We've articulated in our briefing why

21   we were seeking a stay on that as well, but I think those

22   issues have been fully presented to the Court, and we

23   understand the Court's ruling on that.  There's nothing

24   additional.

25            THE COURT:  Okay.  And certainly if something should

1    change either with the timetable in Texas or any other

2    material change in the status quo, including a ruling on the

3    motion to dismiss the indictment, my hope is that the parties

4    would bring that to my attention.  And you could certainly

5    seek relief if you think that it requires an alteration of the

6    plan in the civil proceedings.

7         Let's see here.  Mr. Williams, how much time

8    following the entry of the order consolidating the action will

9    the plaintiffs need in order to prepare the consolidated

10    amended complaint?

11         MR. WILLIAMS:  Your Honor, I may ask at this point

12    one of my co-counsel to discuss, but I do know that we have

13    been working, and we will be prepared to move soon.  I think

14    someone else is closer to that, though.  Thank you.

15         MR. HARVEY:  This is Dean Harvey of Lieff, Cabraser,

16    Heimann & Bernstein on behalf of plaintiff Keech.

17         Yes, in the stipulated proposed order that Your Honor

18    referenced, it provided us with 30 days from the entry of that

19    order to file our consolidated amended complaint, and we could

20    absolutely meet that deadline.

21         THE COURT:  Okay.  So we'll stick with a 30-day

22    timeline from the entry of that order.  As I said, the

23    briefing schedule on any motion to dismiss would follow the

24    stipulation as well.

25         Mr. Laytin, do you still expect that there will be a

1    motion to dismiss?

2            MR. LAYTIN:  I do, Your Honor.

3            THE COURT:  Good.  Then I think we have a plan going

4    forward.

5            I'm going to ask the parties also, as part of this

6    order, to provide notice to the Court within three business

7    days of any ruling on the motion to dismiss the indictment in

8    the criminal case which could have an impact both with respect

9    to the schedule and the procedure of the civil proceedings as

10   well as, I imagine, the parties wanting to incorporate

11   whatever that ruling is into the briefing.  So I'd like to

12   make sure that I get notice of when that occurs.  And that can

13   simply be a notice document with a ruling attached.

14           MR. LAYTIN:  That's fine, Your Honor.  I expect that

15   one or the other side will be eager to tell you.

16           THE COURT:  I imagine that that will be the case.

17           Okay.  Looking ahead at the schedule, I'm going to

18   ask my deputy for assistance with the calendar here.  So

19   David, if we have a 30-day complaint date followed by 45, 45,

20   and 30, where does that put us at the conclusion of the

21   briefing of a motion to dismiss?

22           THE CLERK:  One moment, Judge.  Judge, that would put

23   us at September 14th.

24           THE COURT:  Okay.  And that's assuming that the order

25   gets entered today.  It will probably be another 24 hours, so

1    we're looking at towards the end of September.  I don't want

2    to go that long without having some sort of status date from

3    the parties, so I think what I'm going to do is to set just a

4    60-day date from today for a status report, a written status

5    report.  So that will be July 19th.

6         And the status report will fall, most likely, in the

7    midst of briefing, but here's what I would like it to include.

8    It should include:  One, a status of the briefing of any

9    motion to dismiss just as a reminder of where those things

10   stand.

11        I would like by that date for the parties to have

12   submitted what hopefully will be agreed confidentiality and

13   ESI protocol orders.  So my preference with respect to those

14   documents is that to the extent possible, there be an agreed

15   order for entry of the ESI protocol and a confidentiality

16   order even if the parties disagree on a couple of provisions.

17        If you're in agreement that there should be an order,

18   then you can still call it an agreed motion and simply

19   indicate in the motion what your areas of disagreement are.

20   And that way, we can either set a hearing to work them out, or

21   if it's just a clear choice between two different approaches,

22   I can make that ruling.

23        So that would be a 60-day time period for the parties

24   to meet and confer regarding an ESI protocol and a

25   confidentiality order.  Does that seem like a reasonable

1    amount of time with the other things that the parties will

2    have on their plates?

3            MR. WILLIAMS:  Your Honor, Steve Williams for the

4    plaintiffs.

