IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RHONDA ROE (a pseudonym), individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SURGICAL CARE AFFILIATES, LLC, SCAI HOLDINGS, LLC, UNITEDHEALTH GROUP, INC. and JOHN DOES 1-10,<br><br>Defendants. | Case No. 1:21-cv-00305<br><br>Judge Andrea R. Wood<br><br>**PRETRIAL ORDER NO. 1 CONSOLIDATING CASES AND APPOINTING INTERIM CO-LEAD CLASS COUNSEL** |

WHEREAS, individual and representative plaintiffs Rhonda Roe, Steven Smith, and Scott Keech each have filed complaints ("Complaints") in the above-captioned action, *Smith v. Surgical Care Affiliates, LLC*, No. 1:21-cv-00620 (N.D. Ill.), and *Keech v. Surgical Care Affiliates*, LLC, No. 21-cv-00741 (N.D. Ill.), for alleged violations of Section 1 of the Sherman Act, 15 U.S.C. § 1 by Surgical Care Affiliates, LLC ("SCA"), SCAI Holdings, LLC, UnitedHealth Group, Inc., Company A (a John Doe defendant), Company B (a John Doe defendant), and John Does 1–10 (collectively, "Defendants");

WHEREAS, individual and representative plaintiff Allen Spradling (together with plaintiff Roe, plaintiff Smith, and plaintiff Keech, "Plaintiffs") has filed a similar complaint in *Spradling v. Surgical Care Affiliates, LLC*, No. 1:21-cv-01324 (N.D. Ill.), against the same Defendants, as well as Andrew Hayek, United Surgical Partners Holding Company, Inc., United Surgical Partners International, Inc., Tenet Healthcare Corporation, and John Does 1-10;

WHEREAS, service of the complaints has been effected with respect to all named Defendants;

1

WHEREAS, the *Roe* and *Keech* matters were originally assigned to this Court, and the *Smith* and *Spradling* matters have been reassigned to this Court pursuant to Local Rule 40.4;

WHEREAS, Plaintiffs have agreed to file a master consolidated amended complaint with one class definition that will supersede the Complaints currently on file;

WHEREAS, Plaintiffs have agreed on a proposed leadership structure;

WHEREAS, consolidation of the Complaints, appointment of Interim Co-Lead Counsel, and other like actions will avoid duplication and unnecessary costs, and will promote the efficient conduct of proceedings herein;

**NOW, THEREFORE, THE COURT ORDERS**:

**I.** **CONSOLIDATION**

Each of the above-referenced actions (collectively, the "Consolidated Action") is hereby consolidated for all purposes pursuant to Federal Rule of Civil Procedure 42(a). The actions share several common questions of law and fact and consolidation will promote judicial economy without unduly prejudicing any party. This agreement does not have the effect of making any entity a party to an action in which it has not been joined and served in accordance with the Federal Rules of Civil Procedure.

**II.** **MASTER DOCKET AND MASTER FILE**

A Master Docket and a Master File under the civil action number that has been assigned to the first-filed case, *Rhonda Roe v. Surgical Care Affiliates, LLC, et al.*, Case No. 1:21-cv-00305, are hereby established for the Consolidated Action. All docket entries regarding the Consolidated Action shall be docketed under the Master File number 1:21-cv-00305. If a document pertains to only one or some of the consolidated cases, it will be docketed on the Master Docket with the notation in the docket text as to the case number(s) to which it pertains.

**III.** **APPLICATION OF THIS ORDER TO SUBSEQUENTLY FILED OR TRANSFERRED CASES**

When a case which relates to the subject matter of the Consolidated Action is hereafter filed in this Court or transferred here from another court, and only after counsel call to the

attention of the Court and the Clerk the filing or transfer of any such case that might be properly consolidated with this Consolidated Action, the Clerk of Court shall make an appropriate entry in the Master Docket. Counsel for Plaintiffs in the Consolidated Action shall promptly mail a copy of this Order to counsel for plaintiff(s) in each subsequently filed or transferred related action and to counsel for any defendant(s) in each such action not already a party to the Consolidated Action. Promptly thereafter, upon notice to counsel for the parties in each such action, counsel for Plaintiffs in the Consolidated Action shall submit to the Court a proposed order re-assigning any such action to this Court and consolidating it with the Consolidated Action. Unless a party in such newly-filed or transferred action objects to re-assignment or consolidation within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, by filing an application for relief which this Court deems it appropriate to grant, each new case that arises out of the subject matter of the Consolidated Action which is filed in this Court or transferred to this Court, shall be re-assigned and/or consolidated with the Consolidated Action and this Order shall apply thereto. Such consolidation does not waive Defendants' right to move to dismiss any newly consolidated complaint.

**IV.    CAPTION OF CASES**

All papers hereafter filed in the Consolidated Action shall bear the following Caption:

| IN RE OUTPATIENT MEDICAL CENTER EMPLOYEE ANTITRUST LITIGATION | Master Docket No. 1:21-cv-00305 |
|---|---|
| THIS DOCUMENT RELATES TO: | |

When a pleading or other court paper is intended to apply to all actions to which this Order is applicable, the words "All Actions" shall appear immediately after the words "THIS DOCUMENT RELATES TO" in the caption set out above. When a pleading or other court paper is intended to be applicable only to a subset of the Actions, the separate caption and docket number for each individual action to which the pleading is intended to be applicable shall appear immediately after or below the words "THIS DOCUMENT RELATES TO" in the caption

described above. The short form of the case caption ([named plaintiff] v. [first named defendant], *et al.*) for such actions may be used.

