**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| IN RE OUTPATIENT MEDICAL CENTER EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | Master Docket No. 1:21-cv-00305-ARW-SRH<br><br>**JOINT STATUS REPORT** |
|---|---|

Per the Court's May 17, 2021 minute order, Plaintiffs and Defendants hereby submit "a joint status report setting forth: (1) the current status of these proceedings, including any pending motions and the Parties' efforts to negotiate and seek entry of a confidentiality order and ESI protocol, [and] (2) any issues the Parties wish to discuss with the Court at a telephonic status hearing." Dkt. 47.

## I. CURRENT STATUS OF THESE PROCEEDINGS

On May 17, 2021 the Court granted the Government's motion to intervene and stayed discovery "except for issuance of discovery necessary to preserve evidence and negotiation of an ESI protocol and confidentiality order." Dkt. 47.

On July 9, 2021, the Court entered Pretrial Order Number 1, consolidating the following cases: *Roe v. Surgical Care Affiliates, LLC, et al.*, 1:21-cv-00305 (N.D. Ill.); *Smith v. Surgical Care Affilates, LLC, et al.*, 1:21-cv-00620 (N.D. Ill.); *Keech v. Surgical Care Affilates, LLC, et al.*, 1:21-cv-00741 (N.D. Ill.); and *Spradling v. Surgical Care Affilates, LLC, et al.,* 1:21-cv-01324 (N.D. Ill). Dkt. 50. The Court also created a Master Docket and Master file, provided procedures for subsequently filed or transferred cases, appointed Interim Co-Lead Class Counsel, and set a schedule for a Consolidated Amended Complaint and any potential briefing regarding a motion to dismiss. *Id.*

Also on July 9, the SCA Defendants filed a Notice of Trial Continuance in Parallel Criminal Litigation, explaining that the court in the parallel criminal litigation had granted an unopposed request to continue the trial date from November 2, 2021 to May 9, 2022. Dkt. 49.

In light of the continuance of the criminal trial, the Parties met and conferred with each other and with the Government regarding narrowing or eliminating the current discovery stay. The parties and the Government are discussing whether more exceptions to the discovery stay can be made, and the scope of any such exceptions. The parties anticipate that a proposed order will be filed within two weeks, or notice will be provided that the parties have failed to reach an agreement. Defendants maintain their position that a full discovery stay is appropriate in this case, but will meet and confer in good faith with the Plaintiffs and the DOJ about a proposed order narrowing the stay.

The Parties met and conferred regarding an ESI protocol and confidentiality order, and agreed to stipulations and proposed orders regarding same, filed herewith.

The Parties held a 26(f) conference on July 14, 2021, and are continuing to confer regarding preservation and related discovery issues. During the conference, the Defendants represented that they are complying with their preservation obligations. Details regarding that 26(f) conference are summarized in the following section.

On July 15, 2021, the Government filed a criminal indictment in the United States District Court for the District of Colorado against Davita Inc. and Kent Thiry, alleging that they "entered into and engaged in a conspiracy with [Surgical Care Affiliates] to suppress competition between them for the services of senior-level employees by agreeing not to solicit each other's senior-level employees." *United States v. Davita Inc. and Kent Thiry*, 1:21-cr-00229-RBJ (D. Colo.), Dkt. 1 at 2.

On July 16, a case related to this Consolidated Action was filed in the Northern District of Illinois: *Peña v. Surgical Care Affiliates, LLC, et al.*, 1:21-cv-03803. Plaintiffs are complying with their obligations under PTO 1, Dkt. 50 at 2-3, and will file a notice and proposed order re-assigning and consolidating the *Peña* action with this one.

## II. REPORT FROM THE 26(F) CONFERENCE

### A. Nature of the Case

#### 1. Identify the attorneys of record for each party, including the lead trial attorney.

The Court has appointed Dean M. Harvey, Linda Nussbaum, Michael Roberts, and Joseph Saveri as Interim Co-Lead Counsel on behalf of Plaintiffs and the proposed Class. Dkt. 50 at 5-7.

