# Exhibit A

**Exhibit A**

| Bucket 1<br>Cases that held alleged agreements are not *per se* and are subject to rule of reason | Bucket 2<br>Cases that deferred decision on whether alleged agreements were subject to *per se* or rule of reason | Bucket 3<br>Cases that did not consider whether alleged agreements were subject to *per se* or rule of reason |
|---|---|---|
| **Non-Solicitation** | | |
| • *Aya Healthcare Servs., Inc. v. AMN Healthcare, Inc.*, 9 F.4th 1102, 1110–11 (9th Cir. 2021) (applying rule of reason to non-solicitation provision that was "ancillary" to parties' collaborative contractual relationship)<br>• *CertainTeed Corp. v. Williams*, 481 F.3d 528, 530 (7th Cir. 2007) (upholding restrictive covenant under rule of reason where employers have legitimate interest in keeping executive with "wealth of information from taking an equivalent position at a rival")<br>• *Polk Bros., Inc. v. Forest City Enters., Inc.*, 776 F.2d 185, 189–90 (7th Cir. 1985) (holding rule of reason applies to non-compete agreement where cooperation "was at least potentially beneficial to consumers" and "restrictive covenant made the cooperation possible")<br>• *Aydin Corp v. Loral Corp.*, 718 F.2d 897, 902–03 (9th Cir. 1983) (applying rule of reason to noninterference agreement and holding plaintiffs did not allege harm to competition in relevant market) | • *Aya Healthcare Servs., Inc. v. AMN Healthcare, Inc.*, No. 17cv205-MMA (MDD), 2020 WL 2553181, at *13 (S.D. Cal. May 20, 2020) (granting summary judgment and declining to apply *per se* rule, noting it "cannot conclude that the non-solicitation covenants … are agreements between competitors to pursue ends 'that would always or almost always tend to restrict competition and decrease output'")<br>• *In re High-Tech Employee Antitrust Litig.*, 856 F. Supp. 2d 1103, 1122 (N.D. Cal. 2012) ("[T]he Court need not decide now whether *per se* or rule of reason analysis applies …. [T]hat decision is more appropriate on a motion for summary judgment") | • *In re Geisinger Health & Evangelical Cmty. Hosp. Healthcare Workers Antitrust Litig.*, 4:21-CV-00196, 2021 WL 5330783, at *3–6 (M.D. Pa. Nov. 16, 2021) (defendants did not argue, and court did not decide, whether agreement was subject to *per se* or rule of reason)<br>• *Nitsch v. Dreamworks Animation SKG Inc.*, 315 F.R.D. 270 (N.D. Cal. 2016) (class certification opinion did not address whether *per se* or rule of reason applied to agreement)<br>• *In re Animation Workers Antitrust Litig.*, 123 F. Supp. 3d 1175, 1211–14 (N.D. Cal. 2015) (court considered whether plaintiffs had properly pled a *per se* wage-fixing claim, not a *per se* non-solicit claim) |
| **No-Hire** | | |
| • *Deslandes v. McDonald's USA, LLC*, No. 17 C 4857, 2021 WL 3187668, at *7 (N.D. Ill. July 28, 2021) (denying class certification and holding it "cannot say that it has enough experience with no-hire provisions of franchise | • *Markson v. CRST Int'l, Inc.*, No. 5:17-cv-01261-SB-SP, 2021 WL 1156863, at *4 (C.D. Cal. Feb. 10, 2021) (court concluded that plaintiffs pled a "plausible *per se* claim" at | • *Seaman v. Duke Univ.*, 1:15-CV-462, 2018 WL 671239 (M.D.N.C. Feb. 1, 2018) (class certification opinion did not address whether *per se* or rule reason applied to agreement) |

- agreements to predict with confidence that they must always be condemned … [meaning] the Court must apply rule of reason")
- *Ogden v. Little Caesar Enters., Inc.*, 393 F. Supp. 3d 622, 627, 632–35 (E.D. Mich. 2019) (granting motion to dismiss, holding "plaintiff has not pleaded sufficient facts to show that his case fits within the narrow set of cases to which the Supreme Court has applied the *per se* analysis")
- *Deslandes v. McDonald's USA, LLC*, No. 17 C 4857, 2018 WL 3105955, at *7–8 (N.D. Ill. June 25, 2018) (holding "[b]ecause the restraint alleged in plaintiff's complaint is ancillary to an agreement with a procompetitive effect, the restraint … cannot be deemed unlawful *per se*")
- *Hangar v. Berkley Grp., Inc.*, No. 5:13-cv-113, 2015 WL 3439255 at *7 (W.D. Va. May 28, 2015) (declining to apply *per se* rule to global settlement agreement)
- *Molinari v. Consol. Energy Inc.*, No. 12cv1085, 2012 WL 4928489, at *4 (W.D. Pa. Oct. 16, 2012) (granting motion to dismiss and declining to find naked no-hire agreement between competitors "is a *per se* violation")
- *Eichorn v. AT&T Corp.*, 248 F.3d 131, 143 (3d Cir. 2001) (rejecting contention that "no-hire agreement was *per se* illegal" after holding "no support within the relevant case law for this label")
- *Bogan v. Hodgkins*, 166 F.3d 509, 515 (2d Cir. 1999) (rejecting *per se* label and applying rule of reason to naked "no-switching"

