# Exhibit B

Joseph R. Saveri (State Bar No. 130064)
Eric B. Fastiff (State Bar No. 182260)
Brendan P. Glackin (State Bar No. 199643)
Dean M. Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)
Katherine M. Lehe (State Bar No. 273472)
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

*Interim Lead Counsel for Plaintiffs and the Proposed Class*

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**CONSOLIDATED AMENDED COMPLAINT** |

118. Without this class action, Plaintiffs and the Class will be unable to obtain compensation for the harm they suffered, and Defendants will retain the benefits of their unlawful conspiracy.

**FIRST CLAIM FOR RELIEF**
(*Violations of Section 1 of the Sherman Act, 15 U.S.C. § 1*)

119. Plaintiffs, on behalf of themselves and all others similarly situated, reallege and incorporate herein by reference each of the allegations contained in the preceding paragraphs of this Complaint, and further allege against Defendants and each of them as follows:

120. Defendants entered into and engaged in unlawful agreements in restraint of the trade and commerce described above in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. Beginning no later than January 2005 and continuing at least through 2009, Defendants engaged in continuing trusts in restraint of trade and commerce in violation of Section 1 of the Sherman Act.

121. Defendants' agreements have included concerted action and undertakings among the Defendants with the purpose and effect of: (a) fixing the compensation of Plaintiffs and the Class at artificially low levels; and (b) eliminating, to a substantial degree, competition among Defendants for skilled labor.

122. As a direct and proximate result of Defendants' combinations and contracts to restrain trade and eliminate competition for skilled labor, members of the Class have suffered injury to their property and have been deprived of the benefits of free and fair competition on the merits.

123. The unlawful agreements among Defendants has had the following effects, among others:

    a. competition among Defendants for skilled labor has been suppressed, restrained, and eliminated; and

    b. Plaintiffs and class members have received lower compensation from Defendants than they otherwise would have received in the absence of Defendants' unlawful

agreements, and, as a result, have been injured in their property and have suffered damages in an amount according to proof at trial.

124. The acts done by each Defendant as part of, and in furtherance of, their contracts, combinations or conspiracies were authorized, ordered, or done by their respective officers, directors, agents, employees, or representatives while actively engaged in the management of each Defendant's affairs.

125. Defendants' contracts, combinations and/or conspiracies are *per se* violations of Section 1 of the Sherman Act.

126. Accordingly, Plaintiffs and members of the Class seek three times their damages caused by Defendants' violations of Section 1 of the Sherman Act, the costs of bringing suit, reasonable attorneys' fees, and a permanent injunction enjoining Defendants' from ever again entering into similar agreements in violation of Section 1 of the Sherman Act.

### SECOND CLAIM FOR RELIEF
(*Violations of the Cartwright Act, Cal. Bus. & Prof. Code §§ 16720, et seq.*)

127. Plaintiffs, on behalf of themselves and all others similarly situated, reallege and incorporate herein by reference each of the allegations contained in the preceding paragraphs of this Complaint, and further alleges against Defendants and each of them as follows:

128. Defendants entered into and engaged in an unlawful trust in restraint of the trade and commerce described above in violation of California Business and Professions Code section 16720. Beginning no later than January 2005 and continuing at least through 2009, Defendants engaged in continuing trusts in restraint of trade and commerce in violation of the Cartwright Act.

129. Defendants' trusts have included concerted action and undertakings among the Defendants with the purpose and effect of: (a) fixing the compensation of Plaintiffs and the Class at artificially low levels; and (b) eliminating, to a substantial degree, competition among Defendants for skilled labor.

130. As a direct and proximate result of Defendants' combinations and contracts to restrain trade and eliminate competition for skilled labor, members of the Class have suffered