**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE OUTPATIENT MEDICAL CENTER EMPLOYEE ANTITRUST LITIGATION | Master Docket No. 21 C 305 <br><br> Magistrate Judge Sunil R. Harjani |

## ORDER

In this antitrust action, Plaintiffs move to compel the United States Department of Justice ("DOJ") to comply with Requests 3-5 from Plaintiffs' August 26, 2022 subpoena (the "Subpoena"). The DOJ and Defendants DaVita Inc., Kent Thiry, Surgical Care Affiliates, LLC, SCAI Holdings, LLC, and Andrew Hayek oppose Plaintiffs' motion. For the reasons set forth in the Statement below, Plaintiffs' Motion to Compel Discovery From the United States Department of Justice [210] is denied without prejudice.

## STATEMENT

On January 5, 2021, a federal grand jury in the Northern District of Texas returned an indictment charging Surgical Care Affiliates, LLC and SCAI Holdings, LLC (together, "SCA") with two counts of conspiring to restrain trade in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. On July 14, 2021, a federal grand jury in the District of Colorado returned an indictment charging DaVita Inc. and its CEO, Kent Thiry, with two counts of conspiring to restrain trade in violation of Section 1 of the Sherman Act. On November 3, 2021, the Colorado grand jury returned a superseding indictment adding a third count. Both the DaVita indictment and the SCA indictment charge a conspiracy between DaVita and SCA not to solicit each other's senior-level employees. The DOJ states that the same core investigative and trial team is involved in both criminal matters and discovery was nearly identical. The *DaVita* case proceeded to trial, and DaVita and Thiry were acquitted. *United States v. DaVita Inc., et al.*, No. 21 CR 229 (D. Colo.). The SCA trial has been continued and the parties are waiting for the Texas court to set a new trial date. *United States v. Surgical Care Affiliates, LLC, et al.*, 21 CR 11 (N.D. Tex.).

In this action, Plaintiffs, former senior employees of SCA, are pursing civil antitrust claims against DaVita and others arising out of alleged no-poach agreements in the outpatient medical care industry. This litigation is in the pretrial discovery stage and has been referred to the undersigned magistrate judge for discovery supervision. As part of discovery in this matter, Plaintiffs issued a subpoena to the DOJ on August 26, 2022 seeking five categories of documents related to the *DaVita* Case. Plaintiffs now move to compel production in response to Request 3, which seeks the documents the DOJ listed on its exhibit list in the *DaVita* criminal trial that were not admitted into evidence.[1] Requests 4 and 5 seek the documents DOJ produced to Defendants in the *DaVita* criminal action, which the Defendants subsequently returned to the DOJ. Requests

---

[1] On September 15, 2022, DOJ produced all exhibits that were admitted into evidence in the *DaVita* trial.

4 and 5 encompass grand jury transcripts, grand jury exhibits, and documents collected by the grand jury. The DOJ states that more than one million documents were produced in response to grand jury subpoenas. Also at issue are: (1) documents created by the FBI in conjunction with the DOJ investigation that resulted in the *DaVita* and *SCA* indictments and (2) documents created by the DOJ's Antitrust Division.[2] As a threshold matter, the DOJ argues that this Court supervising discovery in a civil action in Illinois lacks jurisdiction over Plaintiffs' request for production of materials collected and considered by grand juries sitting in Texas and Colorado. The Court agrees.

