IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **IN RE OUTPATIENT MEDICAL CENTER EMPLOYEE ANTITRUST LITIGATION** <br><br> **THIS DOCUMENT RELATES TO:** <br><br> **ALL ACTIONS** | **Master Docket No. 1:21-CV-00305** <br><br> Judge Andrea R. Wood <br> Magistrate Judge Sunil R. Harjani |

**DEFENDANTS UNITED SURGICAL PARTNERS INTERNATIONAL, INC.,
UNITED SURGICAL PARTNERS HOLDINGS, INC., AND
TENET HEALTHCARE CORPORATION'S MOTION FOR RECONSIDERATION**

Pursuant to Federal Rule of Civil Procedure 7, Defendants United Surgical Partners International, Inc., United Surgical Partners Holdings, Inc., and Tenet Healthcare Corporation ("Tenet") (collectively, "USPI") respectfully move for reconsideration of this Court's May 15, 2023 Minute Entry (Dkt. 275), denying Plaintiffs' Motion for Leave to Seal Portions of Plaintiffs' Replies in Support of Plaintiffs' Motions to Compel Discovery from Defendants (Dkt. 259).[1] As detailed below, USPI respectfully submits that the Court had already determined that it was appropriate for the designated material at issue to remain sealed based on a request from the United States Department of Justice ("DOJ"), citing the need to protect the integrity of its ongoing investigation, and that the request to seal the documents in Plaintiffs' replies was not based merely on the fact that USPI had marked them as "Confidential." (Dkt. 257). For all of the reasons stated

---

[1] As noted in the Joint Motion for Leave to Amend Certain Pleadings and to Amend Docket filed on May 3, 2023, *see* Dkt. 271, due to a scrivener's error in Plaintiffs' Complaint, Plaintiffs named as a defendant United Surgical Partners Holding Company, Inc., which is an entity that does not exist and has never existed, and this non-existent entity appears as a Defendant on the Court's Docket in this case. It is USPI's understanding that Plaintiffs, USPI, and Tenet all agree that Plaintiffs intended to name United Surgical Partners Holdings, Inc. as a Defendant, and, as a result, USPI refers to the correct entity in this motion. *Id.*

1

below, USPI respectfully requests that the Court reconsider its Order and permit the designated materials to remain sealed:

## ARGUMENT

1. On March 24, 2023, Plaintiffs Scott Keech and Allen Spradling filed a Motion to Seal Portions of Plaintiffs' Motions to Compel Discovery from Defendants Surgical Care Affiliates, LLC, Andrew Hayek, United Surgical Partners International, Inc., United Surgical Partners Holding Company, and Tenet Healthcare Corporation, and Certain Exhibits to the Declaration of Lin Y. Chan, Dkt. 209 (the "March 24 Motion to Seal").

2. On March 28, 2023, this Court ordered USPI to file by April 7, 2023 a submission explaining the basis for the designated materials to remain under seal in Plaintiffs' March 24 Motion to Seal (Dkt. 221).

3. On April 7, 2023, in accordance with this Court's March 28, 2023 Order, USPI filed a letter with the Court explaining the basis for its request to maintain the designated materials under seal (Dkt. 245), as well as a supporting declaration (Dkt. 247-1 at ¶ 11).

4. In its April 7, 2023 letter, USPI explained that the exhibits and other materials designated to be maintained under seal contained information that USPI produced to the DOJ in connection with an investigation that the agency conducted; that USPI designated these materials as "Confidential" when USPI produced them to Plaintiffs to maintain confidentiality over these documents; and that the DOJ expressed that "[t]he United States's position is that allowing the documents to remain under seal minimizes risks to the integrity of the pending SCA criminal prosecution. Certain of these [exhibits filed by Plaintiffs] are likely to be trial exhibits that would not otherwise be made public prior to trial." (Dkt. 245) ("USPI's April 7 Letter").

5. On April 7, 2023, Defendants, including USPI, filed their own Motions to seal their respective Oppositions and exhibits thereto for the same reasons provided in USPI's April 7 Letter. (*See* (Dkt. 246) (USPI); (Dkt. 235) (Surgical Care Affiliates); (Dkt. 241) (Andrew Hayek); (Dkt. 251) (DaVita, Inc.)).

6. On April 12, 2023, this Court granted the various motions to seal that had been filed by the parties in connection with Plaintiffs' Motions to Compel on the basis that "[t]he parties have explained that the United States has requested this material be sealed in order to preserve the integrity of its ongoing investigation." (Dkt. 257) (the "April 12 Sealing Order").

