IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE OUTPATIENT MEDICAL CENTER EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 1:21-cv-00305-SRH-YBK<br><br>**JOINT STATUS REPORT RE: UPDATE ON FACT DISCOVERY** |

Pursuant to the Court's February 20 (Dkt. No. 362), March 14 (Dkt. No. 364), and April 4, 2024 (Dkt. No. 380) Orders, the parties file this Joint Status Report to provide an update on fact discovery, including: (1) depositions completed; (2) depositions scheduled and confirmed; (3) depositions needed but not scheduled; (4) the status of any settlement discussions; and (5) discovery of materials from third parties, including the United States Department of Justice (the "Government").

I.  **PLAINTIFFS' DEPOSITIONS**

   A.  **Completed Depositions**

Plaintiffs have completed one deposition: Michael D. Staffieri (DaVita's COO) on April 5, 2024.

   B.  **Scheduled and/or Confirmed Depositions**

The status of each of Plaintiffs' scheduled and/or confirmed depositions is as follows:

| Number | Deponent | Party | Date | Status |
|---|---|---|---|---|
| 1 | James Walker | USPI | April 23, 2024 | Deposition noticed but not confirmed. USPI's counsel accepted service of the subpoena on Mr. Walker's behalf, but has not yet confirmed a date for him to be deposed. |
| 2 | Peter Clemens | SCA | May 2, 2024 | Deposition scheduled and confirmed. |

1

2986462.1

| Number | Deponent | Party | Date | Status |
|---|---|---|---|---|
| 3 | Jason Cagle | USPI | May 13, 2024 | Deposition noticed but not confirmed. Plaintiffs state that they have served Mr. Cagle with the subpoena, and that he has not yet confirmed that he is available to be deposed on May 13, 2024. |
| 4 | Robert Chipman | DaVita | May 13, 2024 | Deposition noticed but not confirmed. |
| 5 | James Rechtin | DaVita | May 16, 2024 | Deposition noticed but not confirmed. |
| 6 | Anthony Martin | USPI | May 20, 2024 | Deposition noticed but not confirmed. USPI's counsel accepted service of the subpoena on Mr. Martin's behalf, but has not yet confirmed a date for him to be deposed. |
| 7 | Kristen DesPalmes | DaVita | May 21, 2024 | Deposition scheduled and confirmed. |
| 8 | Alex Bateman | USPI | May 22, 2024 | Deposition scheduled and confirmed. |
| 9 | Leslie Wachsman | SCA | May 22, 2024 | Deposition scheduled and confirmed. |
| 10 | Colleen Arthur | DaVita | May 23, 2024 | Deposition scheduled and confirmed. |
| 11 | Mark Garvin | USPI | May 30, 2024 | Deposition scheduled and confirmed. |
| 12 | Michael Loiacano | Third-Party | May 30, 2024 | Deposition noticed but not confirmed. |
| 13 | Jimmy Tanner | Third-Party | June 4, 2024 | Deposition noticed but not confirmed. Plaintiffs state that they served the subpoena on Mr. Tanner on March 28, 2024, and that he has not yet confirmed that he is available to be deposed on June 4, 2024. |
| 14 | Clare Metcalf | Third-Party | June 6, 2024 | Deposition noticed but not confirmed. |
| 15 | Shannon McGarry | USPI | June 11, 2024 | Deposition scheduled and confirmed. |
| 16 | James "Skip" Thurman | DaVita | June 17, 2024 | Deposition noticed but not confirmed. Plaintiffs state that Mr. Thurman's counsel accepted service of the subpoena on April 3, 2024 but has not yet confirmed that Mr. Thurman is available to be deposed on June 17, 2024. |
| 17 | Cindy English | USPI | June 20, 2024 | Deposition scheduled and confirmed. |
| 18 | Joseph Clark | SCA | June 27, 2024 | Deposition noticed but not confirmed. SCA has provided Plaintiffs with alternative available dates. |

