UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In Re OUTPATIENT MEDICAL CENTER EMPLOYEE ANTITRUST LITIGATION ) ) ) ) ) THIS DOCUMENT RELATES TO: ) ALL ACTIONS ) | Master Docket No. 1:21 C 305<br><br>Judge Harjani<br><br>Judge Kim |

### NONPARTY DOJ'S STATUS REPORT

Nonparty Department of Justice, by Morris Pasqual, Acting United States Attorney for the Northern District of Illinois, provides the following status report for the court's benefit.

**A. Overview of the Status of Discovery Requests to Non-party DOJ**

Plaintiffs have now issued two subpoenas to the DOJ seeking over a million documents collected and created as part of two separate criminal investigations, *United States v. DaVita Inc.,* No. 21 CR 229 (D. Colo.) and *United States v. Surgical Care Affiliates*, No. 21 CR 11 (N.D. Tex.). As detailed below, DOJ has diligently worked to attempt to narrow the plaintiffs' requests and respond to the subpoenas. Nevertheless, in what purports to be the parties' joint status report, plaintiffs present several pages of arguments, including, (1) plaintiffs' interpretations of the Colorado court's denial of their petition for Rule 6(e) materials; (2) that DOJ has not complied with its discovery obligations; and (3) that DOJ should be ordered to provide additional and revised document indexes. When provided a draft of the status report the afternoon of April 17, DOJ immediately objected on grounds that the *parties'* joint status report is not the proper vehicle to litigate discovery disputes with a *nonparty*. DOJ continues to maintain that the court's request for a general status report from the parties did not contemplate briefing on discovery disputes. For purposes of a full and correct record, DOJ provides the following update.

1. DOJ Productions

DOJ has made eleven productions to date. At a high level, these include:

| Date of Production | Description |
|---|---|
| 9/15/22 | Trial exhibits from *U.S. v. DaVita* |
| 10/3/23 | Public records held by DOJ |
| 1/8/24 | Third-party materials |
| 1/8/24 | Third-party materials |
| 1/19/24 | Third-party materials |
| 1/19/24 | DOJ Documents |
| 2/23/24 | Public records held by DOJ |
| 3/4/24 | FBI Form 302 interview reports |
| 3/8/24 | FBI Form 302 interview reports |
| 3/28/24 | Third-party materials |
| 3/29/24 | FBI Form 302 interview reports |

2. DOJ Indexes of Withheld Documents

DOJ has provided plaintiffs with document-by-document indexes of materials that it is withholding on various bases. DOJ provided its first index on January 19, 2024, its second index on February 26, 2024, and third index on April 19, 2024. These indexes provide sufficient information about the "scope, quantity and nature" of the materials being withheld. Dkt. 293.

In their status report, plaintiffs identify two descriptions from the indexes they believe are inadequate. First, plaintiffs complain that "all exhibits the Government provided to the grand jury are described only as 'Grand jury exhibit'"—apparently suggesting that the court in this civil matter order a more detailed description of what was presented to the grand jury in Colorado. But the Colorado court already denied this request, holding, "Plaintiffs do not have a reasonable need to learn which documents the government selected for use before the Grand Jury." *DaVita* Dkt. 304 at 5. Plaintiffs' attempt to relitigate further identification of grand jury exhibits is improper.

Plaintiffs also complain of one entry described as a "sealed filing." A sealed document is only viewable by the judge, and plaintiffs have not articulated a reason why they are entitled to further information.

Finally, plaintiffs' assertion that DOJ was to provide an index of the FBI materials being withheld "nearly ten months ago" misleads the court. The FBI previously did not authorize disclosure of *any* of its documents because it would interfere with enforcement proceedings against SCA, among other reasons. Accordingly, DOJ provided a basic index of FBI materials being withheld in September 2023. The SCA criminal case was dismissed on November 15, 2023. The parties met and conferred on November 29, and the FBI revised its position and agreed to produce certain documents, subject to review for privilege and other bases for withholding. Three productions of FBI materials and three indexes listing documents being withheld, and that bases for withholding them, have followed.

3. <u>Status of Remaining Discovery</u>

On January 9, 2024, plaintiffs served DOJ with a second subpoena that was even broader than the first, seeking, *inter alia*, "all documents and records associated with" *United States v. Surgical Care Affiliates*, 21 CR 11 (N.D. Tex.). DOJ formally responded to the subpoena on February 2, 2024. DOJ agreed to produce relevant documents, subject to the same general parameters as plaintiffs' request for *DaVita* materials. After a meet and confer between DOJ and the plaintiffs on March 21, 2024, plaintiffs agreed to exclude from both subpoenas (1) purely logistical correspondence; (2) subpoena compliance efforts; (3) FBI notes preceding 302 memos; and (4) travel records.

The original subpoena calls for production of many of the same documents as the new subpoena, and DOJ therefore has been continuing to review and produce materials in due course, while attempting to prioritize substantive documents such as the FBI 302 interview reports. Along with numerous competing law enforcement priorities, FBI's discovery process requires careful review of its investigative materials to ensure privileges are maintained, which necessitates time

3

and resources. Nevertheless, DOJ has already made three productions of FBI materials and will continue to diligently complete its review of the remaining documents. It is not possible to provide an exact date the review will be completed by FBI, but it has, and will continue, to diligently conduct its review and timely produce documents in this civil dispute in which it is not a party.

    Respectfully submitted,

    MORRIS PASQUAL
    Acting United States Attorney

    By: s/ Michael D. Claus
        MICHAEL D. CLAUS
        Assistant United States Attorney
        219 South Dearborn Street
        Chicago, Illinois 60604
        (312) 469-6021
        michael.claus@usdoj.gov