**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| IN RE OUTPATIENT MEDICAL CENTER EMPLOYEE ANTITRUST LITIGATION | Master Docket No.: 1:21-cv-00305-SRH-YBK |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
RECONVENE THE DEPOSITION OF DENNIS KOGOD AND FOR LEAVE FOR
ADDITIONAL TIME**

**[REDACTED]**

## TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................................... 1

FACTUAL BACKGROUND ..................................................................................... 3

    A.    From at Least 2008 to 2019, Defendants Conspired to Suppress Competition for Employees and Thereby Reduce Employee Compensation. ....................................................................................... 3

    B.    Kogod's Background and Knowledge of the Conspiracy. .................... 5

    C.    Defendants Terminated Kogod's Deposition After About Five Hours. ................ 5

LEGAL STANDARD ............................................................................................... 6

ARGUMENT ............................................................................................................ 7

    A.    Plaintiffs Are Entitled to the Standard Total of Seven Hours. .............. 7

    B.    Good Cause Exists for Additional Time to Depose Kogod. .................. 9

        1.    Kogod Is a Key Witness. ............................................................ 9

        2.    The Case Spans a Long Time Period. ...................................... 11

        3.    The Case Has Multiple Parties and Is Complex. .................... 11

        4.    Kogod Prolonged the Deposition. ........................................... 13

        5.    DaVita Concealed and Discouraged Written Evidence of the Conspiracy. ............................................................................. 13

    C.    Six Additional Hours Is Reasonable and Not Unduly Burdensome. .................. 14

CONCLUSION ....................................................................................................... 15

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Big Baboon Corp. v. Dell, Inc.*,
   No. CV 09-01198 SVW (SSx), 2010 WL 11459800 (C.D. Cal. Aug. 23, 2010) ...................7, 12

*Canal Barge Co. v. Commonwealth Edison Co.*,
   No. 98 C 0509, 2001 WL 817853 (N.D. Ill. July 19, 2001) ....................................................13

*Deslandes v. McDonald's USA, LLC*,
   81 F.4th 699 (7th Cir. 2023) .................................................................................................3

*George K. Baum Advisors LLC v. Sprint Spectrum, L.P.*,
   No. 11-2442-JTM, 2013 WL 3166335 (D. Kan. June 20, 2013)........................................9, 10

*Harris v. Henry*,
   No. 1:2-cv-00366-DAE, 2024 WL 3544606 (W.D. Tex. July 25, 2024) ................................9

*Hunter v. Wireless PCS Chicago LLC*,
   No. 18 CV 980, 2021 WL 4621889 (N.D. Ill. Oct. 5, 2021) ....................................................8

*Malibu Media, LLC v. Tashiro*,
   No. 1:13-cv-00205-WTL-MJD, 2015 WL 2371597 (S.D. Ind. May 18, 2015) .......................2

*Marshall v. GE Marshall, Inc.*,
   No. 2:09 cv 198, 2012 WL 405714 (N.D. Ind. Feb. 8, 2012)..................................................13

*Mitnor Corp. v. Club Condos.*,
   339 F.R.D. 312 (N.D. Fla. 2021) ...........................................................................................2

*Nat'l Athletic Sportswear, Inc. v. Westfield Ins. Co.*,
   528 F.3d 508 (7th Cir. 2008) .................................................................................................6

*Novelty, Inc. v. Mountain View Mktg., Inc.*,
   265 F.R.D. 370 (S.D. Ind. 2009)............................................................................................8

*PeopleFlo Mfg., Inc. v. Sundyne, LLC*,
   No. 20 CV 3642, 2022 WL 7102662 (N.D. Ill. Oct. 12, 2022) (Kim, J.).................6, 7, 11, 12

*Pyour BV v. Ingredion Inc.*,
   No. 15 CV 8690, 2018 WL 11219969 (N.D. Ill. Mar. 14, 2018) .............................................7

*Schloss v. City of Chicago*,
   No. 18 C 1880, 2021 WL 4962664 (N.D. Ill. May 17, 2021) .................................................10

# TABLE OF AUTHORITIES

**Page**

*Servis One, Inc. v. OKS Group Int'l Pvt. Ltd.*,
No. 20-cv-4661, 2022 WL 605439 (E.D. Pa. Feb. 28, 2022) .............................................11, 12

*Syncora Guar. Inc. v. EMC Mortg. Corp.*,
No. C 12-80028 SI, 2012 WL 12505608 (N.D. Cal. Mar. 8, 2012) ..................................10, 11

*United States v. City of Evansville*,
No. 3:09-cv-00128-WTL-WGH, 2012 WL 3867134 (S.D. Ind. Sept. 5, 2012).............. *passim*

*United States v. DaVita Inc.*,
No. 21-cr-00229-RBJ (D. Colo.) .............................................................................................1

