**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

IN RE OUTPATIENT MEDICAL CENTER
EMPLOYEE ANTITRUST LITIGATION

THIS DOCUMENT RELATES TO:

ALL ACTIONS

Master Docket No. 1:21-cv-00305-SRH-YBK

Chief Magistrate Judge Young B. Kim

**DEFENDANTS' OPPOSED JOINT MOTION TO STAY
NOVEMBER 20, 2024, DEADLINE FOR DEFENDANTS TO
DISCLOSE EXPERTS AND PROVIDE RELATED DISCLOSURES**

Defendants respectfully move the Court to stay the November 20, 2024, deadline for Defendants to disclose the names of their experts and their areas of expertise and provide related disclosures, as currently set forth in the Court's October 3, 2024, Order, while Defendants' Rule 72(a) objections to that order are pending before Judge Harjani.

1.      On October 3, 2024, this Court ordered the parties to disclose simultaneously, among other things, the following information by November 20, 2024: "[1] the names of the parties' experts and their areas of expertise; [2] [a] proposed schedule for completing expert discovery; and [3] dispositive motions the parties are able to brief without expert discovery." ECF No. 516 (the "10/3 Order").

2.      On October 17, 2024, Defendants filed combined Rule 72(a) objections to the 10/3 Order and a motion requesting that Judge Harjani enter a comprehensive pretrial case schedule that sets the dates for expert disclosures in the context of a full case schedule, including deadlines for many milestones, such as Plaintiffs' class certification motion, class certification-related *Daubert* motions, merits-related expert disclosures and *Daubert* motions (presumably only if a class is certified), and dispositive motions (presumably also only if a class is certified). ECF

1

Nos. 524-26.  Defendants presented their motion requesting a comprehensive pretrial schedule to Judge Harjani because:  (i) it concerns deadlines beyond discovery, *see* ECF No. 199; (ii) those issues had previously been presented to the district judge, *see* ECF Nos. 181, 357, 357-1; and (iii) under Rule 72(a), Defendants were required to object within 14 days of the 10/3 Order, and Defendants respectfully submit that all the scheduling issues are interrelated and should be examined together and holistically.

3.     Because this Court's November 20 disclosure deadline is not stayed automatically while the Rule 72(a) process plays out and Judge Harjani considers the request for a comprehensive case schedule, Defendants are filing this motion requesting a stay.  Defendants informed Plaintiffs that they intended to file this motion.  Plaintiffs indicated that they believe expert disclosures should proceed in accordance with the 10/3 Order.  The parties' communications on this topic have been filed at ECF No. 526-3.

4.     A stay is warranted here.  Under the "traditional" standard for a stay, "a court considers four factors: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'"  *Nken v. Holder*, 556 U.S. 418, 425-26 (2009) (quoting *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987)); *see, e.g.*, *Todd v. Ocwen Loan Servicing, Inc.*, No. 219CV00085JMSDLP, 2020 WL 13883081, at *1 (S.D. Ind. Sept. 11, 2020) (applying factors and granting motion to stay magistrate judge's order pending Rule 72 objections); *Skillz Platform Inc. v. AviaGames Inc.*, No. 21-CV-02436-BLF, 2023 WL 7283886, at *1 (N.D. Cal. Nov. 2, 2023) (same); *Bales v. Bright Solar Mktg. LLC*, No. 5:21-CV-496-GAP-PRL, 2022 WL

17718503, at *1 (M.D. Fla. Dec. 15, 2022) (same); *Marksberry v. FCA US LLC*, No. 19-2724-EFM, 2021 WL 2311916, at *1 (D. Kan. June 7, 2021) (same).

5.      The proponent of a stay need not establish that all four factors support a stay. *Todd*, 2020 WL 13883081, at *1 (granting stay where Factor 3 weighed in favor of stay, Factor 1 weighed against stay, and Factors 2 and 4 were neutral); *Bales*, 2022 WL 17718503, at *2 (granting stay where Factor 1 "appear[ed] insufficient" but Factors 2 through 4 "establish[ed] [movant's] entitlement to a stay). "The first two factors are the most critical." *Skillz Platform Inc.*, 2023 WL 7283886, at *1 (citing *Nken*, 556 U.S. at 434). Here, all four factors support this motion.

