UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE OUTPATIENT MEDICAL CENTER EMPLOYEE ANTITRUST LITIGATION, | ) ) ) ) ) ) ) ) No. 21 CV 305<br><br>Magistrate Judge Young B. Kim<br><br>November 6, 2024 |

**MEMORANDUM OPINION and ORDER**

Plaintiffs Scott Keech and Allen Spradling, former senior employees of Defendants Surgical Care Affiliates, LLC and SCAI Holdings, LLC (together, "SCA"), bring this antitrust action for violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. The operative complaint alleges that SCA, along with Defendants DaVita Inc. ("DaVita"), United Surgical Partners International, Inc., and United Surgical Partners Holding Company, Inc. (together, "USPI"), and other ambulatory surgery centers and outpatient medical centers, conspired to reduce and limit the compensation and mobility of their senior-level employees. The United States Department of Justice ("DOJ") also criminally prosecuted SCA and DaVita in other jurisdictions, but without success. Before the court is Plaintiffs' motion to compel the DOJ to produce the grand jury transcripts from the criminal prosecution that took place in the Northern District of Texas. The DOJ opposes Plaintiffs' motion. For the following reasons, the motion is denied:

**Background**

In January 2021 a federal grand jury in Texas indicted SCA with two counts of conspiring to restrain trade in violation of Section 1 of the Sherman Act ("SCA Criminal Action"). Then, in July 2021 a federal grand jury in the District of Colorado indicted DaVita and its CEO, Kent Thiry, with two counts of conspiring to restrain trade in violation of Section 1 of the Sherman Act ("DaVita Criminal Action"). Both the Texas and Colorado indictments charged that SCA and DaVita conspired not to solicit each other's senior-level employees. The DaVita Criminal Action proceeded to trial and the jury acquitted DaVita and Thiry in April 2022, *United States v. DaVita Inc.*, No. 21 CR 229 (D. Colo.). The DOJ thereafter voluntarily dismissed the SCA Criminal Action in November 2023, *United States v. Surgical Care Affiliates, LLC*, No. 21 CR 11 (N.D. Tex.).

In this action, Plaintiffs are pursuing civil antitrust claims against SCA, DaVita, USPI, and others arising out of alleged no-poach agreements in the outpatient medical care industry. In August 2022, Plaintiffs served a subpoena on the DOJ demanding the production of five categories of documents relating to the DaVita Criminal Action ("DaVita Subpoena"). (R. 409-8, DaVita Subpoena (the subpoena "sought only those documents that the DOJ had already produced to Defendants in the Criminal Action")._ In January 2024 Plaintiffs issued a similar subpoena to the DOJ relating to the SCA Criminal Action ("SCA Subpoena"). (R. 409-10, SCA Subpoena (the subpoena seeks documents the DOJ produced to SCA).) The Subpoenas include an identical request for "[a]ll documents or other material that

2

You produced to a Defendant as part of or in connection with the DOJ Colorado Action" or "the DOJ Texas Action." (R. 409-8; R. 409-10.)

Plaintiffs previously moved to compel discovery from the DOJ in March 2023, seeking a much broader range of documents compared with their instant request.[1] (See R. 210, Pls.' Mot.) In the previous motion, Plaintiffs sought:

> (1) the exhibits that the DOJ listed on its publicly-available exhibit list in its criminal prosecution against Defendants DaVita and Kent Thiry that were not admitted into evidence; and (2) the documents that the DOJ produced to Defendants in that criminal action, which the Defendants have subsequently returned to the DOJ.

(Id.) The DOJ opposed the motion, arguing that it was improper in part because Plaintiffs' requests encompassed "virtually every scrap of paper collected by the grand jury as part of its investigation," which totaled more than one million documents. (R. 233, DOJ's Opp. at 1.) Plaintiffs insisted that the documents were nonetheless discoverable. (R. 210, Pls.' Mot. at 5-14.) The court denied Plaintiffs' motion without prejudice, "express[ed] no opinion on the [grand jury] disclosure issue," and instructed Plaintiffs that to "obtain the grand jury materials, Plaintiffs must proceed under [Criminal Rule] 6(e)(3)(E)(i) in the District of Colorado" because that is the court that presided over the grand jury in the DaVita Criminal Action. (R. 274, May 11, 2023 Order at 2-3.)

