UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.3)
Eastern Division

Rhonda Roe, et al.
                                            Plaintiff,

v.                                                    Case No.: 1:21−cv−00305
                                                        Honorable Sunil R. Harjani

Surgical Care Affiliates, LLC, et al.
                                            Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, February 18, 2025:

      MINUTE entry before the Honorable Young B. Kim: Defendants' motion for leave to depose Plaintiffs' expert Dr. Evan Starr [579] for a total of 12 hours is granted. Rule 30(d)(1) states that "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours. The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." The issue before the court is whether Defendants should be granted an additional 5 hours to depose Dr. Starr under this rule. A hearing on the motion was held on February 14, 2025, and the court reviewed Dr. Starr's expert report. The report spans a total of 239 pages, including a lengthy appendix. Based on this court's review of the report, Dr. Starr appears to be, as Defendants argue, the key witness for Plaintiffs' case−in−chief. Indeed, Dr. Starr renders opinions on the issues of liability, damages, and class impact, including that: Defendants wielded substantial market power over the putative class members; the qualitative evidence shows that Defendants engaged in anticompetitive conduct; the quantitative evidence demonstrates that Defendants' misconduct artificially suppressed senior−level employees' movement and wages by 14.5% overall; their misconduct impacted the members of the class similarly; and the damages to the class total $869.5 million. Although this court cannot say it fully understands the details of Dr. Starr's analysis of the dataset he built, he apparently used multiple quantitative models and approaches to formulate his opinions. He also relied on many different materials to arrive at his opinions−−−requiring 18 pages to list them. Having reviewed the report and considering the parties' arguments, the court is persuaded that Defendants−−−consisting of at least three separate groups of Defendants−−−will need at least 12 hours to depose Dr. Starr. Forcing Defendants to rely on each other's attorneys for proper questioning may not result in fair examination for each Defendant especially given the significance of Dr. Starr's opinions. While it is true that Defendant DaVita, Inc. ("DaVita") may have a strong incentive to ensure that Dr. Starr is thoroughly examined during his deposition, this court is not willing to presume that DaVita's questioning will be adequate to address the other Defendants' interests or that the other Defendants will have sufficient time to cover grounds DaVita does not cover. Plaintiffs argue that in their attorneys' extensive experience in other antitrust cases, no expert has ever sat for longer than 7 hours for a deposition and that the "goose−gander" rule should prevent Defendants from being treated

more favorably than Plaintiffs. This court does not question Plaintiffs' representation or their expertise in these types of cases. However, this court is of the opinion that other situations Plaintiffs cited during the motion hearing are of little value because often, as is the case here, discovery issues must be considered on a case–by–case basis. Perhaps it is true that in antipoaching antitrust cases the experts will inevitably opine on all issues Dr. Starr has covered here, but the court is without any guidance as to the reports issued in other cases, and whether the defendants in the other cases even asked to depose the experts for more than 7 hours. Plaintiffs also cited burden on Dr. Starr as another basis for denying Defendants' motion, but the report shows that Dr. Starr is well compensated for his expertise and time. At bottom, Defendants have given adequate information to persuade this court that they need at least 12 hours to depose Dr. Starr. Accordingly, the motion is granted. If Plaintiffs plan to pose a Rule 72 objection to this ruling, the parties may need to confer about canceling Dr. Starr's February 27, 2025 deposition, so that Defendants have certainty as to the number of hours they will have to depose Dr. Starr. Mailed notice (ec)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.