# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE OUTPATIENT MEDICAL CENTER EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No.: 1:21-cv-00305-SRH-YBK |

# PLAINTIFFS' URGENT OPPOSED MOTION TO MODIFY
# THE EXPERT DISCOVERY SCHEDULE

I.  **Introduction and Summary**

Plaintiffs Scott Keech and Allen Spradling ("Plaintiffs") respectfully request urgent scheduling relief regarding the current expert schedule.  Plaintiffs request a four-week extension of two deadlines: (1) Plaintiffs' deadline to depose Defendants' four experts (Dr. Justin McCrary, Dr. Lauren Stiroh, Dr. John Johnson, and Dr. Celeste Saravia) from May 9, 2025 to June 6, 2025; and (2) Plaintiffs' deadline to serve rebuttal expert reports, from May 30, 2025 to June 27, 2025.  Plaintiffs also request an order requiring Defendants to reschedule depositions of their four experts.  Under the current schedule, Defendants' expert depositions are set to occur as follows: Dr. Justin McCrary on April 29, 2025 in New York City (only ***six business days*** from today); Dr. Lauren Stiroh on May 2, 2025 in New York City; Dr. John Johnson on May 7, 2025 in Washington, D.C.; and Dr. Celeste Saravia on May 9, 2025 in Chicago.  ECF No. 574.  There is good cause for these extensions, and Plaintiffs have been diligent.  As explained below, Plaintiffs were unaware of the need for these extensions until Defendants served their expert reports in the late evening on April 16, 2025.  Decl. of Dean M. Harvey ISO Mot. to Modify Expert Discovery Schedule ("Harvey Decl.") ¶ 6.  Plaintiffs immediately asked Defendants if they would consent to these extensions on April 17, 2025.  *Id.*; Ex. B.  On April 18, 2025, Defendants refused, requiring this urgent filing, which Plaintiffs are filing the next business day: today.  *Id.*

This is Plaintiffs' first request to extend the expert discovery schedule, and it will have no impact on the remaining deadlines in the case, including the July 31, 2025 expert discovery cutoff.  ECF No. 536.  The reason is that the last two interim deadlines no longer apply.  Under the current schedule, after Plaintiffs' serve their rebuttal reports, there is a July 11, 2025 deadline for Defendants to serve additional reports, and a July 31, 2025 deadline for Plaintiffs to depose

Defendants' additional expert opinion. ECF No. 549. However, as explained further below, Defendants' four expert reports are limited to responding to Plaintiffs' expert reports, and do not include affirmative expert opinion on any matter on which Defendants bear the burden of proof. Harvey Decl. ¶ 4. When the parties discussed the expert schedule with Judge Harjani, counsel for Defendants represented to the Court that they would need "five or six additional experts" to address the "merits," and these expert opinions would not "overlap at all" with "class" issues. Oct. 29, 2024 Hr'g Tr. at 9:6–12.

Accordingly, the parties submitted a joint expert schedule that contemplated Defendants both responding to Plaintiffs' experts, and potentially also providing new areas of expert testimony regarding issues on which Defendants bear the burden of proof. ECF No. 548. That ***joint*** schedule described the April 16, 2025 deadline as follows: "Defendants' deadline to serve ***opening and/or opposing*** expert reports." *Id.* at 6 (emphasis added). The parties described the May 30, 2025 deadline as: "Plaintiffs' deadline to serve ***opposing and/or rebuttal*** expert reports"; the July 11, 2025 deadline as: "Defendants' deadline to serve ***rebuttal*** expert reports"; and the July 31, 2025 deadline as "Plaintiffs' deadline to depose Defendants' experts related to ***rebuttal*** expert reports[.]" *Id.* at 6–7 (emphasis added). Contrary to Defendants' representations to Judge Harjani, Defendants served no new areas of expert opinion regarding the merits. Harvey Decl. ¶ 4. Their experts' opinions are limited to responding to Plaintiffs' experts. *Id.* Thus, the current July 11, 2025 and July 23, 2025 deadlines no longer apply, and Plaintiffs' requested extension would not require moving the July 31, 2025 expert discovery cutoff.

