**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE OUTPATIENT MEDICAL CENTER EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No.: 1:21-cv-00305-SRH-YBK |

# DECLARATION OF DEAN M. HARVEY IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE EXPERT OPINIONS OF DR. EVAN STARR AND DR. BARRY GERHART

I, Dean M. Harvey, declare as follows:

1. I am admitted to the bar of California and am admitted *pro hac vice* in this case, *In re Outpatient Medical Center*, No. 1:21-cv-00305 (N.D. Ill.). I am a partner at the law firm of Lieff, Cabraser, Heimann & Bernstein, LLP, and Interim Co-Lead Class Counsel in the above-captioned matter. I make this declaration in support of Plaintiffs' Opposition to Defendants' Motion to Exclude Expert Opinions of Dr. Evan Starr and Dr. Barry Gerhart. I have personal knowledge of the facts set forth herein, and, if called as a witness, I could and would competently testify thereto.[1]

2. I previously submitted a declaration in support of Plaintiffs' Motion to Certify the Class and Plaintiffs' Motion to Exclude Expert Testimony of Drs. John Johnson, Celeste Saravia, Justin McCrary, and Lauren Stiroh (Sept. 15, 2025), ECF No. 659, with Exhibits 1–151 attached thereto, some of which are referenced in Plaintiffs' Opposition to Defendants' Motion to Exclude

[1] Defendants are Andrew Hayek, Kent Thiry, Surgical Care Affiliates, LLC and SCAI Holdings, LLC (together, "SCA"), DaVita Inc. ("DaVita"), and United Surgical Partners Holdings, Inc., United Partners International, Inc., and Tenet Healthcare Corporation (together, "USPI") (together, "Defendants").

Expert Opinions of Dr. Evan Starr and Dr. Barry Gerhart, filed today. To avoid duplicative filings, Plaintiffs have not re-filed any of the Exhibits 1–151 that were filed on September 15, 2025.

3. The exhibits attached hereto are numbered consecutively from Exhibit 151, the last exhibit submitted.

## I. EXHIBITS

4. Attached hereto as **Exhibit 152** is a true and correct copy of the Expert Witness Report of Kevin Hallock [Redacted Version], *In re High-Tech Emp. Antitrust Litig.*, No. 5:11-cv-02509-LHK (N.D. Cal. Apr. 10, 2014), ECF No. 832-6. Plaintiffs have applied blue highlighting to this exhibit to indicate information cited in Plaintiffs' brief.

Equity Compensation Literature

5. Attached hereto as **Exhibit 153** is a true and correct copy of Patricia Kotnik & Mustafa Erdem Sakinç, *Executive Compensation in Europe: Realized Gains from Stock-Based Pay*, 30 Rev. Int'l Pol. Econ. 1017–1045 (2023). Plaintiffs have applied blue highlighting to this exhibit to indicate information pertinent to Plaintiffs' brief.

6. Attached hereto as **Exhibit 154** is a true and correct copy of Liyan Shi, *Optimal Regulation of Noncompete Contracts*, 91 Econometrica 425–463 (2023). Plaintiffs have applied blue highlighting to this exhibit to indicate information pertinent to Plaintiffs' brief.

7. Attached hereto as **Exhibit 155** is a true and correct copy of Fatih Guvenen, Fatih Karahan, Serdar Ozkan & Jae Song, *What Do Data on Millions of U.S. Workers Reveal About Lifecycle Earnings Dynamics?*, 89 Econometrica 2303–2339 (2021). Plaintiffs have applied blue highlighting to this exhibit to indicate information pertinent to Plaintiffs' brief.

8. Attached hereto as **Exhibit 156** is a true and correct copy of Ilona Babenko, Fangfang Du & Yuri Tserlukevich, *Will I Get Paid? Employee Stock Options and Mergers and*

*Acquisitions*, 56 J. Fin. & Quantitative Analysis 29–64 (2021). Plaintiffs have applied blue highlighting to this exhibit to indicate information pertinent to Plaintiffs' brief.

9. Attached hereto as **Exhibit 157** is a true and correct copy of Alex Edmans, Vivian W. Fang & Katharina A. Lewellen, *Equity Vesting and Investment*, 30 Rev. Fin. Studies 2229–2274 (2017). Plaintiffs have applied blue highlighting to this exhibit to indicate information pertinent to Plaintiffs' brief.