5            I think given that counsel on both sides have done

6    these often, it should be pretty straightforward.  I think we

7    can meet that date.

8            MR. LAYTIN:  And yes, we can, for defendants.

9            THE COURT:  Good.  So the due date for those proposed

10   orders will also be July 19th.  So you can just indicate in

11   your status report that they've been filed.  Obviously, you

12   can submit it earlier if you're prepared earlier.  If for some

13   reason the time frame slips, you can indicate in the status

14   report the reason for that.

15           If any party desires to have some specific discovery

16   carved out of the stay to go forward for any reason, you may

17   indicate that in the status report as well.  Otherwise, the

18   only other thing I would ask for at this point would likely be

19   any disputes or issues that the parties are aware of that you

20   expect would require a status hearing prior to the resolution

21   of the motion to dismiss.

22           So those are the items that would go into the status

23   report on the 19th.  Once I see where things are and we're a

24   little further into the briefing, I will set a telephonic

25   status hearing date probably for a little bit later in the

1    fall, perhaps shortly after the motion to dismiss is fully

2    ruled upon, just to make sure that there's no issue on which

3    I'd like to have any argument at this point.  I wouldn't

4    expect to.

5          I'm pretty confident that the briefing will be

6    fulsome and robust, but just in case there are any specific

7    issues that I have for the parties, I may set a status hearing

8    for shortly after the briefing to make sure that that's

9    addressed.  I'll try to do that, if I do, in advance of --

10   well in advance of the trial so that doesn't interfere with

11   anybody's trial preparations down in Texas.

12         What other issues would the parties like to raise

13   today?  I'll start with the plaintiffs' side.

14         MR. ROBERTS:  This is Michael Roberts.

15         I apologize.  I may not have heard clearly what your

16   expectations are.

17         If the parties have disagreement and can't come to

18   full agreement on the ESI and confidentiality orders, do you

19   want those two different views expressed in the status report,

20   or do you want them in the proposed orders?

21         THE COURT:  So I would like them in a separate moving

22   document.  So for the proposed orders, I would hope to have a

23   single moving document and agreed motion for entry of an ESI

24   protocol and confidentiality order.

25         I'd like one document that sets forth the competing

1   positions.  If it's a particular paragraph of your proposed

2   order that you can't agree on, if there's something

3   conceptually, I'd like the parties to make your best effort to

4   set out your competing positions in a single document,

5   preferably within our 15-page limit.

6           You should also submit Word versions of any competing

7   proposed orders to the proposed order email box.

8           So the idea is in putting together your single

9   document that sets forth your areas of disagreement, it

10  assures me that you've actually discussed them with each other

11  in attempt to narrow those areas of disagreement, and it

12  avoids prolonged briefing back and forth.

13          So that once you've made your submission, hopefully,

14  I'll have the information I need, or if I don't, as I said, we

15  can set a motion hearing and talk through the issues.

16          Does that answer your question, Mr. Roberts?

17          MR. ROBERTS:  Yes, your Honor.  Thank you very much.

18          THE COURT:  Any other issues from the plaintiffs'

19  side?

20          MS. SCHARF:  No, your Honor, nothing else from the

21  plaintiffs.

22          THE COURT:  Okay.  And from the defense, any other

23  issues you'd like to raise?

24          MR. LAYTIN:  No, your Honor.  For SCA, zero.

25          THE COURT:  Good.  So then I'll look forward to

1   getting a status report on July 19th as well as a consolidated

2   amended complaint that will be due 30 days after entry of the

3   consolidation order.  Thank you for your time this morning,

4   Counsel.

5      (Proceedings adjourned at 10:28 a.m.)

6             C E R T I F I C A T E

7

8

9      I, Brenda S. Tannehill, certify that the foregoing is

10   a complete, true, and accurate transcript from the record of

11   proceedings on May 17, 2021, before the HON. ANDREA R. WOOD in

12   the above-entitled matter.

13

14

15   */s/Brenda S. Tannehill, CSR, RPR, CRR*     May 24, 2021

16     Official Court Reporter         Date
      United States District Court

17     Northern District of Illinois
      Eastern Division

18

19

20

21

22

23

24

25