### V. FILING AND DOCKETING

All papers previously filed and served to date in any of the above-referenced actions are hereby deemed part of the record in 1:21-cv-00305. Counsel who have filed a notice of appearance in any of the above actions need not notice an appearance in any other action—a single notice in these consolidated proceedings is sufficient. It is incumbent upon the lawyer to ensure his or her appearance is listed in the consolidated proceedings for ECF purposes. Counsel who have been admitted *pro hac vice* in any of the above-referenced actions (or who are later admitted to a subsequently-filed action that is consolidated with this action) are deemed admitted *pro hac vice* to the master case without need to file an additional application.

When a paper is filed and the caption shows that it is to be applicable to "All Actions," such paper shall be filed in the Master File and the Clerk shall note such filing in the Master Docket. Such papers need not be filed, and docket entries need not be made, in any other case file. When a paper is filed and the caption shows that it is to be applicable to fewer than all of the Consolidated Actions, such paper shall be filed in the Master File, and the clerk shall note such filing in both the Master Docket and the docket of each such action. Thus, the paper should only be filed in the Master File in 1:21-cv-00305.

### VI. ECF AND SERVICE OF DOCUMENTS

This case is subject to Electronic Case Filing ("ECF"), pursuant to General Order 16-0020, Section III, which requires that all documents in such a case be filed electronically. If at least one counsel per party has not already done so, at least one counsel per party shall register forthwith as an ECF user and be issued an ECF user ID and password. Forms and instructions can be found on the Court's website at https://www.ilnd.uscourts.gov/CMECF.aspx.

All documents shall be e-filed in the Master File in 1:21-cv-00305. Papers that are filed electronically through the Court's ECF system are deemed served on all parties as of the date of filing. All other service of papers shall be governed by the Rules of Civil Procedure, unless

otherwise agreed by the parties. The parties agree that e-mail service is sufficient for papers that are not required to be e-filed.

## VII. PRESERVATION OF EVIDENCE

Until the parties agree on a preservation plan or the Court orders otherwise, each party shall take reasonable steps to preserve all documents, data, and tangible things containing information potentially relevant to the subject matter of this litigation, consistent with their obligations under the Federal Rules of Civil Procedure.

## VIII. CONSOLIDATED AMENDED COMPLAINT AND RESPONSE

Plaintiffs shall file a Consolidated Amended Complaint within 30 days of this Order. The Consolidated Amended Complaint shall be deemed Plaintiffs' initial filing for purposes of Federal Rule of Civil Procedure 15(a). The Consolidated Amended Complaint shall relate back to the date of the first-filed action, *Rhonda Roe v. Surgical Care Affiliates, LLC, et al.*, Case No. 1:21-cv-00305, for all purposes. Defendants shall have no obligation to answer, move, or otherwise plead in response to the previously-filed Complaints.

Defendants shall answer, move, or otherwise plead in response to the Consolidated Amended Complaint within 45 days of the filing of the Consolidated Amended Complaint. If Defendants file a motion to dismiss the Consolidated Amended Complaint, Plaintiffs shall respond to the motion to dismiss 30 days later and Defendants shall reply 30 days after Plaintiffs file their response.

These deadlines do not alter any deadlines or conference dates previously set by the Court.

## IX. ORGANIZATION OF PLAINTIFFS' COUNSEL

Pursuant to Federal Rule of Civil Procedure 23(g)(3), the Court designates Dean M. Harvey of Lieff, Cabraser, Heimann & Bernstein, LLP, Linda Nussbaum of Nussbaum Law Group, P.C., Mike Roberts of Roberts Law Firm, P.C., and Joseph Saveri of the Joseph Saveri Law Firm, as Interim Co-Lead Counsel on behalf of all Plaintiffs and the Proposed Class in the Consolidated Action. The Court finds that the criteria for appointment of Interim Co-Lead

Counsel under Rule 23(g) are satisfied. Counsel will fairly and adequately represent the interests of the proposed Class; performed significant work to identify and investigate potential claims; have significant experience handling class action litigation, including complex antitrust cases; have knowledge of the applicable law, including based on prior success representing workers challenging no-poach agreements; and have committed sufficient resources to represent the proposed Class.

Co-Lead Counsel shall have authority over the following matters on behalf of all Plaintiffs and the Proposed Class in the Consolidated Action:

    a. convening meetings of Plaintiffs' counsel;

    b. the initiation, response, scheduling, briefing, and argument of all motions;

    c. the scope, order, and conduct of all discovery proceedings;

    d. making such work assignments as among themselves and other Plaintiffs' counsel as they may deem appropriate;

    e. collecting time and expense reports from all Plaintiffs' counsel on a periodic basis;

    f. the retention of experts;

    g. the designation of which Plaintiffs' attorneys shall appear at hearings and conferences with the Court;

    h. settlement negotiations and agreements with Defendants;

    i. allocate among counsel any award of attorney's fees and expenses; and,

    j. all other matters concerning the prosecution of the Consolidated Action.

No motion shall be filed on behalf of all Plaintiffs in the Consolidated Action except through Lead Counsel or his designee(s).

Defendants' counsel may rely on all agreements made with Co-Lead Counsel, and such agreements shall be binding on all other Plaintiffs.

**IT IS SO ORDERED.**

Dated: July 9, 2021

_____
HON. ANDREA R. WOOD
UNITED STATES DISTRICT JUDGE