Counsel for the SCA Defendants are Daniel E. Laytin, James H. Mutchnik, and Catie Ventura from the law firm of Kirkland & Ellis LLP.

Counsel for the USPI Defendants are Veronica Moyé, Scott Hammond, Kristen Limarzi, and Andrew LeGrand of Gibson Dunn and Matthew Kramer and Jeffrey Hansen of Actuate Law.

Counsel for Andrew Hayek is Jeffrey Bank of Wilson Sonsini Goodrich & Rosati and Brian Smith of K&L Gates.

#### 2. Identify any parties that have not been served.

All parties whose identities are currently known have been served.

#### 3. State the basis for federal jurisdiction.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), 1407, and 15 U.S.C. § 15.

#### 4. Describe generally the nature of the claims asserted in the complaint, any counterclaims, and the relief sought.

Plaintiffs allege a conspiracy among three operators of ambulatory surgical centers to

restrain competition and reduce compensation for Director-level and above employees. The U.S. Department of Justice filed a grand jury indictment against one of the alleged conspirators, Defendant Surgical Care Affiliates, LLC ("SCA") and its successor SCAI Holdings, LLC, on January 7, 2021. The other two alleged co-conspirators were identified as "Company A" and "Company B" in the DOJ's indictment. UnitedHealth Group Incorporated ("UnitedHealth") was not named in this indictment. Plaintiffs have named SCA, SCAI Holdings, LLC, UnitedHealth, Andrew Hayek, United Surgical Partners Holding Company, Inc., United Surgical Partners International, Inc., Tenet Healthcare Corporation, Company B, and ten "John Doe" Defendants. Plaintiffs purport to be former employees of SCA and bring their suits individually and on behalf of a Proposed Class of Defendants' Director-level and above employees to recover damages. Defendants have not asserted any counterclaims at this time.

**5. State the major legal and factual issues in the case.**

At this stage, the Parties identify the following principal legal and factual issues: (1) Whether Defendants entered into an agreement not to solicit or recruit one another's Director-level and above employees and, if so, the duration for which the agreement was in force and the employees to whom it applied; (2) Whether the alleged agreement was a violation of the Sherman Act, 15 U.S.C. § 1, and if so, whether it was a *per se* violation of that statute; (3) Whether Defendants fraudulently concealed their alleged misconduct from Plaintiffs and the Proposed Class; (4) Whether (and if so, to what extent) Defendants' conduct suppressed Plaintiffs' and the Proposed Class's compensation below competitive levels; (5) Whether Plaintiffs and the Proposed Class suffered antitrust injury as a result of Defendants' alleged agreement; (6) The type and measure of damages suffered by Plaintiffs and the Proposed Class, if any; and (7) Whether Plaintiffs' claim on behalf of the Proposed Class is appropriately brought as a class action.

## III. CASE PLAN

### A. Identify all pending motions.

There are no pending motions at this time.

### B. State whether any defendant anticipates responding to the complaint by motion and, if so, the basis for the intended motion.

Pursuant to Pretrial Order No. 1, Plaintiffs will file their Consolidated Amended Complaint by August 9, 2021. Dkt. 50 at 5. Defendants will answer, move, or otherwise plead in response to the Consolidated Amended Complaint within 45 days of the filing of the Consolidated Amended Complaint. *Id.* If Defendants file a motion to dismiss, Plaintiffs will respond 30 days later and Defendants will reply 30 days after Plaintiffs file their response. *Id.*

The Defendants will determine whether they will respond to the Consolidated Amended Complaint through a motion to dismiss and the specific bases after reviewing the forthcoming operative complaint.