pleadings stage, not that the *per se* rule applied)
- *In re Railway Indus. Emp. No-Poach Antitrust Litig.*, 395 F. Supp. 3d 464, 485 (W.D. Pa. 2019) (without deciding, court encouraged defendants to "raise th[e] issue" of what standard should apply at summary judgment)
- *Fuentes v. Royal Dutch Shell PLC*, Civil Action No. 18-5174, 2019 WL 7584654, at *1 (E.D. Pa. Nov. 25, 2019) ("[T]his Court declines to determine which mode of analysis applies to the challenged no-poach provision at the pleading stage")

- *Kelsey K. v. NFL Enterprises LLC*, 254 F. Supp. 3d 1140, 1147–48 (N.D. Cal. 2017) (discussing issue of standing and holding plaintiff did not plausibly allege harm)
- *Roman v. Cessna Aircraft*, 55 F.3d 542, 545 (10th Cir. 1995) (discussing antitrust standing)
- *Anderson v. Shipowners' Ass'n of Pacific Coast*, 272 U.S. 359, 361–65 (1926) (holding agreement among shipping industry competitors to "fix the wages" of seamen was "restraint … in violation of the Anti-Trust Act" without addressing no-hire aspect of agreement)

| | | |
|---|---|---|
| agreement between insurance agents because it did not "fit into any of the established *per se* categories") <br><br> • *Coleman v. Gen. Elec. Co.*, 643 F. Supp. 1229, 1243 (E.D. Tenn. 1986), *aff'd* 822 F.2d 59 (6th Cir. 1987) (holding *per se* rule is "wholly inapplicable" and applying rule of reason to no-hire agreement) <br><br> • *Nichols v. Spencer Int'l Press, Inc.*, 371 F.2d 332, 336–37 (7th Cir. 1967) (holding "no-switching" agreements between publishers subject to rule of reason "standard of reasonableness") <br><br> • *Quinonez v. Nat'l Ass'n of Secs. Dealers*, 540 F.2d 824, 829, 830 (5th Cir. 1976) (noting, as to no-hire agreement between security competitors, that "real facts" would likely foreclose relief and relying on *Nichols* application of "standard of reasonableness" to "no-switching" agreements) <br><br> • *Radovich v. NFL*, 352 U.S. 445, 453 (1957) (holding "blacklist[ing]" of plaintiff should "be 'tested under the Sherman Act's general prohibition on unreasonable restraints of trade'") | | |
| **Both Non-Solicitation and No-Hire** | | |
| • *Yi v. SK Bakeries, LLC*, No. 18-5627 RJB, 2018 WL 8918587, at *4–5 (W.D. Wash. Nov. 13, 2018) (rejecting *per se* treatment of horizontal agreement between franchisees because "not clear" agreements "'lack any redeeming virtue'") <br><br> • *Malone v. Cort Furniture Corp.*, No. 02 C 1729, 2002 WL 1874819, at *1 (N.D. Ill. Aug. | • *Fonseca v. Hewlett-Packard Co.*, No. 19cv1748-GPC-MSB, 2020 WL 6083448, at *10 (S.D. Cal. Feb. 3, 2020) (declining to apply *per se* rule, noting "[a]t this stage, it would be premature for the Court to find the agreement to be *per se* illegal") <br><br> • *Robinson v. Jackson Hewitt, Inc.*, No. 19-9066 (SDW) (LDW), 2019 WL 5617512, at | |

| | | |
|---|---|---|
| 13, 2002) (upholding non-solicitation and no-hire provision where employer "has a legitimate business interest in maintaining a stable work force")<br><br>• ***Union Circulation Co. v. FTC*, 241 F.2d 652, 657 (2d Cir. 1957)** (applying rule of reason to no-hire agreement among magazine agencies "[b]ecause a harmful effect upon competition [was] not clearly apparent") | **\*7 (D.N.J. Oct. 31, 2019)** (declining "to determine the applicable standard of review at this stage of proceedings" as "premature," noting "more factual information is required")<br><br>• ***United States v. eBay, Inc.*, 968 F. Supp. 2d 1030, 1039–40 (N.D. Cal. 2013)** (holding, even taking plaintiffs' allegations as true, "[a]t this stage in this action, the court simply cannot determine with certainty the nature of the restraint, and by extension, the level of analysis to apply") | |