Among other reasons, DOJ objects to producing the vast majority of the documents Plaintiffs seek because they were generated by other parties and produced to the government in response to grand jury subpoenas. According to the DOJ, the Subpoena seeks "virtually every scrap of paper collected by the grand jury as part of its investigation." Doc. 233 at 1. Federal Rule of Criminal Procedure 6(e)(2) prohibits disclosure of "a matter occurring before the grand jury" except as otherwise provided for in the rules. Fed. R. Crim. P. 6(e)(2). The Seventh Circuit's view is that "Rule 6(e) is applicable in a general way to both documents and testimony before the grand jury." *Matter of Grand Jury Proceedings, Miller Brewing Co.*, 687 F.2d 1079, 1090 (7th Cir. 1982). "A general request for all documents collected or received in connection with the investigation of antitrust violations ..., for example, would be in effect a disclosure of the grand jury proceedings." *In re Sulfuric Acid Antitrust Litigation*, 2004 WL 769376, *3 (N.D. Ill. Apr. 9, 2004) (cleaned up) (*quoting Board of Ed. v. Admiral Heating and Ventilation, Inc.* 513 F. Supp. 600 (N.D. Ill. 1981)).

Rule 6(e)(3) provides limited exceptions to the general rule of secrecy regarding grand jury materials. Regarding court authorized disclosures, Rule 6(e)(3)(E)(i) provides that "[t]he court may authorize disclosure—at a time, in a manner, and subject to any other conditions that [the court] directs—of a grand jury matter[ ] preliminarily to or in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(3)(E)(i). However, any request for disclosure of grand jury materials "under Rule 6(e)(3)(E)(i) must be filed in the district where the grand jury convened," in this case the District of Colorado. Fed. R. Crim. P. 6(e)(3)(F); *see also Solar Sources, Inc. v. United States*, 142 F.3d 1033, 1037 n.4 (7th Cir. 1998); *Dunn v. Schmitz*, 2017 WL 5496355, at *2 (C.D. Ill. Nov. 16, 2017); *In re High Fructose Corn Syrup Antitrust Litigation*, 79 F. Supp.2d 959, 963-64 (C.D. Ill. 1999) ("the judge who presided over the grand jury proceedings must initially evaluate the impact of the release of any document on the secrecy of those proceedings."); *In re Electric Weld Steel Tubing Antitrust Litigation*, 512 F. Supp. 81( N.D. Ill. 1981) ("In general, requests for grand jury materials should be directed to the court that supervised the grand jury's activities)." As a result, Plaintiffs must petition the district court that presided over the *DaVita*

---

[2] Plaintiffs do not move to compel approximately 500,000 documents DOJ obtained from the Federal Trade Commission.

grand jury for disclosure of the requested grand jury materials in connection with this judicial proceeding.[3]

For this reason, Plaintiffs' Motion to Compel is denied without prejudice. To obtain the grand jury materials, Plaintiffs must proceed under Fed. R. Crim. P. 6(e)(3)(E)(i) in the District of Colorado. The Court expresses no opinion on the disclosure issue. Because the vast majority of documents in DOJ's possession appear to be documents obtained through the use of grand jury subpoenas and transcripts of testimony before the grand jury, the Court finds it prudent to allow the district judge supervising the grand jury to determine this disclosure issue first. The remainder of Plaintiffs' motion, to the extent it involves non-grand jury related materials, is deferred until after the disclosure determination by the District of Colorado.

**SO ORDERED.**

Dated: May 11, 2023

                                                                  Sunil R. Harjani
                                                                  United States Magistrate Judge

---

[3] Citing Local Criminal Rule 6.1, the DOJ also argues that Plaintiffs' motion is procedurally defective because it was brought before the wrong judge in this district. The DOJ argues that only Chief Judge Pallmeyer can decide Plaintiffs' motion to compel. Local Criminal Rule 6.1 requires that "[a]ll matters pertaining to grand juries shall be heard by the chief judge or his or her designee." LCR 6.1. However, Local Criminal Rule 1.1. makes clear that the local criminal rules of the Northern District of Illinois only "apply to the conduct of criminal proceedings in this Court." LCR 1.1. The *DaVita* criminal proceedings occurred in the District of Colorado. Accordingly, Local Criminal Rule 6.1 does not apply in these circumstances, and this Court may determine whether the disclosure issue must initially be decided by the court presiding over the grand jury.