7. On April 17, 2023, Plaintiffs filed their Reply in Support of Motions to Compel Discovery from Defendants United Surgical Partners International, Inc., United Surgical Partners Holding Company, and Tenet Healthcare Corporation and Certain Exhibits to the Declaration of Dean M. Harvey, ((Dkt. 259) (the "April 17 Reply")). The April 17 Reply and its attachments contain the same information, or are derived from the same information, that is subject to this Court's April 12 Sealing Order.

8. On that same day, Plaintiffs filed a Motion to Seal Portions of the April 17 Reply (the "April 17 Motion to Seal"). Based on discussions with counsel for Plaintiffs, undersigned counsel understands that Plaintiffs did so with the understanding that the Court's April 12 Sealing Order governed the materials that Plaintiffs requested to be sealed and required such materials to be sealed, though, as noted below, Plaintiffs took no position on whether the designated materials otherwise satisfied the standard for sealing.

9. On May 15, 2023, this Court denied Plaintiffs' April 17 Motion to Seal, on the bases that "Plaintiff takes no position on this motion, the only basis for sealing is that the

documents are marked 'Confidential' (which is not a sufficient basis for sealing), and Defendant USPI (the producing party) has not submitted any basis for sealing to this Court." (Dkt. 275).

10. The materials sought to be sealed in Plaintiffs' April 17 Motion to Seal, with the exception of Exhibit 2 to the Declaration of Dean M. Harvey, which is a document produced by DOJ (*see* Dkt. 266-2) contain the same information, or are derived from the same information, that is subject to this Court's April 12 Sealing Order.

11. Because the information sought to be sealed in Plaintiffs' April 17 Motion to Seal is the same information that was subject to this Court's April 12 Sealing Order (with the exception of the document that DOJ produced), USPI believed that the information was already sealed and did not understand that it was necessary to file a new submission restating the justifications for maintaining these materials under seal, which would be the same justifications that USPI cited in its April 7 Letter (Dkt. 245) and supporting declaration (Dkt. 247-1 at ¶ 11), and that the Court relied upon in its April 12 Sealing Order (Dkt. 257).

12. To the extent that any materials sought to be sealed in Plaintiffs' April 17 Motion to Seal are not already covered by this Court's April 12 Sealing Order, USPI respectfully submits that those materials should remain under seal for the same reasons stated in USPI's April 7 Letter and supporting declaration—namely, these materials were produced to Plaintiffs after being produced to the DOJ in connection with its investigation, and the "United States' position is that allowing the documents to remain under seal minimizes the risks to the integrity of the pending SCA criminal prosecution. Certain of these [exhibits filed by Plaintiffs] are likely to be trial exhibits that would not otherwise be made public prior to trial." (Dkt. 245 and Dkt. 247-1 at ¶ 11).

4

13. Should this Court prefer that USPI file a new submission explaining the basis for maintaining these materials under seal, USPI respectfully requests leave to do so, and will file its new submission promptly after the Court grants leave.

WHEREFORE, for the foregoing reasons, USPI respectfully requests that this Court grant this Motion for Reconsideration and order that the materials sought to be sealed in Plaintiffs' April 17 Motion to Seal remain under seal.

DATED: May 15, 2023

Respectfully submitted,

/s/ Veronica Moyé
Veronica Moyé (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
Tel: (214) 698-3320
Fax: (214) 571-2936
VMoye@gibsondunn.com

Kristen C. Limarzi (*pro hac vice*)
Melanie L. Katsur (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel: (202) 887-3684
Fax: (202) 530-9582
KLimarzi@gibsondunn.com
MKatsur@gibsondunn.com

Matthew Kramer
Jeffrey Hansen
ACTUATE LAW
641 W Lake St
Chicago, IL 60661
Tel: (312) 579-3138
matthew.kramer@actuatelaw.com
jeff.hansen@actuatelaw.com

*Attorneys for United Surgical Partners International, Inc., United Surgical Partners Holdings, Inc., and Tenet Healthcare Corporation*

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 15th day of May 2023, the foregoing Motion for Reconsideration was filed using the Court's CM/ECF system. In addition, (1) the filing is available for viewing and downloading via the CM/ECF system, and (2) the CM/ECF system will send notification of this filing to all attorneys of record who have registered for CM/ECF updates.

                                          */s/ Veronica Moyé*
                                          Veronica Moyé