2986462.1

| Number | Deponent | Party | Date | Status |
|---|---|---|---|---|
| 19 | Laura Mildenberger | DaVita | July 11, 2024 | Deposition noticed but not confirmed. Plaintiffs state that they are proceeding to serve Ms. Mildenberger with the subpoena, and that she has not yet confirmed that she is available to be deposed on July 11, 2024. |
| 20 | Sandi Karrmann | USPI | July 16, 2024 | Deposition noticed but not confirmed. USPI's counsel accepted service of the subpoena on Ms. Karrmann's behalf, but has not yet confirmed a date for her to be deposed. |
| 21 | Bridie Fanning | SCA | July 17, 2024 | Deposition noticed but not confirmed. |
| 22 | Brian Mathis | SCA | July 24, 2024 | Deposition noticed but not confirmed. SCA has provided Plaintiffs with alternative available dates. |
| 23 | Michael Rucker | SCA | July 24, 2024 | Deposition noticed but not confirmed. SCA has provided Plaintiffs with alternative available dates. |
| 24 | Shannon Mosely | USPI | July 29, 2024 | Deposition noticed but not confirmed. USPI's counsel accepted service of the subpoena on Ms. Mosley's behalf, but has not yet confirmed a date for her to be deposed. |
| 25 | Joe Mello | DaVita | August 1, 2024 | Deposition noticed but not confirmed. DaVita's counsel accepted service of the subpoena on Mr. Mello's behalf, but has not yet confirmed that he is available to be deposed on August 1, 2024. |
| 26 | Josh Golomb | Third-Party | August 2, 2024 | Deposition noticed but not confirmed. Plaintiffs state that they served the subpoena on Mr. Golomb on March 28, 2024, and that he has not yet confirmed that he is available to be deposed on August 2, 2024. |
| 27 | Andrew Johnston | USPI | August 6, 2024 | Deposition noticed but not confirmed. USPI's counsel accepted service of the subpoena on Mr. Johnston's behalf, but has not yet confirmed a date for him to be deposed. |
| 28 | Brett Brodnax | USPI | August 7, 2024 | Deposition noticed but not confirmed. USPI's counsel accepted service of the subpoena on Mr. Brodnax's behalf, but has not yet confirmed a date for him to be deposed. |

2986462.1

| Number | Deponent | Party | Date | Status |
|---|---|---|---|---|
| 29 | Javier Rodriguez | DaVita | August 8, 2024 | Deposition noticed but not confirmed. DaVita's counsel has not yet confirmed that Mr. Rodriguez is available to be deposed on August 8, 2024. |
| 30 | Dennis Kogod | DaVita | August 15, 2024 | Deposition noticed but not confirmed. Plaintiffs state that they will proceed to serve Mr. Kogod with an amended subpoena, and that he has not yet confirmed that he is available to be deposed on August 15, 2024. |
| 31 | Bill Wilcox | USPI | August 20, 2024 | Deposition noticed but not confirmed. USPI's counsel accepted service of the subpoena on Mr. Wilcox's behalf, but has not yet confirmed a date for him to be deposed. |
| 32 | William "Bill" Hughson | Third-Party | August 21, 2024 | Deposition noticed but not confirmed. Plaintiffs state that they are proceeding to serve Mr. Hughson with the subpoena, and that he has not yet confirmed that he is available to be deposed on August 21, 2024. |
| 33 | Kent Thiry | Thiry | September 12, 2024 | Deposition noticed but not confirmed. |
| 34 | Andrew Hayek | Hayek | September 18, 2024 | Deposition scheduled and confirmed. |

### C. Depositions Needed But Not Scheduled

Pursuant to the Court's Order dated March 22, 2024 (Dkt. No. 376), Plaintiffs may issue up to ten additional deposition notices or subpoenas prior to August 1, 2024.

## II. DEFENDANTS' DEPOSITIONS

### A. Completed Depositions

Defendants have not yet taken a deposition.