*VirnetX Inc. v. Cisco Sys., Inc.*,
No. 6:10-CV-417, 2012 WL 7997962 (E.D. Tex. Aug. 8, 2012) .............................................9

**Statutes**

Fed. R. Civ. P. 26(b)(1).................................................................................................................6

Fed. R. Civ. P. 26(b)(2).................................................................................................................6

Fed. R. Civ. P. 30(d) .............................................................................................................1, 7, 8

Fed. R. Civ. P. 30(d)(1).............................................................................................................6, 7

Fed. R. Civ. P. 30(d)(1) advisory committee's note to 2000 amendment ............................ *passim*

Sherman Act § 1............................................................................................................................3

## INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 30(d), Plaintiffs Scott Keech and Allen Spradling ("Plaintiffs") respectfully request that the Court authorize Plaintiffs to reconvene the uncompleted deposition of third-party witness Dennis Kogod ("Kogod"), and also grant Plaintiffs additional time to depose the witness. Kogod was Defendant DaVita Inc. ("DaVita")'s former Chief Operating Officer ("COO") and Defendant Kent Thiry ("Thiry")'s long-time right-hand man. As such, Kogod has extensive personal knowledge about the fact and consequences of the challenged conspiracy. He also helped to monitor and enforce specific no-poach agreements, understood the lack of any business justifications for the no-poach agreements, and oversaw employee recruiting and compensation decisions for almost every division of DaVita. Consequently, Kogod testified as the U.S. Department of Justice ("DOJ")'s primary witness in the DaVita criminal trial (*United States v. DaVita Inc.*, No. 21-cr-00229-RBJ (D. Colo.)).

It is perhaps because Kogod is both a key and damaging witness to Defendants that Defendants seek to curtail Kogod's deposition to *under* seven hours and oppose Plaintiffs' request for additional time. Although the parties deposed Kogod on September 6, the deposition lasted only about five hours because Defendants refused to permit the deposition to continue after Defendants failed to use the remaining time. Plaintiffs should be permitted to reconvene the deposition for an additional six hours (including the two remaining hours and four additional hours of deposition time).

At the outset of the deposition, Kogod (unrepresented at the deposition) refused to sign the protective order and requested the ability to consult with counsel before signing. Defendants agreed to move forward with the deposition as to documents not covered by the protective order and reconvene after Kogod consulted with his counsel. Though Defendants later reversed course, this initial agreement was reasonable, practical, and would allow Plaintiffs to question

- 1 -

Kogod about important documents—including the FBI memos summarizing the FBI's four separate interviews of Kogod—that Plaintiffs were unable to use on September 6.

Moreover, seven hours is the default rule. Although Plaintiffs previously agreed to a 4 hour/3 hour split of the seven-hour time limit with Defendants who had cross-noticed the deposition, Plaintiffs did so without prejudice to seeking more time and warned Defendants that given Kogod's knowledge and the number of documents associated with him, even seven hours would be insufficient. As discussed below, Defendants used only one hour of their three-hour allocation and artificially cut the deposition short. This gamesmanship impeded the truth-seeking function of the deposition and should not be countenanced. *See Mitnor Corp. v. Club Condos.*, 339 F.R.D. 312, 316 (N.D. Fla. 2021) (counsel may not "use the lack of judicial oversight inherent in depositions to obstruct the proceedings" or "hijack[] or misuse" the deposition); *Malibu Media, LLC v. Tashiro*, No. 1:13-cv-00205-WTL-MJD, 2015 WL 2371597, at *22 (S.D. Ind. May 18, 2015) ("The rules governing discovery contemplate that parties will obtain the fullest possible knowledge of the issues and facts before trial," because trial should not be "a game of blind man's bluff[.]" (cleaned up) (citation omitted)).

Further, good cause supports an additional four hours of deposition time beyond the presumptive seven-hour deposition limit (a total of six hours). Additional time is warranted because, as discussed below: (1) Kogod's role as an executive and right-hand man to the "primary engineer" of the conspiracy and no-poach agreements (Thiry, DaVita's President and CEO) for over a decade makes him a key witness in this case; (2) this case (and Kogod's personal knowledge) spans over ten years and requires time for additional questioning; (3) this is a complex, multi-party case; (4) Kogod's insistence on reviewing the criminal trial transcript "page by page" and document by document during the deposition; (5) DaVita concealed written

evidence of the no-poach agreements thereby augmenting the importance of witness testimony about the conspiracy; and (6) an additional six hours is modest and not unduly burdensome given the additional documents and topics that remain to be covered and Plaintiffs' willingness to depose Kogod near his home.

Accordingly, Plaintiffs should be permitted to reconvene Kogod's deposition to permit Plaintiffs to examine Kogod for the remaining two hours, and to permit Plaintiffs to examine Kogod for an additional four hours.