6.      ***Factor 1: Defendants' Objections Are Likely To Succeed.*** Defendants respectfully submit that they have made a strong showing that they are likely to succeed on the merits of their Rule 72(a) objections to the 10/3 Order. "The stay applicant may satisfy the first factor by showing a 'reasonable probability' or 'fair prospect' of success, 'a substantial case on the merits,' or 'that serious legal questions are raised.'" *Skillz Platform Inc.*, 2023 WL 7283886, at *1 (quoting *Leiva-Perez v. Holder*, 640 F.3d 962, 967-68 (9th Cir. 2011)).

7.      Defendants meet that standard here. Defendants respectfully submit that the 10/3 Order threatens to prejudice Defendants unfairly for at least four reasons. ***First***, Defendants lack certainty about the precise nature of Plaintiffs' anticipated amended complaint. Plaintiffs have until October 31, 2024, to move to amend their complaint. ECF No. 503. Plaintiffs appear poised to reframe their claims and highlight new legal theories. Tr. of Sept. 25, 2024, Hr'g at 7:14-10:12. Defendants have requested that Plaintiffs share a draft of their proposed amendment so the parties could meet and confer about it, but Plaintiffs thus far have not responded to that request. The 10/3 Order, meanwhile, requires Defendants, less than three weeks after Plaintiffs' deadline to file their amended complaint, to disclose *all* of their experts for both class certification and merits, propose

an expert discovery schedule, and identify any dispositive motions that do not require expert discovery. The current November 20 deadline further prejudices Defendants because Defendants might oppose Plaintiffs' motion to amend or move to dismiss certain new allegations or theories, meaning that Defendants may not have clarity regarding Plaintiffs' claims and legal theories by November 20.

8.      **Second**, the 10/3 Order is in tension with the purpose of Rule 26(a)(2)(D)(ii). That rule requires each party to disclose the identities of its rebuttal experts **after** receiving the other party's expert disclosures. That is subject to court order, but "the purpose of Rule 26(a)(2)(D)(ii) . . . is to give a party the chance to respond to arguments raised by the opposition." *Africano v. Atrium Med. Corp.*, No. 17 CV 7238, 2019 WL 5085338, at *3 (N.D. Ill. Oct. 10, 2019) (Kim, M.J.), *objections overruled*, 2020 WL 5691596 (N.D. Ill. Sept. 3, 2020). Of course, until a party is served with the opposition's expert reports, it cannot know all of the rebuttal expert testimony it will need to obtain and submit. Here, Defendants anticipate that most (if not all) of their experts will be rebuttal experts. If the current November 20 deadline holds, Defendants will be required to guess what expert analyses Plaintiffs will submit. That may deprive Defendants an opportunity to rebut unanticipated opinions raised by Plaintiffs' experts.

9.      **Third**, the 10/3 Order does not address the parties' longstanding dispute about whether expert discovery should be bifurcated into separate phases for class certification and merits. Although the parties agree that class certification should be briefed and decided before the parties brief summary judgment, they disagree about whether the expert discovery should be bifurcated similarly. Plaintiffs advocate for a single phase of expert discovery. Defendants oppose that approach because the Court's ruling on class certification will greatly impact the substance of merits expert discovery and may dispense with it altogether if class certification is denied. The

parties briefed this dispute in October 2022 (ECF No. 181) and February 2024 (ECF Nos. 357, 357-1), but the issue remains unresolved. As Defendants explained in their Rule 72(a) objections and motion for entry of a scheduling order, the bifurcation dispute is a significant issue with serious implications for how this case will proceed. *See* ECF No. 525 at 7-12.