Thereafter, Plaintiffs petitioned the Colorado court presiding over the DaVita Criminal Action. That court held that the requested grand jury transcripts are

---

[1] The March 2023 motion to compel was filed only in connection with the DaVita Subpoena because the SCA Subpoena had not yet been served.

3

protected from discovery under Criminal Rule 6, rejecting Plaintiffs' argument that the transcripts were needed to "test witnesses' credibility, to refresh recollections, and 'to be on an equal playing field with Defendants.'" *United States v. DaVita Inc.*, No. 21 CR 229, Dkt. No. 304 at 4 (D. Colo. March 29, 2024). The Colorado court found that Plaintiffs failed to show a substantial need for the transcripts, *id.* at 6, but did not resolve the issues pertaining to any other category of documents, noting that "[g]eneral document discovery must be, and is being, managed by the court in the Northern District of Illinois," *id.* at 4-5.

Meanwhile, Plaintiffs also attempted to secure grand jury materials from the SCA Criminal Action in Texas. The Texas court did not entertain Plaintiffs' arguments for any document discovery and denied Plaintiffs' petition as moot, ruling that the court lacked jurisdiction because the government dismissed the SCA Criminal Action with prejudice. *United States v. Surgical Care Affiliates, LLC*, No. 21 CR 11, Dkt. No. 223 (N.D. Tex. June 28, 2024).

After the Colorado court denied Plaintiffs' petition but before the Texas court ruled, Plaintiffs returned to this court and renewed their motion to compel the DOJ to produce documents, including grand jury materials. (R. 410.) In the renewed motion, Plaintiffs sought six categories of documents: (1) "the few remaining Grand Jury Exhibits"; (2) "the FBI agent raw notes related to the '302' Witness Interview Reports"; (3) "Antitrust Division memoranda and written product" produced in the criminal actions; (4) law enforcement reports including "background research"; (5) "records related to [a] sealed court order" and "sealed filing"; and (6) the "three

4

withheld '302' Witness Interview Reports." (Id. at 1-2.) This court denied Plaintiffs' renewed motion in its entirety in September 2024 because Plaintiffs failed to establish relevance or proportionality, instead they unsuccessfully argued that anything produced in the criminal actions must be automatically discoverable in the civil case. (R. 479, Sept. 9, 2024 Order.)

Plaintiffs now bring their third motion to compel the production of grand jury materials from the DOJ. (R. 467, Pls.' Mot.) Their motion initially demanded all transcripts and exhibits from the Texas grand jury proceedings, but Plaintiffs later narrowed the request and now seek "only the portions [of] grand jury transcripts . . . containing testimony from witnesses who Plaintiffs are deposing or have deposed in this case." (R. 523, Pls.' Reply at 1.)

**Analysis**

In moving to compel the DOJ to produce certain Texas grand jury transcripts, Plaintiffs argue that Federal Rule of Criminal Procedure 6(e) does not prohibit production and that the requested materials satisfy Federal Rules of Civil Procedure 26 and 45. (R. 467, Pls.' Mot. at 9-12; R. 523, Pls.' Reply at 1-5.) The DOJ responds that Plaintiffs' motion should be denied under Criminal Rule 6 because: (a) the Texas court did not make a finding as to the continued need for secrecy in relation to the Grand Jury Materials; and (b) Plaintiffs fail to establish a particularized need as to why the materials should be produced.[2] (R. 494, DOJ's Opp. at 1-9.)