On April 18, 2025, Defendants refused to reschedule the deposition of Dr. McCrary set to occur six business days from now in New York City, purportedly because he has no availability until June. Harvey Decl. ¶ 6; Ex. B. When Plaintiffs explained they would like to reschedule his

deposition for June, Defendants again refused, because they contend that the current July 11 and July 31 deadlines still apply. Harvey Decl. ¶ 6; Ex. B. Plaintiffs explained that those deadlines no longer apply because Defendants only responded to Plaintiffs' expert opinions, and did not serve any affirmative expert testimony. *Id.* Defendants nonetheless assert that they should still get another round of expert disclosures (*id.*), which can only possibly function as sur-rebuttal to Plaintiffs' opening expert opinions. This would be improper, and was not contemplated or mentioned in any court filing or any oral argument. Defendants claimed they "rejected" the notion of opening and opposing expert reports (*id.*), ignoring the fact that they agreed to a ***joint*** proposed schedule that did exactly that, ECF No. 548 at 6–7, with dates that the Court entered. According to Defendants, they are somehow entitled to ***fourth*** round of sur-rebuttal expert reports, notwithstanding the fact that they did not disclose any new areas of affirmative expert testimony.

## II.     Background and Argument

On January 15, 2025, Plaintiffs did exactly what they told Judge Harjani they would do: they served two expert reports that covered all class and merits issues on which Plaintiffs bear the burden of proof. Harvey Decl. ¶ 3. One report was from Dr. Barry Gerhart, among the world's leading experts on how companies establish and maintain their employee pay systems, and another was from Dr. Evan Starr, among the world's leading experts on the effects of employer mobility restrictions, including no-poach agreements. *Id.* Dr. Gerhart's report provides qualitative analysis, and is 199 double-spaced pages. *Id.* Dr. Starr's report provides both qualitative and statistical analysis, and is 198 double-spaced pages (including appendices). *Id.* Defendants deposed Dr. Gerhart on March 5, 2025, ***seven weeks*** after Plaintiffs served his report. *Id.* Defendants deposed Dr. Starr for ***nearly 12 hours over two days*** on March 19 and

20, 2025, **_nine weeks_** after Plaintiffs served his report.  *Id.*  The Court granted Defendants' request for a 12-hour, two-day deposition after reviewing Dr. Starr's report.  ECF No. 587.

When the parties met and conferred in the first week of February regarding Defendants' request for a 12-hour, two-day deposition of Dr. Starr, Plaintiffs made clear that, under the current schedule, it was very likely they would need an extension.  Harvey Decl. ¶ 3.  Plaintiffs and Defendants agreed that it was impossible for Plaintiffs to know what extension would be appropriate until Defendants served their expert reports, since Plaintiffs had no idea what to expect.  *Id.*  Plaintiffs and Defendants agreed that Plaintiffs would circle back with Defendants after reviewing Defendants' expert reports.  *Id.*

Defendants served their rebuttal reports in the late evening of April 16, 2025, **_thirteen weeks_** after Plaintiffs' served their expert reports.  *Id.* ¶ 4.  Defendants served Plaintiffs with four expert reports from four economists:  Dr. Justin McCrary, Dr. Lauren Stiroh, Dr. John Johnson, and Dr. Celeste Saravia.  *Id.*  Defendants' reports total 655 pages of primarily single-spaced text and technical appendices (three of four reports are single-spaced, and the fourth—Dr. Johnson's—is 1.5 spaced), and all include complex econometric analysis.  *Id.*  If Defendants double-spaced their reports as Plaintiffs did, their reports would total approximately **_1,232 pages_** (nearly **_three times_** the length of Plaintiffs' reports).  *Id.*  This comparison only understates the extent of Defendants' expert reports, since Plaintiffs put forward one expert whose opinions include statistical analysis (Dr. Starr) and another whose opinions are qualitative (Dr. Gerhart). *Id.* ¶ 3.  Dr. Starr's report is 198 double-spaced pages, including appendices.  *Id.*  Thus, Defendants served over **_six times_** the volume of expert opinion from experts who conduct statistical analysis.

Further, when an expert performs statistical analysis, that expert provides the opposing

party with the backup data and computer programs, after serving the report itself. It is impossible to adequately assess statistical analysis without it. By agreement, these backup materials are due three business days after service of the report. Harvey Decl. ¶ 5. As of this writing, Plaintiffs have not yet received the backup data for three of Defendants' four experts. *Id.* These materials should be made available later today. *Id.* Defendants served Dr. McCrary's backup materials well after the close of business on Friday, April 18. *Id.* Thus, while Defendants had only one set of backup data to analyze, Plaintiffs have four.