10. Attached hereto as **Exhibit 158** is a true and correct copy of Laurence Ales & Christopher Sleet, *Taxing Top CEO Incomes*, 106 Am. Econ. Rev. 3331–3366 (2016). Plaintiffs have applied blue highlighting to this exhibit to indicate information pertinent to Plaintiffs' brief.

11. Attached hereto as **Exhibit 159** is a true and correct copy of Radhakrishnan Gopalan, Todd Milbourn, Fenghua Song & Anjan Thakor, *Duration of Executive Compensation*, 69 J. Fin. 2777–2817 (2014). Plaintiffs have applied blue highlighting to this exhibit to indicate information pertinent to Plaintiffs' brief.

12. Attached hereto as **Exhibit 160** is a true and correct copy of Josh Bivens & Lawrence Mishel, *The Pay of Corporate Executives and Financial Professionals as Evidence of Rents in Top 1 Percent Incomes*, 27 J. Econ. Perspectives 57–78 (2013). Plaintiffs have applied blue highlighting to this exhibit to indicate information pertinent to Plaintiffs' brief.

13. Attached hereto as **Exhibit 161** is a true and correct copy of Alex Edmans, Vivian Fang & Katharina Lewellen, *Equity Vesting and Managerial Myopia*, (Nat'l Bureau of Econ. Rsch., Working Paper No. 19407, 2013). Plaintiffs have applied blue highlighting to this exhibit to indicate information pertinent to Plaintiffs' brief.

14. Attached hereto as **Exhibit 162** is a true and correct copy of Arantxa Jarque & John Muth, *Evaluating Executive Compensation Packages*, 99 Econ. Q. 251–285 (2013).

Plaintiffs have applied blue highlighting to this exhibit to indicate information pertinent to Plaintiffs' brief.

15. Attached hereto as **Exhibit 163** is a true and correct copy of Jon Bakija, Adam Cole, & Bradley T. Heim, *Jobs and Income Growth of Top Earners and the Causes of Changing Income Inequality: Evidence from U.S. Tax Return Data*, (Williams Coll. Rsch. Paper in Econ. Vol. 24, 2012). Plaintiffs have applied blue highlighting to this exhibit to indicate information pertinent to Plaintiffs' brief.

16. Attached hereto as **Exhibit 164** is a true and correct copy of Steven N. Kaplan, *Executive Compensation and Corporate Governance in the US: Perceptions, Facts and Challenges*, (Nat'l Bureau of Econ. Rsch., Working Paper No. w18395, 2012). Plaintiffs have applied blue highlighting to this exhibit to indicate information pertinent to Plaintiffs' brief.

17. Attached hereto as **Exhibit 165** is a true and correct copy of Ilona Babenko, Michael Lemmon & Yuri Tserlukevich, *Employee Stock Options and Investment*, 66 J. Fin. 981–1010 (2011). Plaintiffs have applied blue highlighting to this exhibit to indicate information pertinent to Plaintiffs' brief.

18. Attached hereto as **Exhibit 166** is a true and correct copy of Steven N. Kaplan & Joshua Rauh, *Wall Street and Main Street: What Contributes to the Rise in the Highest Incomes?*, 23 Rev. Fin. Studies 1004–1050 (2010). Plaintiffs have applied blue highlighting to this exhibit to indicate information pertinent to Plaintiffs' brief.

19. Attached hereto as **Exhibit 167** is a true and correct copy of Steven N. Kaplan, *Are US CEOs Overpaid?*, 22 Acad. Mgmt. Perspectives 5–20 (2008). Plaintiffs have applied blue highlighting to this exhibit to indicate information pertinent to Plaintiffs' brief.

20. Attached hereto as **Exhibit 168** is a true and correct copy of J. Carr Bettis, John M. Bizjak & Michael L. Lemmon, *Exercise Behavior, Valuation, and the Incentive Effects of Employee Stock Options*, 76 J. Fin. Econ. 445–470 (2005). Plaintiffs have applied blue highlighting to this exhibit to indicate information pertinent to Plaintiffs' brief.

21. Attached hereto as **Exhibit 169** is a true and correct copy of Brian J. Hall & Kevin J. Murphy, *Stock Options for Undiversified Executives*, 33 J. Acct. & Econ. 3–42 (2002). Plaintiffs have applied blue highlighting to this exhibit to indicate information pertinent to Plaintiffs' brief.