### C. Submit a proposed discovery plan, including the following information:

#### 1. The general type of discovery needed;

Plaintiffs expect the subjects of discovery will include: (i) documents regarding the DOJ investigation; (ii) documents regarding any alleged agreement not to hire or otherwise compete for employees; (iii) data regarding members of the proposed Class, such as job titles, compensation, and demographic information; (iv) business plans and studies regarding employee competition issues, such as recruiting, hiring, and retention; (v) documents regarding how proposed Class members' pay is determined; (vi) organization charts; (vii) document retention policies; (viii) guides to data fields; (ix) antitrust compliance policies; (x) documents regarding the named Plaintiffs; and (xi) expert discovery.

Defendants expect the subjects of discovery will also include: (i) documents and

information regarding Plaintiffs' allegations of harm and damages; and (ii) documents and information regarding whether Plaintiffs are appropriate class representatives and whether Plaintiffs' claims are typical of the putative class.

**2. Whether discovery will encompass electronically stored information (ESI) and any anticipated issues regarding disclosure or discovery of ESI, including the form or forms in which it should be produced;**

The Parties expect that discovery will include the preservation, search, and production of electronically stored information (ESI). The Parties have filed herewith an agreed-upon ESI Protocol hereto.

**3. Any issues about claims of privilege or protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order;**

The Parties have negotiated an agreed-upon Protective Order and ESI Protocol governing the treatment of materials claimed as privileged or protected, filed herewith.

**4. for cases not included in the Mandatory Initial Discovery Pilot Project, the date on which Rule 26(a)(1) disclosures were made or will be made;**

The Parties understand that the Mandatory Initial Discovery Pilot Project is no longer in effect. The Parties propose initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) be exchanged 30 days after the Court lifts the stay of discovery. The Parties will meet and confer about whether initial disclosures should be exchanged if the Court modifies the stay of discovery.

**5. The date by which the parties will complete fact discovery;**

The Parties propose that the Court order the Parties to submit a joint schedule, or, if necessary, competing scheduling proposals, within 14 days after the Court lifts the stay of discovery.

**6. Whether expert discovery is contemplated and, if so, dates by which Rule 26(a)(2) disclosures will be made and expert depositions completed;**

The Parties expect that expert discovery will be necessary. The Parties propose that the Court order the Parties to submit a joint schedule, or, if necessary, competing scheduling proposals, within 14 days after the Court lifts the stay of discovery.

**7. What changes, if any, should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure of by the Local Rules, such as changes in the number of depositions or interrogatories permitted;**

Plaintiffs believe that it will be necessary to exceed the 10 deposition and 25 interrogatory limits. Defendants believe the 10 deposition and 25 interrogatory limits are appropriate, and believe limits also should be imposed on Requests for Production and Requests for Admission. The Parties will continue to meet and confer and endeavor to reach agreement regarding the number of discovery requests permitted for this case.

**8. For cases included in the Mandatory Initial Discovery Pilot Project, the final date by which parties may supplement their mandatory initial discovery responses; and**

Not applicable.

**9. The date by which the parties must file any dispositive motions.**

The Parties submit that it is premature to set a deadline for dispositive motions. Instead, the Parties propose that they submit a case schedule through class certification, and that the Court defer setting a schedule for dispositive motions until class certification has been resolved.

**D. State whether there has been a jury demand and the estimated length of the trial.**

Plaintiffs have demanded a jury trial. The Parties cannot presently estimate the length of the trial.

## IV. SETTLEMENT

**A. State whether any settlement discussions have occurred and describe the status of any such discussions. Do not provide the particulars of any settlement demands/offers.**

The Parties have not held settlement discussions at this time.

**B. State whether the parties believe that a settlement conference would be productive at this time.**

Plaintiffs are open to discussion of settlement at any time, but the exchange of certain information—whether through formal discovery or otherwise—is necessary for a settlement conference to be productive. Defendants do not believe a settlement conference would be productive at this time.

## V. CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE.

**A. State whether counsel have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment, and whether the parties unanimously consent to that procedure.**

The Parties have informed their respective clients about the possibility of proceeding before a Magistrate Judge, and the Parties do not consent to it.