### B. Scheduled and/or Confirmed Depositions

The status of each of Defendants' scheduled and/or confirmed depositions is as follows:

2986462.1

| Number | Deponent | Party | Date | Status |
|---|---|---|---|---|
| 1 | Allen Spradling | Plaintiffs | July 16, 2024 | Deposition noticed but not confirmed. The parties are conferring to schedule the deposition for a date when Mr. Spradling is available. |
| 2 | Scott Keech | Plaintiffs | August 22, 2024 | Deposition noticed but not confirmed. Plaintiffs will soon confirm whether Mr. Keech is available to be deposed on August 22, 2024. |

### C. Depositions Needed But Not Scheduled

By email dated March 28, 2024, Defendants notified Plaintiffs that they intend to cross-notice the depositions of Clare Metcalf, Josh Golomb, Jimmy Tanner, Bill Hughson, Michael Loiacano, Dennis Kogod, Skip Thurman, Bridie Fanning, and Jason Cagle. Defendants asked to be notified once Plaintiffs successfully served the deposition subpoenas on these witnesses so that Defendants may then properly serve cross-notices. Defendants also asked to meet and confer to discuss dates for these depositions that would work for all parties and the witness. Now that Plaintiffs have begun serving the third-party witnesses, Defendants expect those meet-and-confer discussions to occur soon. Defendants will serve cross-notices promptly thereafter.

Additionally, pursuant to the Court's Order dated March 22, 2024 (Dkt. No. 376), Defendants may issue up to ten additional deposition notices or subpoenas prior to August 1, 2024.

## III. SETTLEMENT DISCUSSIONS

The parties do not have an update to report regarding settlement.

## IV. THIRD PARTY DISCOVERY

### A. Plaintiffs' Statement

Plaintiffs continue to serve subpoenas on relevant third parties, regarding both documents and depositions. Third parties have produced 1,126 documents since the parties' last discovery status report, filed on February 15, 2024 (Dkt. No. 361).

5

Plaintiffs have continued to meet and confer with the Government regarding Plaintiffs' subpoenas seeking materials related to the Government's now-concluded criminal investigation. On June 28, 2023, this Court denied without prejudice Plaintiffs' motion to compel these materials, and held that Plaintiffs needed to obtain rulings from the District Courts in which the two grand jury proceedings occurred (namely, the District of Colorado and the Northern District of Texas) regarding access to grand jury materials, and asked the Government to provide Plaintiffs with information regarding the "the scope, quantity and nature of these materials, preferably in the form of an index or chart[.]" Dkt. No. 293.

Since that Order, the Government has provided Plaintiffs with only a partial index regarding materials related to the Colorado proceedings, and no index whatsoever regarding materials related to the Texas proceedings. While the Government has agreed to provide the information the Court requested, the Government has refused to provide a date by which it will do so, and has indicated that it will likely not complete this task for several additional months. By then, it may be too late for Plaintiffs to take the necessary steps to compel production of materials Plaintiffs may need.

In addition to being tardy and incomplete, the indexes also fail to provide sufficient information regarding the documents they do identify for Plaintiffs to determine whether to seek the withheld documents, and how to evaluate the Government's bases for withholding them. For instance, one index entry describes a document only as "sealed filing." All exhibits the Government provided to the grand jury are described only as "Grand jury exhibit." Such "vague and generic description[s]" do not provide sufficient information for Plaintiffs or the Court to assess the relevance of the documents or the basis for the Government's withholding. *RBS Citizens, N.A. v. Husain*, 291 F.R.D. 209, 218 (N.D. Ill. 2013).

6

2986462.1

Plaintiffs respectfully request the Court to order the Government to provide Plaintiffs with complete indexes regarding responsive documents it intends to withhold from Plaintiffs by a date certain. Plaintiffs suggest 30 days from the entry of an order. Plaintiffs also respectfully request that the Court require the Government to describe the responsive, withheld documents with sufficient detail so that Plaintiffs and potentially the Court can determine the importance of the withheld materials and evaluate the bases for the Government's withholding.