## FACTUAL BACKGROUND

A.    **From at Least 2008 to 2019, Defendants Conspired to Suppress Competition for Employees and Thereby Reduce Employee Compensation.**

Plaintiffs allege that Defendants DaVita, Thiry, Surgical Care Affiliates, LLC, SCAI Holdings, LLC (together, "SCA"), Andrew Hayek ("Hayek"), United Surgical Partners International, Inc., United Surgical Partners Holdings, Inc., and Tenet Healthcare Corporation (together, "USPI") entered into a conspiracy amongst themselves and with other unnamed co-conspirators to suppress competition among each other for employees, including through no-poach agreements. 2d Consol. Am. Class Action Compl. ("Compl.") ¶¶ 53–54, ECF No. 280. Additionally, Plaintiffs allege that the CEOs and other senior executives of co-conspirator companies established, monitored, and enforced the conspiracy. *Id.* Under controlling Seventh Circuit law, such agreements are per se unlawful under Section 1 of the Sherman Act. *Deslandes v. McDonald's USA, LLC*, 81 F.4th 699, 702 (7th Cir. 2023).

These no-poach agreements injured members of the employee class because Defendants did not increase class member pay by as much as the Defendants otherwise would have, if Defendants did not conspire to suppress competition between them. Compl. ¶¶ 76–79. Reduced competition lowered class member pay because: (1) the same CEOs and senior executives who

created, maintained, and enforced the conspiracy were also in charge of determining company-wide pay increases and labor budgets; (2) Defendants determined pay increases and labor budgets in light of anticipated employee competition, competition that was suppressed unlawfully by the conspiracy; and (3) like any sophisticated company, each corporate defendant paid their employees pursuant to a firm-wide pay structure that maintained internal equity, and the conspiracy suppressed the rise of the entire pay structure. *Id.* ¶¶ 71–92.

These allegations follow two criminal cases brought by the DOJ against SCA, DaVita, and Thiry for agreeing with competing employers not to poach each other's employees. Compl. ¶¶ 2–8. However, this case is broader than the criminal cases in several key respects. First, unlike Plaintiffs, the DOJ did not seek compensation for employees who were injured by the misconduct, and so the DOJ did not seek to establish or measure damages. Second, whereas the DOJ brought two separate criminal cases against SCA and DaVita, Plaintiffs brought one claim against all Defendants alleging a common conspiracy. *See id.* ¶ 114; *see also* Decl. of Lin Y. Chan ISO Mot. to Reconvene ("Chan Decl.") Exs. 15–16. Third, Plaintiffs also allege a longer conspiracy—a conspiracy period dating back to 2010 for USPI and SCA and dating back to 2012 for DaVita through 2019 compared with the DOJ's allegations of a conspiracy from at least 2010 through 2017.[1] Compl. ¶¶ 6–8, 101. Finally, while the DOJ's indictments focused on senior-level (*i.e.*, director-level and above) employees (*id.* ¶¶ 6–7; Chan Decl. Exs. 15–16), Plaintiffs allege impact on a broader set of employees (Compl. ¶¶ 10–11, 92).[2]

---

[1] Through discovery, Plaintiffs obtained evidence showing that ██████████████████████ ████████ and continued through at least 2019. *See, e.g.*, Chan Decl. Ex. 2 at DOJCIV-008-00000239–40; *see also* Chan Decl. Ex. 17 at 491:10–15.

[2] After the conclusion of the criminal cases, Plaintiffs obtained evidence that supports these broader allegations. *See, e.g.*, Chan Decl. Ex. 3 at 202:6–14, Ex. 4 (enforcing the no-poach agreement against a manager), Ex. 5 at 126:3–129:21, Ex. 6 (Radiology Partners agreed not to recruit "DVA teammates" and did not specify employee level), Ex. 7 (no-poach agreement applied to "low level" employee), Ex. 8 at 215:13–218:20.

**B.** **Kogod's Background and Knowledge of the Conspiracy.**

Aside from Kogod, no other DaVita witness both has personal knowledge about the conspiracy and lacks fear of either criminal prosecution or retaliation from Thiry, who remains influential in the community. *See* Chan Decl. Ex. 8 at 9:23–10:2, Ex. 9 at 95:10–96:22, 122:16–123:8. Kogod, who spent fourteen years as a DaVita executive, had a front-row seat to the conspiracy. Chan Decl. Ex. 1 at 58:3–20. He began at DaVita as a Group President, later served as the COO of DaVita Kidney Care from 2009 to approximately mid-2013, and then ran DaVita HealthCare Partners until November 2016. *Id.* Moreover, Kogod reported directly to Thiry, and ███████████████████ *Id.* at 59:2–20, 61:3–14, Ex. 10 at DOJCIV-008-00000090.

Kogod, due to his position at DaVita, possesses firsthand knowledge of and participated in the conspiracy. Thus, Kogod identified Thiry as "the primary engineer of the no-poach agreements," Chan Decl. Ex. 3 at 59:13–16, and testified that these agreements were "discussed openly, as part of the executive team," *id.* at 34:3–36:5, Ex. 1 at 67:8–15. And Kogod did not simply bear witness to the illegal conduct: he proactively monitored and enforced the agreements. *Id.* Ex. 1 at 70:16–71:16, Ex. 3 at 76:11–77:11.