10. ***Fourth***, Defendants were not able to raise these issues before the Court issued the 10/3 Order. Given the significant implications of that order, and the importance of the scheduling issues (particularly the parties' bifurcation dispute), Defendants respectfully submit that Judge Harjani should consider the parties' positions and enter a comprehensive case schedule.

11. For all these reasons, Defendants have made a strong showing that they are likely to succeed on the merits of their Rule 72 objections.

12. ***Factor 2: Defendants Will Be Irreparably Injured Absent A Stay.*** A party faces irreparable injury where it demonstrates that, "if [it is] required to comply with [the order to which the party objects] before the Court rules on [its] Rule 72 [objection], [it] will be effectively denied the relief sought in that [objection]." *Jones v. PGA Tour, Inc.*, No. 22-CV-04486-BLF, 2023 WL 2541326, at *2 (N.D. Cal. Mar. 15, 2023); *see also, e.g.*, *Sangraal v. Coyle*, No. 16-CV-1246, 2016 WL 11891511, at *4 (C.D. Ill. Nov. 1, 2016) (on the court's own motion, issuing a stay so a party could file Rule 72 objections because, absent a stay, the party "would be denied the opportunity to object to this Order and would not be permitted to effectively assert his arguments").

13. That is the exact risk here. If Defendants are required to identify, engage, and disclose a full roster of experts next month, and then Judge Harjani later vacates the 10/3 Order, Defendants will have been denied meaningful relief. Defendants will also have been prejudiced by rushing to commit to experts and expert analyses and previewing for Plaintiffs their case

strategy. "[T]here is no way to unring the bell." *Marksberry*, 2021 WL 2311916, at *2 (internal quotation marks omitted).

14. **Factor 3: A Stay Will Not Substantially Injure Plaintiffs.** Before the Court issued the 10/3 Order, Plaintiffs did not request the partial disclosure deadlines required under that order. The parties submitted competing schedules on two prior occasions. Neither of Plaintiffs' proposals called for the disclosures required under the 10/3 Order. *See, e.g.*, ECF Nos. 181, 357-1. Because Plaintiffs have not requested the disclosures required under the 10/3 Order, they will not be prejudiced if that order is stayed pending resolution of Defendants' Rule 72(a) objections.

15. Moreover, it is Plaintiffs—not Defendants—who have delayed this case's progress. Plaintiffs delayed for months deciding whether to move to amend their Complaint (ECF Nos. 392, 400) and filed motions to compel on the eve of the fact discovery cutoff (ECF Nos. 500, 508; *see also* Tr. of Sept. 27, 2024, Hr'g, at 22:25-23:7 (pointing out Plaintiffs' tardiness)). As a result, there are still fact depositions scheduled through late-November, even though the fact discovery cutoff was September 26, 2024. Accordingly, this case will continue to progress while the Rule 72(a) objections are pending and any incremental delay will not prejudice Plaintiffs.

16. **Factor 4: The Public Interest Is Not A Significant Factor And, In Any Event, Favors Defendants.** The public interest is not a significant factor here. This is a private civil lawsuit. The 10/3 Order and Defendants' Rule 72(a) objections concern a scheduling issue that is very important to Defendants but not to the public at large. Still, the applicable public interests favor Defendants. *First*, "a stay will serve the public interest, in preserving [Defendants'] statutory right to object pursuant to Rule 72(a)." *Bales*, 2022 WL 17718503, at *2. *Second*, there is a public interest in the economical administration of justice. Defendants respectfully submit that their overall request—that the district judge evaluate all scheduling issues holistically and enter a

schedule that avoids the inefficiencies caused by Plaintiffs' proposal—is in service of that public interest.

17.     Because the four factors support Defendants' motion, this Court should stay the 10/3 Order until Judge Harjani resolves Defendants' Rule 72(a) objections.