---

[2] The DOJ also argues that Plaintiffs' request is "overly broad and not narrowly tailored," (R. 494, DOJ's Opp. at 6-7), but the court need not address this argument because, after requesting leave to file a reply, (R. 519), Plaintiffs narrowed their

5

A.     **Federal Rules of Civil Procedure 26 and 45**

As a threshold matter, Plaintiffs' motion is styled as a motion to compel under Rule 45. Under Rule 45(d)(1), a party issuing a subpoena is required to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." A person subject to a subpoena may serve written objections to the subpoena, Fed. R. Civ. P. 45(d)(2)(B), and thereafter, "the serving party may move the court for the district where compliance is required for an order compelling production or inspection," *id.* at 45(d)(2)(B)(1). Whether to enforce a subpoena is a "case-specific inquiry" with "no formula for determining reasonableness," and is left to the court's discretion. *Gaines v. Chi. Bd. of Educ.,* No. 19 CV 775, 2022 WL 1292248, at *2 (N.D. Ill. April 29, 2022) (quotations omitted). The scope of discovery available under Rule 45 is "essentially the same as the scope of discovery under Fed. R. Civ. P. 26," *Treadwell v. Salgado*, No. 19 CV 3179, 2021 WL 11725352, at *2 (N.D. Ill. Dec. 14, 2021) (quoting *FireBlok IP Holdings, LLC v. Hilti, Inc.*, No. 09 CV 50122, 2021 WL 5283946, at *2 (N.D. Ill. Aug. 10, 2021)).

Plaintiffs argue that the requested materials satisfy Rules 26 and 45 because they are relevant, non-privileged, and proportional to the needs of the case, and no undue burden is imposed on the DOJ to produce these materials. (R. 467, Pls.' Mot. at 9-10.) Plaintiffs incorporate each argument from their previous motion to compel. (See id. at 9 n.17 (citing R. 409; R. 443).) But this court rejected each of those

---

request from seeking all transcripts and exhibits from the Texas grand jury to seeking transcripts only from witnesses who "Plaintiffs are deposing or have deposed in this case." (R. 523, Pls.' Reply at 1.)

6

arguments and declines to address them again here. (See R. 479, Sept. 9, 2024 Order.) Regardless, disclosure of grand jury materials is governed not by Rules 26 and 46, but rather by Criminal Rule 6(e), pursuant to which disclosure is left to the "sound discretion" of the court. *Carlson v. United States*, 837 F.3d 753, 761 (7th Cir. 2016).

**B.     Federal Rule of Criminal Procedure 6(e)**

Plaintiffs argue that Criminal Rule 6(e) does not apply here, but even if it does, their request for the Texas materials satisfies the rule. (R. 467, Pls.' Mot. at 10-13.) Under Criminal Rule 6, matters occurring before a grand jury may not be disclosed unless certain exceptions apply. One such exception grants the court the ability to "authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter: (i) preliminarily to or in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(3)(E)(i). As Plaintiffs acknowledged before the Colorado court, "[c]ourts have long 'recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings.'" *United States v. DaVita Inc.*, No. 21 CR 229, Dkt. No. 304, at 5 (D. Colo. March 29, 2024) (citing *Douglas Oil Co. v. Petrol Stops Nw.*, 44 U.S. 211, 218 (1979)). And the Seventh Circuit's view is that "Rule 6(e) is applicable in a general way to both documents and testimony before the grand jury." *Matter of Grand Jury Proceedings, Miller Brewing Co.*, 687 F.2d 1079, 1090 (7th Cir. 1982). A party seeking disclosure of grand jury proceedings therefore bears "[t]he burden of demonstrating that the need for disclosure is greater than the public interest in secrecy," *Lucas v. Turner*, 725 F.2d

7

1095, 1101 (7th Cir. 1984) (citing *Douglas Oil*, 44 U.S. at 223), and that the need is "particularized," *id*.

As an initial matter, Plaintiffs' assertion that Criminal Rule 6 does not apply to their request for the Texas grand jury transcripts is without merit. The crux of Plaintiffs' argument is premised on an incorrect reading of the Texas court's opinion denying as moot Plaintiffs' petition for grand jury materials. (R. 467, Pls.' Mot. at 11.) Plaintiffs claim that the Texas court held that Criminal Rule 6(e) "presents no obstacle to Plaintiffs obtaining the requested materials" and "directly referred the Plaintiffs to this Court, emphasizing the appropriateness of requesting the documents through this Court's civil proceedings," (id.). However, in denying Plaintiffs' motion, the Texas court explicitly declined to rule on the issue and stated that "[b]ecause the court lacks jurisdiction over the case, it did not discuss the merits of [Plaintiffs' petition]." *United States v. Surgical Care Affiliates, LLC*, No. 21 CR 11, Dkt. No. 223 at *2 (N.D. Tex. June 28, 2024). It is therefore misguided for Plaintiffs to suggest that "[t]he only logical and reasonable interpretation of [the] decision is that the Texas Criminal Court found that [Criminal Rule] 6(e) presents no obstacle to Plaintiffs obtaining the requested materials." (R. 467, Pls.' Mot. at 11.) This court declines to add language to the Texas court's ruling that is not there or to ignore the clear application of the rule.