The prejudice and unfairness of the status quo is clear. Under the current schedule, Plaintiffs have ***one-ninth*** (one week versus nine weeks) the amount of time Defendants had to prepare for depositions of statistical experts, regarding ***six times*** the volume of opinion from experts who provide statistical analysis (198 double spaced pages versus effectively 1,232 pages), and ***four times*** the sets of backup materials. *Id.* ¶¶ 3–5. In addition, for the first time on Friday, April 18, Defendants disclosed to Plaintiffs that the first deponent—Dr. McCrary—is Defendants' primary and most important econometric expert. *Id.* ¶ 6. This is the deposition that is scheduled to occur ***first***, only six business days from today. ECF No. 574. To adequately prepare for this deposition, Plaintiffs and their experts must not only assess the opinions and backup data from Dr. McCrary, but also the opinions and backup data from Defendants' other three experts, to check for contradictions or other sources of cross-examination.

Plaintiffs could not have avoided this urgent prejudice or acted to remedy it earlier. Plaintiffs informed Defendants nearly three months ago that it was likely Plaintiffs would need relief from the schedule, but that Plaintiffs could not make an educated request until first reviewing Defendants' expert reports, due on April 16. Harvey Decl. ¶ 3. Defendants agreed. *Id.* Indeed, Defendants took until April 17, 2025 to confirm that they were withdrawing their

fifth potential expert (Dr. Anupam Jena). ECF No. 603. Until the late evening of April 16, Plaintiffs did not even know how many expert reports they were receiving, much less their content or scope. Harvey Decl. ¶ 6. Plaintiffs also had no idea who among Defendants' experts would be performing econometric analyses or the extent of those analyses. *Id.*

In antitrust class cases, including in no-poach cases like this one, each side typically retains one econometrics expert, as Plaintiffs did. To put forth ***four*** econometricians is an unforeseeable and, frankly, bizarre departure from the norm. *See*, *e.g.*, Mot. to Certify Class, *In re Turkey Antitrust Litig.*, No. 1:19-cv-08318, ECF No. 829 (N.D. Ill. Sept. 22, 2023) (Harjani, J.) (each side retained one expert to perform econometric analyses in a complex case with many defendants); *In re High-Tech Emp. Antitrust Litig.*, 985 F. Supp. 2d 1167, 1217 (N.D. Cal. 2013) (same, no-poach case against seven massive defendants that included the largest companies in the world, such as Apple and Google); Opp. to Mot. to Certify a Lit. Class, *Seaman v. Duke Univ. et al.*, No. 1:15-cv-00462-CCE-JLW, ECF No. 127 at 10–11 (M.D.N.C. Oct. 23, 2017) and Expert Report of Pierre-Yves Cremieux, *Seaman v. Duke Univ. et al.*, No. 1:15-cv-00462-CCE-JLW, ECF No. 125 (M.D.N.C. Oct. 23, 2017) (same, no-poach case); Expert Witness Report of Hal Singer, *Deslandes v. McDonald's USA, LLC*, No. 17-cv-04857, 2021 WL 3187668, ECF No. 271-5 (N.D. Ill. July 18, 2021) (same, no-poach case).

Further, until April 18, Plaintiffs had no idea that Dr. McCrary is Defendants' most important econometric expert. Harvey Decl. ¶ 6. Within hours after receiving Defendants' reports, Plaintiffs asked Defendants for a four-week extension. *Id.*; Ex B. Within a business day after Defendants refused, Plaintiffs filed this motion. *Id.*

Defendants have long engineered the prejudicial trap they sprung on Plaintiffs last week. The current deposition schedule was first proposed by the parties in a status report filed on