22. Attached hereto as **Exhibit 170** is a true and correct copy of Austan Goolsbee, *What Happens When You Tax the Rich? Evidence from Executive Compensation*, 108 J. Pol. Econ. 352–378 (2000). Plaintiffs have applied blue highlighting to this exhibit to indicate information pertinent to Plaintiffs' brief.

23. Attached hereto as **Exhibit 171** is a true and correct copy of Chip Heath, Steven Huddart & Mark Lang, *Psychological Factors and Stock Option Exercise*, 114 Q. J. Econ. 601–627 (1999). Plaintiffs have applied blue highlighting to this exhibit to indicate information pertinent to Plaintiffs' brief.

24. Attached hereto as **Exhibit 172** is a true and correct copy of Steven Huddart & Mark Lang, *Employee Stock Option Exercises: An Empirical Analysis*, 21 J. Acct. & Econ. 5–43 (1996). Plaintiffs have applied blue highlighting to this exhibit to indicate information pertinent to Plaintiffs' brief.

<u>DaVita Criminal Case and Trial Documents</u>

25. Attached hereto as **Exhibit 173** is a true and correct copy of excerpts of trial testimony taken in *United States v. DaVita Inc.*, No. 21-cr-00229-RBJ (D. Colo.), on April 6,

2022, and marked as Exhibit PX158 at the deposition of Bridget ("Bridie") Fanning on July 17, 2024. Plaintiffs have applied blue highlighting to this exhibit to indicate testimony cited in Plaintiffs' brief.

Deposition Transcripts

26. Attached hereto as **Exhibit 174** is a true and correct copy of excerpts from the Transcript of the Deposition of Michael Staffieri ("Staffieri") taken on April 5, 2024. This document has been filed under seal because DaVita designated the transcript "CONFIDENTIAL." Plaintiffs have applied blue highlighting to this exhibit to indicate testimony cited in Plaintiffs' brief and the witness's job titles.

27. Attached hereto as **Exhibit 175** is a true and correct copy of excerpts from the Transcript of the Deposition of Leslie Wachsman taken on May 22, 2024. This document has been filed under seal because SCA designated the transcript "CONFIDENTIAL." Plaintiffs have applied blue highlighting to this exhibit to indicate testimony cited in Plaintiffs' brief and the witness's job titles.

28. Attached hereto as **Exhibit 176** is a true and correct copy of excerpts from the Transcript of the Deposition of Mark Garvin ("Garvin") taken on May 30, 2024. Plaintiffs have applied blue highlighting to this exhibit to indicate testimony cited in Plaintiffs' brief and the witness's job titles.

29. Attached hereto as **Exhibit 177** is a true and correct copy of excerpts from the Transcript of the Deposition of Bridie Fanning taken on July 17, 2024. Plaintiffs have applied blue highlighting to this exhibit to indicate testimony cited in Plaintiffs' brief and the witness's job titles.

30. Attached hereto as **Exhibit 178** is a true and correct copy of excerpts from the Transcript of the Deposition of Robert Chipman ("Chipman") taken on August 7, 2024. This document has been filed under seal because DaVita designated the transcript "CONFIDENTIAL." Plaintiffs have applied blue highlighting to this exhibit to indicate testimony cited in Plaintiffs' brief and the witness's job titles.

31. Attached hereto as **Exhibit 179** is a true and correct copy of excerpts from the Transcript of the Deposition of Peter Clemens ("Clemens") taken on May 2, 2024. This document has been filed under seal because USPI designated the transcript "CONFIDENTIAL." Plaintiffs have applied blue highlighting to this exhibit to indicate testimony cited in Plaintiffs' brief and the witness's job titles.

32. Attached hereto as **Exhibit 180** is a true and correct copy of excerpts from the Transcript of the Deposition of Sandi Karrmann ("Karrmann") taken on August 14, 2024. This document has been filed under seal because USPI designated the transcript "CONFIDENTIAL." Plaintiffs have applied blue highlighting to this exhibit to indicate testimony cited in Plaintiffs' brief and the witness's job titles.