Dated: July 19, 2021

Respectfully submitted,

*/s/ Dean M. Harvey*

Dean M. Harvey (*pro hac vice*)
Nimish R. Desai (*pro hac vice*)
Lin Y. Chan (*pro hac vice*)
Yaman Salahi (*pro hac vice*)
Michelle A. Lamy (*pro hac vice*)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
dharvey@lchb.com
ndesai@lchb.com
lchan@lchb.com
ysalahi@lchb.com
mlamy@lchb.com

Jessica A. Moldovan (*pro hac vice*)
LIEFF CABRASER HEIMANN &BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Telephone: (212) 355-9500
Facsimile: (212) 355-9592
jmoldovan@lchb.com

Linda P. Nussbaum (*pro hac vice*)
Bart D. Cohen (*pro hac vice*)
NUSSBAUM LAW GROUP, P.C.
1211 Avenue of the Americas, 40th Floor
New York, NY 10036
(917) 438-9102
lnussbaum@nussbaumpc.com
bcohen@nussbaumpc.com

Michael L. Roberts
Kelly Rinehart
Karen Halbert
William R. Olson
ROBERTS LAW FIRM US, PC
1920 McKinney Ave., Suite 700
Dallas, TX 75204
(501) 821-5575
mikeroberts@robertslawfirm.us
kellyrinehart@robertslawfirm.us
karenhalbert@robertslawfirm.us
williamolson@robertslawfirm.us

Joseph R. Saveri (admitted under L.R. 83.10)
Steven N. Williams (*pro hac vice*)
Chris K.L. Young (*pro hac vice*)
Anupama K. Reddy (*pro hac vice*)
JOSEPH SAVERI LAW FIRM, INC.
601 California Street, Suite 1000
San Francisco, California 94108
Tel: (415) 500-6800
Fax: (415) 395-9940
jsaveri@saverilawfirm.com swilliams@saverilawfirm.com
cyoung@saverilawfirm.com
kquackenbush@saverilawfirm.com
areddy@saverilawfirm.com

*Interim Co-Lead Class Counsel*

*/s/ Daniel E. Laytin, P.C.*

Daniel E. Laytin, P.C.
James H. Mutchnik, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000
dlaytin@kirkland.com jmutchnik@kirkland.com

Catie Ventura
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 389-5000
catie.ventura@kirkland.com

*Attorneys for Defendants Surgical Care Affiliates, LLC, SCAI Holdings, LLC, and UnitedHealth Group, Inc.*

*/s/ Veronica Moyé*

Veronica Moyé (pro hac vice)
Andrew LeGrand
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
Tel: (214) 698-3320
Fax: (214) 571-2936
VMoye@gibsondunn.com
ALeGrand@gibsondunn.com

Scott Hammond (pro hac vice forthcoming)
Kristen Limarzi (pro hac vice forthcoming)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel: (202) 887-3684
Fax: (202) 530-9582
SHammond@gibsondunn.com
KLimarzi@gibsondunn.com

Matthew Kramer
Jeffrey Hansen
ACTUATE LAW
641 W Lake St
Chicago, IL 60661
Tel: (312) 579-3138
matthew.kramer@actuatelaw.com
jeff.hansen@actuatelaw.com

*Attorneys for United Surgical Partners Holding Company, Inc., United Surgical Partners International, Inc., and Tenet Healthcare Corporation*

*/s/ Jeffrey C. Bank*

Jeffrey C. Bank (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI, P.C.
1700 K Street NW
Washington, DC 20006
Tel: (212) 497-7761
jbank@wsgr.com

Brian J. Smith
K&L Gates LLP
70 W. Madison St., Suite 3300
Chicago, IL 60602
Tel: (312) 372-1121
brian.j.smith@klgates.com

*Counsel for Defendant Andrew Hayek*