Despite the Government's failure to provide Plaintiffs with the index information that the Court requested nearly ten months ago, Plaintiffs filed a Petition with the District of Colorado seeking access to the related grand jury materials, in light of the depositions described above that have now begun. *United States v. DaVita Inc., et al.*, Case No. 1:21-cr-00229-RBJ (D. Colo. Mar. 2, 2024), Dkt. No. 297. On March 29, 2024, the District of Colorado held that the only issue it could resolve was whether the Government needed to produce the grand jury transcripts. *Id.*, Dkt. No. 304 at 4-5. Other disputed documents related to the Government's criminal investigation, such as documents shown to the grand jury, FBI interview notes of percipient witnesses, and FBI memos memorializing interviews with percipient witnesses (form 302s), "would almost certainly be relevant to the Illinois case" but "can be obtained through discovery in the civil suit, and the court there can deal with any objections." *Id.* at 5. Accordingly, Plaintiffs intend to file a motion to compel these materials with this Court, hopefully after the Government has provided Plaintiffs with complete and sufficiently detailed indexes by a date certain. With respect to the grand jury transcripts, the District of Colorado denied Plaintiffs' request, largely because Plaintiffs already have "access to the full transcript of the jury trial." *Id.* at 6. Plaintiffs intend to file soon a similar petition in the Northern District of Texas seeking grand jury transcripts related to that proceeding. In contrast to the Colorado proceeding, there was no jury trial in the Northern District of Texas,

and so Plaintiffs' need for the grand jury transcripts there is substantially greater.

The Government informed Plaintiffs that it objects to Plaintiffs' request for a deadline to provide indexes of withheld materials.

### B. Defendants' Position

As Defendants DaVita Inc. and Kent Thiry explained in response to Plaintiffs' petition in the District of Colorado (*United States v. DaVita Inc., et al.*, Case No. 1:21-cr-00229-RBJ (D. Colo. Mar. 26, 2024), Dkt. No. 303), Defendants have not been included in the negotiations between Plaintiffs and the Government, and lack clarity as to the full scope of the materials at issue. If Plaintiffs file a motion to compel in this Court, Defendants request the opportunity to be heard, as they were in connection with Plaintiffs' prior motion to compel in this Court. *See* Dkt. No. 249. In addition, Defendants will file their positions, if any, on any petitions or motions filed by Plaintiffs in the District of Colorado or the Northern District of Texas once those petitions and/or motions are filed and as it is appropriate to do so.

### V. ADDITIONAL MATTERS

The Parties respectfully note that they have outstanding disagreements with respect to the case schedule, as reflected in the Joint Status Report dated February 12, 2024 (Dkt. No. 357). The February 12 Joint Status Report was originally presented to Judge Wood but was not ruled upon before the reassignments in this matter. Plaintiffs emailed Defendants this afternoon to request that they extend the parties' proposed deadline of May 6, 2024, to move to amend the pleadings or add parties. *See* Dkt. No. 357-1 at 1. Defendants are evaluating Plaintiffs' request and will be prepared to address it at the case management conference.

| | |
|---|---|
| Dated:  April 18, 2024 | Respectfully submitted, |

*/s/ Dean M. Harvey*

Dean M. Harvey (*pro hac vice*)
Lin Y. Chan (*pro hac vice*)
Sarah D. Zandi (*pro hac vice*)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
dharvey@lchb.com
lchan@lchb.com
szandi@lchb.com

Jessica A. Moldovan (*pro hac vice*)
Emily Harwell (*pro hac vice*)
LIEFF CABRASER HEIMANN &BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Telephone: (212) 355-9500
Facsimile: (212) 355-9592
jmoldovan@lchb.com
eharwell@lchb.com

Linda P. Nussbaum (*pro hac vice*)
NUSSBAUM LAW GROUP, P.C.
1133 Avenue of the Americas, 31st Floor
New York, NY 10036
(917) 438-9102
lnussbaum@nussbaumpc.com

Michael L. Roberts (*pro hac vice*)
Karen Halbert (*pro hac vice*)
Sarah DeLoach (*pro hac vice*)
Kelly Rinehart (*pro hac vice*)
ROBERTS LAW FIRM US, PC
1920 McKinney Ave., Suite 700
Dallas, TX 75204
Telephone: (501) 821-5575
mikeroberts@robertslawfirm.us
karenhalbert@robertslawfirm.us
sarahdeloach@robertslawfirm.us
kellyrinehart@robertslawfirm.us

Erich P. Schork (admitted under L.R. 83.10)
ROBERTS LAW FIRM US, PC
P.O. Box 31909
Chicago, IL 60631
Telephone: (708) 497-9068
erichschork@robertslawfirm.us

Joseph R. Saveri (admitted under L.R. 83.10)
JOSEPH SAVERI LAW FIRM, LLP
601 California Street, Suite 1505
San Francisco, California 94108
Tel: (415) 500-6800
Fax: (415) 395-9940
jsaveri@saverilawfirm.com