**C.** **Defendants Terminated Kogod's Deposition After About Five Hours.**

All parties noticed Kogod's deposition for September 6. Chan Decl. ¶ 2. Prior to the deposition, the parties met and conferred to allocate the seven hours of examination time. *Id.* ¶ 3. Plaintiffs explained the need for additional time and requested a full seven hours of questioning for Kogod. *Id.* ¶ 3. Ultimately, Plaintiffs agreed to four hours for Plaintiffs and three for Defendants, reserving the right to seek additional time to depose Kogod in the future. *Id.*

On September 6, 2024, Kogod appeared at the deposition without counsel. Chan Decl. Ex. 3 at 9:24–25. He also refused to sign the protective order until he had an opportunity to

consult with counsel. *Id.* at 9:24–10:11. The parties agreed to proceed with the deposition to the extent possible without documents that could not be shown to the witness due to the protective order and to reconvene the deposition once Kogod had the opportunity to seek advice of counsel. *Id.* But once Plaintiffs used four hours and Defendants ended their examination after only an hour, Defendants prematurely terminated the deposition and refused to reconvene after Kogod had the opportunity to consult with counsel. *Id.* at 219:6–220:10. Since the deposition, the DOJ has specifically authorized Plaintiffs to use the FBI Form 302 notes from Kogod's and Hayek's FBI interviews during Kogod's reconvened deposition pursuant to ¶ 4(A)(xi) of the Protective Order (ECF No. 72). *Id.* ¶ 6. Plaintiffs now seek to reconvene Kogod's deposition to examine the witness for the remaining two of seven hours and also respectfully request that the Court grant Plaintiffs an additional four hours to question Kogod about additional documents and topics.

## **LEGAL STANDARD**

A party that notices a deposition pursuant to Federal Rule of Civil Procedure 30(d)(1) is presumptively entitled to take a deposition for a minimum of "1 day of 7 hours." Fed. R. Civ. P. 30(d)(1). This seven-hour default also applies to non-party witnesses. *United States v. City of Evansville*, No. 3:09-cv-00128-WTL-WGH, 2012 WL 3867134, at *1 (S.D. Ind. Sept. 5, 2012). However, "Rule 30 'does not cap depositions categorically at seven hours.'" *PeopleFlo Mfg., Inc. v. Sundyne, LLC*, No. 20 CV 3642, 2022 WL 7102662, at *3 (N.D. Ill. Oct. 12, 2022) (Kim, J.) (quoting *Nat'l Athletic Sportswear, Inc. v. Westfield Ins. Co.*, 528 F.3d 508, 521 (7th Cir. 2008)). "To the contrary, it specifies that the 7-hour limit applies 'unless otherwise authorized by the court,' and directs that 'the court must allow additional time . . . to fairly examine the deponent,'" or if "any other circumstance impedes or delays the examination," to the extent "consistent with Rule 26(b)(1) and (2)." *Id.* at *2 (quoting Fed. R. Civ. P. 30(d)(1)). "The

presumptive duration may [also] be extended, or otherwise altered, by agreement." Fed. R. Civ. P. 30(d)(1) advisory committee's note to 2000 amendment.

"Absent agreement, a court order is needed [to extend a deposition]. The party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order." Fed. R. Civ. P. 30(d)(1) advisory committee's note to 2000 amendment. "The advisory committee notes set forth a list of non-exclusive factors courts should consider in determining whether additional time is warranted, including in the case of multi-party litigation, where the deposition testimony 'cover[s] events occurring over a long period of time,' and when the witness 'will be questioned about numerous or lengthy documents.'" *PeopleFlo*, 2022 WL 7102662, at \*3 (citing *Big Baboon Corp. v. Dell, Inc.*, No. CV 09-01198 SVW (SSx), 2010 WL 11459800, at \*2 (C.D. Cal. Aug. 23, 2010)). "Courts consider the 'totality of the circumstances' in determining whether good cause exists, weighing 'the value of the material sought against the burden of providing it.'" *Id.* at \*2 (quoting *Pyour BV v. Ingredion Inc.*, No. 15 CV 8690, 2018 WL 11219969, at \*1 (N.D. Ill. Mar. 14, 2018)).