Dated: October 21, 2024               Respectfully submitted,

                                      */s/ Molly Moriarty Lane*

                                      Kenneth M. Kliebard
                                      Staci M. Holthus
                                      MORGAN, LEWIS & BOCKIUS LLP
                                      110 North Wacker Drive
                                      Chicago, IL 60606
                                      Tel: (312) 324-1000
                                      kenneth.kliebard@morganlewis.com
                                      staci.holthus@morganlewis.com

                                      Molly Moriarty Lane (*pro hac vice*)
                                      MORGAN, LEWIS & BOCKIUS LLP
                                      One Market
                                      Spear Street Tower
                                      San Francisco, CA 94105-1596
                                      Tel: (415) 442-1000
                                      molly.lane@morganlewis.com

                                      Nathan T. Shapiro (*pro hac vice*)
                                      MORGAN, LEWIS & BOCKIUS LLP
                                      101 Park Avenue
                                      New York, NY 10178-0060
                                      Tel.: (212) 309-6000
                                      nathan.shapiro@morganlewis.com

                                      *Counsel for Defendant DaVita Inc.*

*/s/ Amy B. Manning*

Amy B. Manning
Angelo M. Russo
Christina M. Egan
Sarah A. Zielinski
Christopher J. Karamanos
MCGUIREWOODS LLP
77 West Wacker Drive
Suite 4400
Chicago, IL 60601-7567
(312) 849-8100
amanning@mcguirewoods.com
arusso@mcguirewoods.com
cegan@mcguirewoods.com
szielinski@mcguirewoods.com
ckaramanos@mcguirewoods.com

*Counsel for Defendants Surgical Care Affiliates,
LLC and SCAI Holdings, LLC*

*/s/ Veronica Moyé*

Veronica Moyé (*pro hac vice*)
KING & SPALDING LLP
1185 Avenue of the Americas
34th Floor
New York, NY 10036
Tel: (212) 556-2100
vmoye@kslaw.com

Lazar P. Raynal (Bar No. 6199215)
KING & SPALDING LLP
110 N. Wacker Drive
Suite 3800
Chicago, IL 60606
Tel: (312) 764-6947
lraynal@kslaw.com

Julia B. Bates (*pro hac vice*)
KING & SPALDING LLP
500 West 2nd Street
Suite 1800
Austin, Texas 78701
Tel: (512) 457-2053
jbates@kslaw.com

Emily Newton (*pro hac vice*)
KING & SPALDING LLP
1180 Peachtree Street, NE
Suite 1600
Atlanta, Georgia 30309
Tel: (404) 572-2745
enewton@kslaw.com

Julianne Duran (*pro hac vice*)
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Suite 900
Washington, D.C. 20006
Tel: (202) 626-9625
jduran@kslaw.com

*Counsel for United Surgical Partners Holdings,
Inc., United Surgical Partners International, Inc.,
and Tenet Healthcare Corporation*

*/s/ Jeffrey C. Bank*

Jeffrey C. Bank (*pro hac vice*)
Jordanne M. Steiner (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI, P.C.
1700 K Street NW, Fifth Floor
Washington, DC 20006
(212) 497-7761
Email: jbank@wsgr.com
Email: jordanne.miller@wsgr.com

Karen Sharp (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI, P.C.
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94104
(415) 947-2000
Email: ksharp@wsgr.com

Brian Joseph Smith
K&L GATES, LLP
70 W. Madison Street
Chicago, IL 60602
(312) 807-4202
Email: brian.j.smith@klgates.com

*Counsel for Defendant Andrew Hayek*

*/s/ Daniel Campbell*

Jeffrey E. Stone
Katharine M. O'Connor
Daniel Campbell
MCDERMOTT, WILL & EMERY LLP
444 West Lake Street, Suite 400
Chicago, IL 60605
(312) 372-2000
jstone@mwe.com
koconnor@mwe.com
dcampbell@mwe.com

*Counsel for Defendant Kent Thiry*

10

## **CERTIFICATE OF SERVICE**

I, Kenneth M. Kliebard, an attorney, certify that a copy of the foregoing document was filed via CM/ECF and served via electronic mail on October 21, 2024, upon all counsel of record.

*/s/ Kenneth M. Kliebard*
Kenneth M. Kliebard

*Counsel for Defendant DaVita Inc.*