Turning next to whether Plaintiffs' request for the Texas grand jury transcripts satisfies an exception under Criminal Rule 6, Plaintiffs claim that "[n]one of the policy rationales underlying the secrecy of grand jury transcripts are present,"

8

(R. 523, Pls.' Reply at 4), and that there is a particularized need for the Texas transcripts "to ensure that each witness's testimony is consistent with what he or she represented to the grand jury and, if not, to impeach their inconsistent testimony," (R. 467, Pls.' Mot. at 11). But this court cannot analyze these factors because it did not oversee the SCA Criminal Action's grand jury.

Both *Douglas Oil* and Criminal Rule 6 itself are instructive. In *Douglas Oil* the Supreme Court held that "the policies underlying Rule 6(e) dictate that the grand jury's supervisory court participate in reviewing such requests, as it is in the best position to determine the continuing need for grand jury secrecy." 441 U.S. at 225 ("Indeed, those who seek grand jury transcripts have little choice other than to file a request with the court that supervised the grand jury."). The Court further explained that if the grand jury court cannot analyze both secrecy interests and particularized need, it may transfer the petition to the civil court along with a written evaluation discussing the need for continuing grand jury secrecy, and the civil court may then conduct an analysis into particularized need. *Id.* at 225-28.

If any doubt remained after *Douglas Oil*, the 1983 amendments to Criminal Rule 6 clarified the court to which a party must petition for grand jury transcripts, including by adding Sections (e)(3)(F) and (e)(3)(G). *See* 1 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* §§ 101, 111 (5th ed. 2024).[3] Criminal Rule 6(e)(3)(F) provides that any petition to disclose a grand jury matter under

---

[3] Sections (e)(3)(F) and (e)(3)(G) were originally added under different section numbers. *Id.*

9

6(e)(3)(E)(i) "must be filed in the district where the grand jury convened." Section 6(e)(3)(G) in turn provides that the petitioned court—*i.e.*, the grand jury court—must transfer the petition to the district court overseeing the judicial proceeding from which the petition arose, unless the petitioned court can "reasonably determine whether disclosure is proper." If the petitioned court decides to transfer the petition, "it must send to the transferee court the material sought to be disclosed, if feasible, and a written evaluation of the need for continued secrecy." *Id.*; *see also Douglas Oil*, 441 U.S. at 225 (explaining that secrecy analysis concerns "matters peculiarly within [the grand jury court's] competence").

Plaintiffs are familiar with this process. In fact, when previously seeking to secure the grand jury materials, Plaintiffs told the Texas court that "[i]f this Court cannot 'reasonably determine whether disclosure is proper,' then it 'must' provide the Court in the Civil Action with a 'written evaluation of the need for continued grand-jury secrecy.'" *United States v. Surgical Care Affiliates, LLC*, No. 21 CR 11, Dkt. No. 205, ¶ 26 (N.D. Tex. June 3, 2024) (citing Fed. R. Crim. P. 6(e)(3)(G)).[4] Here, the Texas court neither ruled on disclosure nor transferred Plaintiffs' petition to this court. *See Jaskolski v. Daniels*, 427 F.3d 456, 460 (7th Cir. 2005) ("Questions about the propriety of releasing grand jury materials for use in other litigation . . . come within the federal criminal tribunal's ancillary jurisdiction."). This court cannot conduct a Criminal Rule 6 analysis because it does not have any knowledge of the

---

[4] Plaintiffs also included this language in their petition before the Colorado court. *United States v. DaVita Inc.*, No. 21 CR 229, Dkt. No. 298, at 6 (D. Colo. March 6, 2024).)