December 20, 2024. ECF No. 571. In advance of that filing, Plaintiffs asked Defendants for available dates for Dr. McCrary. Harvey Decl. ¶ 2; Ex. A. Defendants first provided only a single day: **<u>April 22, 2025</u>**—<u>tomorrow</u>. *Id.* Plaintiffs pushed back and asked for a later date, in light of the compressed schedule. *Id.* Defendants then proposed only one alternative day: April 29, 2025. *Id.* By contrast, Plaintiffs provided Defendants with thirteen different alternative days for Dr. Starr's deposition (*id.*), and then rescheduled Dr. Starr's deposition with little notice after the Court granted Defendants' request for a 12-hour deposition over two days. *Id.* ¶¶ 2–3. At no point from December 2024 until a phone call on April 18, 2025 did Defendants disclose to Plaintiffs that Dr. McCrary was going to be Defendants' lead statistical expert; that three other defense experts were also going to provide econometric analysis; or that Defendants were going to serve a volume of expert opinion on Plaintiffs that is many multiples of what Plaintiffs served on Defendants. *Id.* ¶ 6. The urgency of this request and the prejudice at issue is entirely of Defendants' making, and Defendants did nothing to avoid or mitigate it.

The Court should also reject Defendants' attempt to spring another round of voluminous and burdensome expert discovery on Plaintiffs and the Court as part of an unauthorized sur-rebuttal round. A fourth round of expert reports would have only applied if Defendants' served affirmative expert testimony in support of their affirmative defense. But Defendants' expert opinions include none. *Id.* ¶ 4. To double-check that Plaintiffs did not miss affirmative expert opinion in what Defendants served on April 16, Plaintiffs wrote to Defendants on April 17, asking them to identify any such opinion in their four expert reports. *Id.* ¶ 6; Ex. B. Defendants responded on April 18 and identified nothing. *Id.*

This Court has not authorized or even contemplated sur-rebuttal expert reports. No party has ever raised the possibility, at argument or in a filing. This Court's Scheduling Order mirrors

- 7 -

the deadlines in the Parties' ***joint*** proposal that expressly distinguished between "opening and/or opposing" expert reports.  ECF No. 548 at 6.  Defendants served only "opposing" reports, and did not include any "opening" reports that would have triggered another three rounds of expert discovery.

Judge Harjani directed the parties to provide "a scheduling order that follows a traditional expert discovery approach which plaintiffs disclose . . . then defendants disclose, then you have rebuttal, then you take your depositions, and ***then you're done with expert discovery***."  *See* Oct. 29, 2025 Hr'g Tr. at 26:11–21 (emphasis added).  Judge Harjani reiterated this guidance when he subsequently directed Judge Kim "to set internal dates (Plaintiffs' disclosures, Defendants' disclosures, deposition dates) for expert discovery[.]"  ECF No. 536.  The parties did as instructed in a joint proposed schedule that makes no reference to sur-rebuttal reports.  ECF No. 548.  Defendants' meritless argument to the contrary is particularly illogical in light of the fact that the operative schedule does not likewise license Plaintiffs to serve sur-rebuttal reports.  Defendants cannot seriously contend that the Court intended to give them preferential treatment, and give them the last word on issues for which Plaintiffs bear the burden of proof.

Courts disfavor sur-rebuttal, except in limited circumstances to address new arguments or evidence raised in rebuttal.  *See Price v. Chi. Pub. Schs.*, No. 23 CV 5179, 2024 WL 4300655, at *1 n.1. (N.D. Ill. Sept. 26, 2024) (collecting cases); *see also Lawrenceburg Power, LLC v. Lawrenceburg Mun. Utils.*, 410 F. Supp. 3d 943, 949–50 (S.D. Ind. 2019) (denying motion for leave to file surreply).  That is impossible here, since Plaintiffs have not yet even served their rebuttal reports, and Plaintiffs will do no such thing.

\*     \*     \*

Moments before Plaintiffs filed this motion, counsel for Defendants contacted counsel for

Plaintiffs and offered to extend the deadline for Plaintiffs to depose their experts to May 30, 2025, and to extend the deadline for Plaintiffs to file their reply reports to June 13, 2025. Harvey Decl. ¶ 7. Defendants also offered to reschedule depositions of three of their four experts: Dr. Saravia on May 13; Dr. Johnson on May 22; and Dr. Stiroh on May 29. *Id.* However, Defendants still refuse to move the most critical deposition: that of Dr. McCrary that is scheduled to occur on April 29, 2025. *Id.* The only reason Defendants provided for this position is Dr. McCrary's schedule. *Id.* However, Plaintiffs reminded Defendants that Plaintiffs have been asking for a later date for Dr. McCrary's deposition since **December 2024**, and Defendants have refused. *Id.* ¶¶ 2, 7; Ex. A.