33. Attached hereto as **Exhibit 181** is a true and correct copy of excerpts from the Transcript of the Deposition of Andrew Johnston taken on September 6, 2024. This document has been filed under seal because USPI designated the transcript "CONFIDENTIAL." Plaintiffs have applied blue highlighting to this exhibit to indicate testimony cited in Plaintiffs' brief and the witness's job titles.

34. Attached hereto as **Exhibit 182** is a true and correct copy of excerpts from the Transcript of the Deposition of Andrew Hayek ("Hayek") taken on September 18, 2024. This document has been filed under seal because Hayek designated the transcript "HIGHLY

CONFIDENTIAL." Plaintiffs have applied blue highlighting to this exhibit to indicate testimony cited in Plaintiffs' brief and the witness's job titles.

35. Attached hereto as **Exhibit 183** is a true and correct copy of excerpts from the Transcript of the Deposition of Warren Cinnick ("Cinnick") taken on November 22, 2024. This document has been filed under seal because SCA designated the transcript "CONFIDENTIAL." Plaintiffs have applied blue highlighting to this exhibit to indicate testimony cited in Plaintiffs' brief and the witness's job titles.

36. Attached hereto as **Exhibit 184** is a true and correct copy of excerpts from the Transcript of the Deposition of John Johnson, Ph.D., taken on May 7, 2025. This document has been filed under seal because Defendants designated the transcript "HIGHLY CONFIDENTIAL." Plaintiffs have applied blue highlighting to this exhibit to indicate testimony cited in Plaintiffs' brief.

37. Attached hereto as **Exhibit 185** is a true and correct copy of excerpts from the Transcript of the Deposition of Celeste Saravia, Ph.D., taken on May 9, 2025. This document has been filed under seal because USPI designated the transcript "HIGHLY CONFIDENTIAL." Plaintiffs have applied blue highlighting to this exhibit to indicate testimony cited in Plaintiffs' brief.

38. Attached hereto as **Exhibit 186** is a true and correct copy of excerpts from the Transcript of the Deposition of Lauren Stiroh taken on May 29, 2025. This document has been filed under seal because the transcript has been designated "HIGHLY CONFIDENTIAL." Plaintiffs have applied blue highlighting to this exhibit to indicate testimony cited in Plaintiffs' brief and the witness's job titles

39. Attached hereto as **Exhibit 187** is a true and correct copy of excerpts from the Transcript of the Deposition of Dr. Justin McCrary, taken on June 12, 2025. This document has been filed under seal because DaVita designated the transcript "HIGHLY CONFIDENTIAL." Plaintiffs have applied blue highlighting to this exhibit to indicate testimony cited in Plaintiffs' brief.

40. Attached hereto as **Exhibit 188** is a true and correct copy of excerpts from Volume I of the Transcript of the Deposition of Barry Gerhart, Ph.D., taken on March 5, 2025. This document has been filed under seal because SCA designated the transcript "CONFIDENTIAL." Plaintiffs have applied blue highlighting to this exhibit to indicate testimony cited in Plaintiffs' brief.

41. Attached hereto as **Exhibit 189** is a true and correct copy of excerpts from Volume II of the Transcript of the Deposition of Evan Starr, Ph.D., taken on March 20, 2025. This document has been filed under seal because DaVita designated the transcript "HIGHLY CONFIDENTIAL." Plaintiffs have applied blue highlighting to this exhibit to indicate testimony cited in Plaintiffs' brief.

<u>Deposition Exhibits</u>

42. Attached hereto as **Exhibit 190** is a true and correct copy of a resume produced by Chipman and marked as Exhibit PX248 at the deposition of Robert Chipman taken on August 7, 2024. This document has been filed under seal because Chipman designated it "CONFIDENTIAL." Plaintiffs have applied blue highlighting to this exhibit to indicate information cited in Plaintiffs' brief.

43. Attached hereto as **Exhibit 191** is a true and correct copy of a January 2011 document produced by USPI and marked as Exhibit PX522 at the deposition of William "Bill"

Wilcox ("Wilcox") taken on September 24, 2024. This document has been filed under seal because USPI designated it "CONFIDENTIAL." Plaintiffs have applied blue highlighting to this exhibit to indicate information cited in Plaintiffs' brief.