*Interim Co-Lead Class Counsel*

*/s/ Amy B. Manning*

Amy B. Manning
Angelo M. Russo
Christina M. Egan
Sarah A. Zielinski
Christopher J. Karamanos
MCGUIREWOODS LLP
77 West Wacker Drive
Suite 4400
Chicago, IL 60601-7567
(312)849-8100
amanning@mcguirewoods.com
arusso@mcguirewoods.com
cegan@mcguirewoods.com
szielinski@mcguirewoods.com
ckaramanos@mcguirewoods.com

Daniel E. Laytin, P.C.
James H. Mutchnik, P.C.
Taylor Rothman
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000
dlaytin@kirkland.com
jmutchnik@kirkland.com
taylor.rothman@kirkland.com

Catie Ventura
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 389-5000
catie.ventura@kirkland.com

*Attorneys for Defendants Surgical Care Affiliates, LLC and SCAI Holdings, LLC*

2986462.1

        */s/ Veronica Moyé*

Veronica Moyé (*pro hac vice*)
KING & SPALDING LLP
1185 Avenue of the Americas
34th Floor
New York, NY 10036
Tel: (212) 556-2100
vmoye@kslaw.com

Lazar P. Raynal (Bar. No. 6199215)
KING & SPALDING LLP
110 N. Wacker Drive
Suite 3800
Chicago, IL 60606
Tel: (312) 764-6947
lraynal@kslaw.com

Julia C. Barrett (*pro hac vice*)
KING & SPALDING LLP
500 West 2nd Street
Suite 1800
Austin, Texas 78701
Tel: (512) 457-2053
jbarrett@kslaw.com

Emily Newton (*pro hac vice*)
KING & SPALDING LLP
1180 Peachtree Street, NE
Suite 1600
Atlanta, Georgia 30309
Tel: (404) 572-2745
enewton@kslaw.com

Julianne Duran (*pro hac vice*)
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Suite 900
Washington, D.C. 20006
Tel: (202) 626-9625
jduran@kslaw.com

*Attorneys for United Surgical Partners Holdings, Inc., United Surgical Partners International, Inc., and Tenet Healthcare Corporation*

*/s/ Kenneth M. Kliebard*

Kenneth M. Kliebard
Staci M. Holthus
MORGAN, LEWIS & BOCKIUS LLP
110 North Wacker Drive
Chicago, IL 60606
Tel: (312) 324-1000
kenneth.kliebard@morganlewis.com
staci.holthus@morganlewis.com

Molly Moriarty Lane (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
One Market
Spear Street Tower
San Francisco, CA 94105-1596
Tel: (415) 442-1000
molly.lane@morganlewis.com

Nathan T. Shapiro (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178-0060
Tel.: (212) 309-6000
nathan.shapiro@morganlewis.com

*Attorneys for Defendant DaVita Inc.*

*/s/ Jeffrey C. Bank*

Jeffrey C. Bank (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI, P.C.
1700 K Street NW, Fifth Floor
Washington, DC 20006
(212) 497-7761
Email: jbank@wsgr.com

Brian Joseph Smith
K&L GATES, LLP
70 W. Madison Street
Chicago, IL 60602
(312) 807-4202
Email: brian.j.smith@klgates.com

*Attorneys for Defendant Andrew Hayek*

13

*/s/ Jeffrey E. Stone*

Jeffrey E. Stone
Katharine M. O'Connor
Daniel Campbell
MCDERMOTT, WILL & EMERY LLP
444 West Lake Street, Suite 400
Chicago, IL 60605
(312) 372-2000
jstone@mwe.com
koconnor@mwe.com
dcampbell@mwe.com
*Attorneys for Defendant Kent Thiry*

14

2986462.1

## **CERTIFICATE OF SERVICE**

I, Dean M. Harvey, an attorney, hereby certify that the **Joint Status Report re: Update on Fact Discovery** was electronically filed on April 18, 2024, and will be served electronically via the Court's ECF Notice system upon the registered parties of record.

Dated: April 18, 2024  */s/ Dean M. Harvey*
Dean M. Harvey