## ARGUMENT

### A. Plaintiffs Are Entitled to the Standard Total of Seven Hours.

The Court should grant leave to reconvene Kogod's deposition because Defendants obstructed the deposition by refusing to allow Plaintiffs to use the two hours of examination time allocated to and forfeited by Defendants. Defendants' refusal to allow Plaintiffs to use the remaining two hours contravenes the Federal Rules, which provide for at least seven hours of deposition time. Fed. R. Civ. P. 30(d)(1). The Deposition Protocol is silent as to this issue: it simply instructs that "[e]ach fact witness . . . may be deposed only once, and [Federal] Rule 30(d) shall govern the duration of depositions of fact [] witnesses," such that a seven-hour examination time limit presumptively applies, which "may be expanded by stipulation or for

good cause upon motion to the Court."  ECF No. 442 ¶ I.A.  It also instructs that "[f]or any deposition noticed by more than one party, counsel for the noticing parties shall confer before the deposition to allocate the seven (7) hours of examination time[.]"  *Id.* ¶ I.B.  Here, the parties conferred prior to the deposition to allocate the examination time, and Plaintiffs reserved their rights to request additional time.  Chan Decl. ¶ 3.  The Protocol does not preclude Plaintiffs from using the remaining time up to the seven-hour limit.  If anything, the Protocol's adherence to the seven-hour presumption and reference to Rule 30(d) *supports* Plaintiffs' use of the remaining time.

Moreover, Defendants' insistence on the four-three deposition time-split, despite their need for only one hour of questioning, and their subsequent refusal to permit Plaintiffs to question Kogod for the remaining two hours, reeks of gamesmanship designed to impede the truth-seeking function of depositions.  *See Hunter v. Wireless PCS Chicago LLC*, No. 18 CV 980, 2021 WL 4621889, at *5 (N.D. Ill. Oct. 5, 2021) (discussing "[t]he fact-finding purpose of a deposition" (cleaned up) (citation omitted)); *Novelty, Inc. v. Mountain View Mktg., Inc.*, 265 F.R.D. 370, 383 (S.D. Ind. 2009) (gamesmanship in discovery "deserves and receives the disapprobation of everyone of this Court's judges as well as the vast majority of the members of its bar").

The conduct of the witness and defense counsel also supports reconvening the deposition.  The witness himself requested time to confer with counsel about the Protective Order before signing it and then testifying about confidential exhibits.  Chan Decl. Ex. 3 at 9:24–10:11.

*Defense counsel agreed:*

> Ms. Chan:  Before we begin, Mr. Kogod is not represented by counsel today . . . And I'll also note for the record that the witness has not signed the protective order and has requested time to consult with counsel.  Therefore, we will proceed with questioning—*both sides will proceed with questioning to the extent that we can and*

> *reschedule for the remainder once the witness has had the opportunity to consult* with outside—*with his counsel about the protective order.*

> Mr. Dodds:  *Agreed.*

*Id.* (emphasis added).  Although Defendants later reversed their position (*id.* at 219:6–220:10), the compromise presented the most reasonable and practical resolution of this issue given the Court's admonition that "the parties must use all reasonable efforts . . . to complete the deposition as scheduled[.]"  ECF No. 408.  Plaintiffs understand that Defendants do not desire to add to Kogod's adverse testimony by allowing more deposition time, but mere concern that a witness's testimony may be damaging is insufficient to oppose reconvening a deposition, much less permitting the presumptive seven hours of deposition time.  *See VirnetX Inc. v. Cisco Sys., Inc.*, No. 6:10-CV-417, 2012 WL 7997962, at *4–5 (E.D. Tex. Aug. 8, 2012) (improper for counsel to unilaterally terminate deposition to prevent witness from giving unfavorable testimony); *Harris v. Henry*, No. 1:2-cv-00366-DAE, 2024 WL 3544606, at *2–3 (W.D. Tex. July 25, 2024) (similar).

### B.   **Good Cause Exists for Additional Time to Depose Kogod.**

#### 1.   **Kogod Is a Key Witness.**

Additional deposition time is warranted where, as here, the deponent is "one of the most significant, if not the most significant, witnesses" in the case.  *City of Evansville*, 2012 WL 3867134, at *1.  Kogod—the DOJ's lead trial witness and fourteen-year executive at DaVita— was "a 'key player' in the relationship between the parties."  *George K. Baum Advisors LLC v. Sprint Spectrum, L.P.*, No. 11-2442-JTM, 2013 WL 3166335, at *2–3 (D. Kan. June 20, 2013) (good cause may be found where former employee nonparty deponent was "a 'key player' in the relationship between the parties," and was long employed by a party).  Kogod started at DaVita as Group President, became its COO in 2009, took over DaVita's international operations in

2010, and became President of HealthCare Partners in 2014. Chan Decl. Ex. 1 at 58:3–20. As

COO, Kogod became DaVita President and CEO Kent Thiry's "right-hand man" (*id.* at 59:2–20,

Ex. 10 at DOJCIV-008-00000090, Ex. 11 at DOJCIV-008-0000304–05), communicating

through "frequent conversations, telephone calls, emails, voicemail exchanges, and live

meetings." *Id.* Ex. 1 at 59:10–16, Ex. 3 at 19:6–19.