10

grand jury proceedings and does not have the required "written evaluation" from the grand jury court. *In re Petition of Moore*, 776 F.2d 136, 139 (7th Cir. 1985) (noting that Criminal Rule 6 indicates in "unconditional terms" that the transferring district judge must provide a "written evaluation"); Fed. R. Crim. P. 6 advisory committee's note to 1983 amendment ("[I]t is important that the court which will now have to balance that interest against the need for disclosure receive the benefit of the transferring court's assessment."). Indeed, *Douglas Oil* reasoned that "even other judges of the district where the grand jury sat may be able to discover facts affecting the need for secrecy more easily than would judges from elsewhere around the country." 441 U.S. at 225-26.

Plaintiffs argue that the Texas court's participation is no longer needed, claiming they "sought a ruling on Rule 6(e) secrecy from the Texas Court" and it "directed Plaintiffs to seek relief from this Court under the ordinary Rule 45 standard." (R. 523, Pls.' Reply at 5.) And while Plaintiffs did petition the grand jury court, they did not receive a Criminal Rule 6 ruling nor did the grand jury court transfer the petition to this court. This court is of the opinion that Plaintiffs should have appealed the Texas court's denial of the petition, rather than petitioning this court for grand jury materials which it cannot consider under Criminal Rule 6(e).

Plaintiffs nonetheless argue that there is no continuing need for grand jury secrecy because the DOJ's criminal prosecution has concluded, and it already produced the materials in the criminal cases. (Id. at 4-5.) But Criminal Rule 6 is clear that the grand jury court is to decide the issue of the continuing need for grand

11

jury secrecy and, despite Plaintiffs' argument otherwise, "[t]he interests in grand jury secrecy, although reduced, are not eliminated merely because the grand jury has ended its activities." *Douglas Oil*, 441 at 222. Plaintiffs also continue to assert that they suffer prejudice from "ongoing information asymmetry" because their "adversaries in this case long ago received the same Materials that Plaintiffs seek here." (R. 267, Pls.' Mot. at 12.) However, this court previously explained that Defendants do not have access to the transcripts, and that Plaintiffs' "vague reference to being on an equal playing field with DaVita changes nothing." (R. 479, Sept. 9, 2024 Order at 13-14 (quoting *United States v. DaVita Inc.,* No. 21 CR 229, Dkt. No. 304, at 6 (D. Colo. March 29, 2024))); *see also In re Broiler Chicken Antitrust Litig.*, No. 16 CV 8637, 2020 WL 1046784, at *2 (N.D. Ill. March 4, 2020) ("[R]eflexive production of documents previously provided to governmental entities is not appropriate.").

Nor have Plaintiffs demonstrated a particularized need for the grand jury materials. Plaintiffs claim that the Texas transcripts are "imperative" to impeach witness testimony because of the "continually expanding time lapse between the occurrence of the events at issue in the case and the present day, and in light of the fact that nearly 65% of witnesses thus far have expressed a repeated failure of memory." (R. 523, Pls.' Reply at 2 ("The grand jury transcripts contain witness testimony much closer in time to the events."), 3 ("Plaintiffs urgently need the requested grand jury transcripts to address the rampant memory losses repetitively expressed by many key witnesses.").) Courts have allowed the disclosure of grand

jury transcripts when limited "strictly to those portions of a particular witness'[s] testimony that bear upon some aspect of his direct testimony at trial." *Douglas Oil*, 441 U.S. at 222 n.12; *United States v. Campbell*, 324 F.3d 497, 498-99 (7th Cir. 2003) (finding that request for grand jury disclosure should be "structured to cover only material so needed"). But the idea that grand jury transcripts should be produced because the testimony is less affected by memory loss "frankly does not demonstrate a particularized need." *Lucas*, 725 F.2d at 1105. Accordingly, the requirements of Criminal Rule 6—which this court is obligated to follow—are not met here.

## Conclusion

For the foregoing reasons, Plaintiffs' motion to compel the DOJ to produce certain Texas grand jury transcripts is denied.

                                        **ENTER:**

                                        _____
                                        **Young B. Kim**
                                        **United States Magistrate**