In allowing Defendants to depose Dr. Starr for 12 hours over two days, the Court rejected Plaintiffs' arguments regarding the burden on Dr. Starr and his schedule: "Plaintiffs also cited burden on Dr. Starr as another basis for denying Defendants' motion, but the report shows that Dr. Starr is well compensated for his expertise and time." ECF. No. 587. Dr. Starr's hourly rate is $990 per hour. Harvey Decl. ¶ 7. Dr. McCrary's hourly rate is **$1,350** per hour. *Id.* If Dr. McCrary is incapable of finding a single day in his schedule that provides Plaintiffs with adequate time to prepare for his deposition, then he has no business being an expert in this case.

Further, Defendants still insist that they should be entitled to serve a fourth round of sur-rebuttal expert reports. *Id.* This position is meritless and unacceptable, for the reasons explained above.

## II. Conclusion

For the aforementioned reasons, Plaintiffs respectfully request that the Court: (1) extend Plaintiffs' deadline to depose Defendants' four experts (Dr. Justin McCrary, Dr. Lauren Stiroh, Dr. John Johnson, and Dr. Celeste Saravia) from May 9, 2025 to June 6, 2025; (2) extend

Plaintiffs' deadline to serve rebuttal expert reports, from May 30, 2025 to June 27, 2025; and (3) require Defendants to provide deposition dates for their four experts to occur between May 23, 2025 and June 6, 2025. Plaintiffs further respectfully request that the Court confirm that the schedule does not provide Defendants with a fourth round of sur-reply expert reports.

Dated: April 21, 2025

Respectfully submitted,

*/s/ Dean M. Harvey*

Dean M. Harvey (*pro hac vice*)
Lin Y. Chan (*pro hac vice*)
Sarah D. Zandi (*pro hac vice*)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
dharvey@lchb.com
lchan@lchb.com
szandi@lchb.com

Jessica A. Moldovan (*pro hac vice*)
Emily Harwell (*pro hac vice*)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Telephone: (212) 355-9500
Facsimile: (212) 355-9592
jmoldovan@lchb.com
eharwell@lchb.com

Linda P. Nussbaum (*pro hac vice*)
NUSSBAUM LAW GROUP, P.C.
1133 Avenue of the Americas, 31st Floor
New York, NY 10036
(917) 438-9102
lnussbaum@nussbaumpc.com

Michael L. Roberts (*pro hac vice*)
Karen Halbert (*pro hac vice*)
Sarah DeLoach (*pro hac vice*)
Kelly Rinehart (*pro hac vice*)
ROBERTS LAW FIRM US, PC
1920 McKinney Ave., Suite 700
Dallas, TX 75204
Telephone: (501) 821-5575
mikeroberts@robertslawfirm.us
karenhalbert@robertslawfirm.us
sarahdeloach@robertslawfirm.us
kellyrinehart@robertslawfirm.us

Erich P. Schork (admitted under L.R. 83.10)
ROBERTS LAW FIRM US, PC
P.O. Box 31909
Chicago, IL 60631
Telephone: (708) 497-9068
erichschork@robertslawfirm.us
Joseph R. Saveri (admitted under L.R. 83.10)
Ronnie Seidel Spiegel* (*pro hac vice*)
Cadio Zirpoli (*pro hac vice*)
David Haskell Seidel (*pro hac vice*)
William W. Castillo Guardado (*pro hac vice*)
JOSEPH SAVERI LAW FIRM, LLP
601 California Street, Suite 1505
San Francisco, California 94108
Tel: (415) 500-6800
Fax: (415) 395-9940
jsaveri@saverilawfirm.com
rspiegel@saverilawfirm.com
czirpoli@saverilawfirm.com
dseidel@saverilawfirm.com
wcastillo@saverilawfirm.com

*Located in Washington State

*Interim Co-Lead Class Counsel*

## CERTIFICATE OF SERVICE

I, Dean M. Harvey, an attorney, hereby certify that **Plaintiffs' Urgent Opposed Motion to Modify the Expert Discovery Schedule** was electronically filed on April 21, 2025, and will be served electronically via the Court's ECF Notice system upon the registered parties of record.

Dated: April 21, 2025  /s/ *Dean M. Harvey*
Dean M. Harvey