44. Attached hereto as **Exhibit 192** is a true and correct copy of a September 2012 document produced by Brian Mathis ("Mathis") and marked as Exhibit PX524 at the deposition of Wilcox take on September 24, 2024. This document has been filed under seal because Mathis designated it "HIGHLY CONFIDENTIAL." Plaintiffs have applied blue highlighting to this exhibit to indicate information cited in Plaintiffs' brief.

45. Attached hereto as **Exhibit 193** is a true and correct copy of an October 2012 document produced by Mathis and marked as Exhibit PX525 at the deposition of Wilcox taken on September 24, 2024. This document has been filed under seal because Mathis designated it "CONFIDENTIAL." Plaintiffs have applied blue highlighting to this exhibit to indicate information cited in Plaintiffs' brief.

46. Attached hereto as **Exhibit 194** is a true and correct copy of a February 2013 document produced by DaVita and marked as Exhibit PX269 at the deposition of Javier Rodriguez taken on August 12, 2024. This document has been filed under seal because DaVita designated it "CONFIDENTIAL." Plaintiffs have applied blue highlighting to this exhibit to indicate information cited in Plaintiffs' brief.

47. Attached hereto as **Exhibit 195** is a true and correct copy of a December 2014 document produced by DaVita and marked as Exhibit PX27 at the deposition of Staffieri taken on April 5, 2024. This document has been filed under seal because DaVita designated it "CONFIDENTIAL." Plaintiffs have applied blue highlighting to this exhibit to indicate information cited in Plaintiffs' brief.

48. Attached hereto as **Exhibit 196** is a true and correct copy of a January 2015 document produced by SCA and marked as Exhibit PX34 at the deposition of Clemens taken on May 2, 2024. This document has been filed under seal because SCA designated it "CONFIDENTIAL." Plaintiffs have applied blue highlighting to this exhibit to indicate information cited in Plaintiffs' brief.

49. Attached hereto as **Exhibit 197** is a true and correct copy of a May 2016 document produced by DaVita and marked as Exhibit PX74 at the deposition of Colleen Arthur ("Arthur") taken on May 23, 2024. This document has been filed under seal because DaVita designated it "CONFIDENTIAL." Plaintiffs have applied blue highlighting to this exhibit to indicate information cited in Plaintiffs' brief.

50. Attached hereto as **Exhibit 198** is a true and correct copy of a September 2016 document produced by DaVita and marked as Exhibit PX84 at the deposition of Arthur taken on May 23, 2024. This document has been filed under seal because DaVita designated it "CONFIDENTIAL." Plaintiffs have applied blue highlighting to this exhibit to indicate information cited in Plaintiffs' brief.

51. Attached hereto as **Exhibit 199** is a true and correct copy of a February 2017 document produced by USPI and marked as Exhibit PX105 at the deposition of Shannon McGarry ("McGarry") taken on June 11, 2024. This document has been filed under seal because USPI designated it "CONFIDENTIAL." Plaintiffs have applied blue highlighting to this exhibit to indicate information cited in Plaintiffs' brief.

52. Attached hereto as **Exhibit 200** is a true and correct copy of a February 2017 document produced by USPI and marked as Exhibit PX106 at the deposition of McGarry taken on June 11, 2024. This document has been filed under seal because USPI designated it

"CONFIDENTIAL." Plaintiffs have applied blue highlighting to this exhibit to indicate information cited in Plaintiffs' brief.

53. Attached hereto as **Exhibit 201** is a true and correct copy of an April 2017 document produced by DaVita and marked as Exhibit PX24 at the deposition of Staffieri taken on April 5, 2024. This document has been filed under seal because DaVita designated it "CONFIDENTIAL." Plaintiffs have applied blue highlighting to this exhibit to indicate information cited in Plaintiffs' brief.

54. Attached hereto as **Exhibit 202** is a true and correct copy of a February 2018 document produced by DaVita and marked as Exhibit PX81 at the deposition of Arthur taken on May 23, 2024. This document has been filed under seal because DaVita designated it "CONFIDENTIAL." Plaintiffs have applied blue highlighting to this exhibit to indicate information cited in Plaintiffs' brief.

55. Attached hereto as **Exhibit 203** is a true and correct copy of a March 2018 document produced by DaVita and marked as Exhibit PX77 at the deposition of Arthur taken on May 23, 2024. This document has been filed under seal because DaVita designated it "CONFIDENTIAL." Plaintiffs have applied blue highlighting to this exhibit to indicate information cited in Plaintiffs' brief.