Kogod, therefore, occupied the prime position to know—and in fact testified that he

knew—about DaVita's no-poach agreements with SCA and other competitors. Chan Decl. Ex. 1

at 68:24–69:16, Ex. 3 at 23:2–25:21, 29:18–32:25. Indeed, Kogod monitored and enforced

DaVita's no-poach agreements with competing employers. *Id.* Ex. 1 at 70:16–71:16, Ex. 3 at

76:11–77:11. Kogod was also "involved in recruiting executives" "for virtually every

department" at DaVita. *Id.* Ex. 3 at 177:8–16. Hence, over 24,000 documents list Kogod as the

custodian, and over 36,000 documents produced in this case refer to or copy Kogod. *Id.* ¶ 7.

Given Kogod's role at DaVita, ████████████████████████████ and that Thiry was

the "primary engineer" of the no-poach agreements (*id.* Ex. 3 at 59:13–16, Ex. 10 at DOJCIV-

008-00000090), Kogod can testify about the details of the no-poach agreements and their impact

on employee retention, recruiting, and compensation. *See also id.* Exs. 11–13. In short, "[t]he

length of time of [Kogod's] employment and h[is] role in the relationship between the parties []

constitute[s] good cause for continuance of the deposition." *George K. Baum Advisors*, 2013

WL 3166335, at *2; *see also Schloss v. City of Chicago*, No. 18 C 1880, 2021 WL 4962664, at

*3 (N.D. Ill. May 17, 2021) (good cause for additional time given "extensive nature" of the

allegations "and [the deponent's] personal knowledge of so many of the underlying facts");

*Syncora Guar. Inc. v. EMC Mortg. Corp.*, No. C 12-80028 SI, 2012 WL 12505608, at *1–2

(N.D. Cal. Mar. 8, 2012) (more time where nonparty's testimony was "important and highly

- 10 -

relevant"). Indeed, although Kogod already testified as to the existence of the no-poach agreements and their impact, "if [plaintiffs] had had the usual seven hours to depose [deponent], as each side has normally enjoyed with adverse witnesses in this matter, they undoubtedly would have elicited even more testimony on these important topics." *Servis One, Inc. v. OKS Group Int'l Pvt. Ltd.*, No. 20-cv-4661, 2022 WL 605439, at *6 (E.D. Pa. Feb. 28, 2022) (additional time warranted where nonparty's "testimony is critical to the central issue in this litigation").

## 2. The Case Spans a Long Time Period.

Additional deposition time is warranted "where[,] [as here,] the deposition testimony cover[s] events occurring over a long period of time." *PeopleFlo*, 2022 WL 7102662, at *3 (cleaned up) (citation omitted); *see also City of Evansville*, 2012 WL 3867134, at *2 (granting additional time because plaintiffs' damages allegations spanned many years). Plaintiffs' complaint alleges the conspiracy began at least as early as 2010 and is ongoing. Compl. ¶¶ 55, 118. But Kogod's testimony and exhibits about which he testified show that the no-poach conspiracy began *even earlier*. For instance, in an email dated May 29, 2009, DaVita executives including Kogod discuss reminding defendant Surgical Care Affiliates CEO Andrew Hayek "not to recruit" from DaVita. Chan Decl. Ex. 3 at 189:10–193:12, Ex. 14. DaVita executive Tom Usilton then confirmed by email on June 10, 2009 that he had in fact reached out to Hayek as planned and that Hayek communicated that he "is very conscious of his commitment to you, KT [Kent Thiry]," meaning "not recruiting DaVita employees." *Id.* Ex. 3 at 189:10–193:12. Given the long time span of this case, the Court should grant Plaintiffs four additional hours to depose Kogod and build a complete record.

## 3. The Case Has Multiple Parties and Is Complex.

The advisory committee notes to the 2000 amendment advise that where, as here, the case is a "multi-party case[]," the need for each party to examine the witness may warrant additional

time." Subdivision (d), Fed. R. Civ. P. 30; *see also Big Baboon Corp.*, 2010 WL 11459800, at

*2 (allowing additional deposition time "[i]n light of the quantity and complexity of Plaintiff's

claims and the number of individual Defendants"). For instance, in *PeopleFlo*, 2022 WL

7102662, at *4, this Court granted additional time because it was a "multi-party lawsuit spanning

hundreds of paragraphs, eight claims, and several years," concerning "extensive negotiations,

lengthy contracts and alleged trade secrets, millions of dollars, and two sets of defendants[.]"

Here, the lawsuit presents just such complex, multi-party allegations. Plaintiffs bring

claims against three defendant groups, including seven named defendants—DaVita, Thiry, the

three USPI Defendants, the two SCA Defendants, and Hayek. Compl. ¶¶ 19–44. Further,

Plaintiffs alleged that Defendants also conspired with unnamed Doe defendants that *Kogod*

*identified* as Hazel Health, Inc., Radiology Partners, IntegraMed America, Inc., Kindred

Healthcare, and Spectranetics Corporation, as well as their executives. *Id.* ¶¶ 45–47; Chan Decl.