56. Attached hereto as **Exhibit 204** is a true and correct copy of a May 2018 document produced by DaVita and marked as Exhibit PX83 at the deposition of Arthur taken on May 23, 2024. This document has been filed under seal because DaVita designated it "CONFIDENTIAL." Plaintiffs have applied blue highlighting to this exhibit to indicate information cited in Plaintiffs' brief.

57. Attached hereto as **Exhibit 205** is a true and correct copy of a December 2018 document produced by DaVita and marked as Exhibit PX85 at the deposition of Arthur taken on May 23, 2024. This document has been filed under seal because DaVita designated it "CONFIDENTIAL." Plaintiffs have applied blue highlighting to this exhibit to indicate information cited in Plaintiffs' brief.

58. Attached hereto as **Exhibit 206** is a true and correct copy of a July 2020 document produced by the Department of Justice ("DOJ") and marked as Exhibit PX88 at the deposition of Garvin taken on May 30, 2024. This document has been filed under seal because the DOJ designated it "CONFIDENTIAL." Plaintiffs have applied blue highlighting to this exhibit to indicate information cited in Plaintiffs' brief.

<u>Other Evidence Produced by Defendants and Third Parties</u>

59. Attached hereto as **Exhibit 207** is a true and correct copy of a July 2009 document produced by DaVita with Bates stamp DVA_OMCEAL_001362432. This exhibit has been filed under seal because DaVita designated this document "CONFIDENTIAL." Plaintiffs have applied blue highlighting to this exhibit to indicate information cited in Plaintiffs' brief.

60. Attached hereto as **Exhibit 208** is a true and correct copy of a February 2010 document produced by USPI beginning at Bates stamp USPI_CIV_000105175. This document has been filed under seal because USPI designated it "CONFIDENTIAL." Plaintiffs have applied blue highlighting to this exhibit to indicate information cited in Plaintiffs' brief.

61. Attached hereto as **Exhibit 209** is a true and correct copy of a March 2010 document produced by USPI beginning at Bates stamp USPI_CIV_000105118. This document has been filed under seal because USPI designated it "CONFIDENTIAL." Plaintiffs have applied blue highlighting to this exhibit to indicate information cited in Plaintiffs' brief.

62. Attached hereto as **Exhibit 210** is a true and correct copy of an October 2012 document produced by Mathis beginning at Bates stamp OMC_BM_000014512. This document has been filed under seal because Mathis designated it "CONFIDENTIAL." Plaintiffs have applied blue highlighting to this exhibit to indicate information cited in Plaintiffs' brief.

63. Attached hereto as **Exhibit 211** is a true and correct copy of an April 2015 document produced by SCA with Bates stamp SCA000862885. This exhibit has been filed under seal because SCA designated this document "CONFIDENTIAL." Plaintiffs have applied blue highlighting to this exhibit to indicate information cited in Plaintiffs' brief.

64. Attached hereto as **Exhibit 212** is a true and correct copy of an October 2018 document with an attachment produced by USPI beginning at Bates stamp USPI_CIV_000214742 (cover email) and USPI_CIV_000214746 (attachment). This exhibit has been filed under seal because USPI designated the documents "CONFIDENTIAL." Plaintiffs have applied blue highlighting to this exhibit to indicate information cited in Plaintiffs' brief.

65. Attached hereto as **Exhibit 213** is a true and correct copy of a February 2022 document produced by the DOJ beginning at Bates stamp DOJCIV-008-00000404. This document has been filed under seal because the DOJ designated it "CONFIDENTIAL." Plaintiffs have applied blue highlighting to this exhibit to indicate information cited in Plaintiffs' brief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 13, 2025 at San Francisco, California.

Dated: November 13, 2025

*/s/ Dean M. Harvey*
Dean M. Harvey

## CERTIFICATE OF SERVICE

I, Dean M. Harvey, an attorney, hereby certify that the **Declaration of Dean M. Harvey in Support of Plaintiffs' Opposition to Defendants' Motion to Exclude Expert Opinions of Dr. Evan Starr and Dr. Barry Gerhart** was electronically filed on November 13, 2025, and will be served electronically via the Court's ECF Notice system upon the registered parties of record.

Dated: November 13, 2025

*/s/ Dean M. Harvey*
Dean M. Harvey