Ex. 1 at 67:16–69:16, Ex. 3 at 23:2–25:21, 29:18–32:25, 36:21–37:14, 58:10–59:12. Although

only one defense attorney questioned Kogod, "[n]onetheless, the reason for considering

additional deposition time in multi-party cases—'the need for each party to examine the

witness'—is present here." *Servis One*, 2022 WL 605439, at *5. "Because [the deponent] is a

nonparty, [plaintiffs] were required to split h[is] deposition equally with [defendants] and thus

only deposed h[im] for [four] hours." *Id.* "If [Kogod] had also been a [defendant], or under the

control of a [defendant], [plaintiffs] could have deposed this adverse witness for a full seven

hours." *Id.*

Indeed, due to this litigation's complexity (and Defendants' attempt to cut off the

deposition), Plaintiffs have at least forty-two additional documents about which to question

Kogod, including five detailed FBI 302 reports from the FBI's interviews with Kogod and Hayek

- 12 -

concerning the criminal investigation.  Chan Decl. ¶ 5, Exs. 2, 10–13.  This circumstance

presents a prime example of a deposition that warrants additional time.  "Taking into

consideration the number of claims, parties, and documents, it is reasonable for the [plaintiffs] to

need additional time to take [the witness's] deposition."  *Marshall v. GE Marshall, Inc*., No. 2:09

cv 198, 2012 WL 405714, at *1 (N.D. Ind. Feb. 8, 2012); *see also Canal Barge Co. v.

Commonwealth Edison Co.*, No. 98 C 0509, 2001 WL 817853, at *4 (N.D. Ill. July 19, 2001)

(extending examination time because of "factual complexity" of the case and "numerous

documents for examination).

### 4.     Kogod Prolonged the Deposition.

Although Kogod testified at the DaVita criminal trial and Plaintiffs sent that testimony to

Kogod prior to the deposition, Kogod did not review the trial transcript and *requested* to re-

review each trial exhibit and to "go through [the transcript] page by page because [he] ha[d] not

refreshed [him]self with this since 2022."  Chan Decl. ¶ 4, Ex. 3 at 27:10–21.  As the 2000

amendment advisory committee notes instruct:

> In cases in which the witness will be questioned about numerous or lengthy
> documents, it is often desirable for the interrogating party to send copies of the
> documents to the witness sufficiently in advance of the deposition so that the
> witness can become familiar with them.  *Should the witness nevertheless not read
> the documents in advance, thereby prolonging the deposition, a court could
> consider that a reason for extending the time limit.*

Subdivision (d), Fed. R. Civ. P. 30 (emphasis added).  The need to go over Kogod's prior sworn

testimony at length presents a special circumstance that warrants additional time.

### 5.     DaVita Concealed and Discouraged Written Evidence of the Conspiracy.

Good cause for additional time exists here because Kogod "possesses information that

[plaintiffs] ha[ve] reason to believe is otherwise unavailable."  *City of Evansville*, 2012 WL

3867134, at *1 (cleaned up).  Kogod testified that DaVita had an "unofficial program" called

"Smart Communications" that counseled avoiding written communications about no-poach agreements. Chan Decl. Ex. 1 at 83:17–23, Ex. 3 at 80:13–85:17. Because of these instructions not to put no-poach agreements in writing, "further written communications on this issue" "would cease to exist." *Id.* Ex. 1 at 114:10–18, Ex. 3 at 85:18–86:9; *see also id.* Ex. 1 at 114:10–15 (Kogod and others obeyed such directives). During Kogod's October 23, 2020 FBI Interview, he also told the FBI about how "Smart Communications" would limit written evidence of the no-poach agreements:



*Id.* Ex. 12 at DOJCIV-008-00000190. Another third-party deponent—Hazel Health CEO Josh Golomb—confirmed the existence of the Smart Communications program and testified that the program also included copying legal in order to "invok[e] . . . attorney-client privilege." *Id.* Ex. 5 at 41:18–42:17. That DaVita actively attempted to conceal the existence of the no-poach agreements heightens the importance of live, witness testimony—particularly the testimony of Kogod—in effectuating the truth-seeking purpose of this deposition.

        C.    **Six Additional Hours Is Reasonable and Not Unduly Burdensome.**

        Plaintiffs' requested six additional hours of questioning—two hours that were unused from the first day of Kogod's deposition and an additional four hours—is reasonable and would not unduly burden Kogod. As discussed above, given the length and complexity of the case and Kogod's role within DaVita, his knowledge of the no-poach agreements, and his role in enforcing those agreements, six additional hours of deposition time is conservative. Plaintiffs

have at least forty-two additional documents about which they plan to question Kogod (Chan Decl. ¶ 5), and Kogod himself requested to go through the trial transcript "page by page" and exhibit by exhibit. *Id.* Ex. 3 at 27:10–21. Further, Plaintiffs have not yet had the opportunity to question Kogod about the following topics: (1) the FBI's Form 302 notes from Kogod's and Hayek's FBI interviews; (2) details of DaVita's no-poach agreements with Spectranetics, Kindred Health, Radiology Partners, and Hazel Health; (3) any potential business justifications for the no-poach agreements; (4) hiring and recruiting at DaVita; (5) DaVita's compensation, wage, and promotion policies and practices; and (6) DaVita's antitrust compliance policies. *Id.* ¶ 5.

Finally, as with Kogod's first deposition, Plaintiffs are willing to depose Kogod on a day of his choosing near his home, such that he would not incur any additional expense. *City of Evansville*, 2012 WL 3867134, at *3 (additional four hours was a "slight modification" and not burdensome because deponent did not need to travel and could choose deposition date).

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should grant Plaintiffs' motion to reconvene the deposition of Dennis Kogod for the remaining two hours, and for leave to depose Kogod for four additional hours.

Dated:  September 24, 2024                    Respectfully submitted,

                                            */s/ Lin Y. Chan*
                                            Lin Y. Chan

                                            Dean M. Harvey (*pro hac vice*)
                                            Lin Y. Chan (*pro hac vice*)
                                            Sarah D. Zandi (*pro hac vice*)
                                            LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
                                            275 Battery Street, 29th Floor
                                            San Francisco, CA 94111-3339
                                            Telephone: (415) 956-1000
                                            Facsimile: (415) 956-1008
                                            dharvey@lchb.com
                                            lchan@lchb.com
                                            szandi@lchb.com

                                            Jessica A. Moldovan (*pro hac vice*)
                                            Emily Harwell (*pro hac vice*)
                                            LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
                                            250 Hudson Street, 8th Floor
                                            New York, New York 10013-1413
                                            Telephone: (212) 355-9500
                                            Facsimile: (212) 355-9592
                                            jmoldovan@lchb.com
                                            eharwell@lchb.com

                                            Linda P. Nussbaum (*pro hac vice*)
                                            NUSSBAUM LAW GROUP, P.C.
                                            1133 Avenue of the Americas, 31st Floor
                                            New York, NY 10036
                                            (917) 438-9102
                                            lnussbaum@nussbaumpc.com

                                            Michael L. Roberts (*pro hac vice*)
                                            Karen Halbert (*pro hac vice*)
                                            Sarah DeLoach (*pro hac vice*)
                                            Kelly Rinehart (*pro hac vice*)
                                            ROBERTS LAW FIRM US, PC
                                            1920 McKinney Ave., Suite 700
                                            Dallas, TX 75204
                                            Telephone: (501) 821-5575
                                            mikeroberts@robertslawfirm.us
                                            karenhalbert@robertslawfirm.us
                                            sarahdeloach@robertslawfirm.us
                                            kellyrinehart@robertslawfirm.us

                                            Erich P. Schork (admitted under L.R. 83.10)
                                            ROBERTS LAW FIRM US, PC
                                            P.O. Box 31909
                                            Chicago, IL 60631
                                            Telephone: (708) 497-9068
                                            erichschork@robertslawfirm.us

Joseph R. Saveri (admitted under L.R. 83.10)
Ronnie Seidel Spiegel* (*pro hac vice*)
Cadio Zirpoli (*pro hac vice*)
David Haskell Seidel (*pro hac vice*)
William W. Castillo Guardado (*pro hac vice*)
JOSEPH SAVERI LAW FIRM, LLP
601 California Street, Suite 1505
San Francisco, California 94108
Tel: (415) 500-6800
Fax: (415) 395-9940
jsaveri@saverilawfirm.com
rspiegel@saverilawfirm.com
czirpoli@saverilawfirm.com
dseidel@saverilawfirm.com
wcastillo@saverilawfirm.com

*Located in Washington State

*Interim Co-Lead Class Counsel*

## CERTIFICATE OF SERVICE

I, Lin Y. Chan, an attorney, hereby certify that **Plaintiffs' Memorandum of Law in Support of Motion to Reconvene the Deposition of Dennis Kogod and for Leave for Additional Time** was electronically filed on September 24, 2024, and will be served electronically via the Court's ECF Notice system upon the registered parties of record.

Dated:  September 24, 2024       Respectfully submitted,

                      */s/ Lin Y. Chan*
                      Lin Y. Chan

## PROOF OF SERVICE

I, Sarah D. Zandi, an attorney, hereby certify that on September 24, 2024, I served a true and correct copy of the foregoing **Plaintiffs' Memorandum of Law in Support of Motion to Reconvene the Deposition of Dennis Kogod and for Leave for Additional Time** by electronic mail upon the following non-party as set forth below:

Dennis Kogod
dlkogod@gmail.com

Dated:  September 24, 2024       Respectfully submitted,

                      */s/ Sarah D. Zandi*
                      Sarah D. Zandi