**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE OUTPATIENT MEDICAL CENTER EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | Master Docket No. 1:21-cv-00305-SRH-YBK<br><br>Judge Sunil R. Harjani |

**DECLARATION OF SARAH A. ZIELINSKI IN SUPPORT OF DEFENDANTS' OPPOSITIONS TO PLAINTIFFS' MOTION TO CERTIFY THE CLASS AND PLAINTIFFS' MOTION TO EXCLUDE EXPERT TESTIMONY OF DRS. JOHN JOHNSON, CELESTE SARAVIA, JUSTIN MCCRARY, AND LAUREN STIROH**

I, Sarah A. Zielinski, pursuant to 28 U.S. § 1746, declare as follows:

1. I am an attorney duly admitted to practice in the State of Illinois and am admitted in the above-captioned case. I am a partner with the law firm of McGuireWoods LLP, and counsel for Defendants Surgical Care Affiliates, LLC and SCAI Holdings, LLC ("SCA") in the above-captioned case.

2. I make this declaration in support of (1) Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion to Certify the Class and (2) Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion to Exclude Expert Testimony of Drs. John Johnson, Celeste Saravia, Justin McCrary, and Lauren Stiroh.

3. I base this declaration upon my own personal knowledge in my capacity as counsel for SCA, publicly available documents, the files maintained by my firm, the discovery that has been conducted, and prior proceedings and papers in the above-captioned case.

4. Attached hereto as **Exhibit 1** is a true and correct copy of the Expert Witness Report of Dr. Evan P. Starr, served on January 15, 2025, as amended on January 21, 2025. Pursuant to the

Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

5. Attached hereto as **Exhibit 2** is a true and correct copy of the March 19, 2025, errata to the Expert Witness Report of Dr. Evan P. Starr. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

6. Attached hereto as **Exhibit 3** is a true and correct copy of the Expert Witness Report of Dr. Barry Gerhart, served on January 15, 2025, as amended on February 11, 2025. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

7. Attached hereto as **Exhibit 4** is a true and correct copy of the Updated Rebuttal Expert Witness Report of Dr. Evan P. Starr, served on June 30, 2025, as amended on July 14, 2025. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

8. Attached hereto as **Exhibit 5** is a true and correct copy of the Updated Rebuttal Expert Witness Report of Dr. Barry Gerhart, served on June 30, 2025. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

9. Attached hereto as **Exhibit 6** is a true and correct copy of a compilation of excerpts from the transcripts of the March 5, 2025, and July 10, 2025, depositions of Dr. Barry Gerhart. The transcript pagination continues across both transcripts. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

10. Attached hereto as **Exhibit 7** is a true and correct copy of a compilation of excerpts from the transcripts of the March 19, 2025, March 20, 2025, and July 15, 2025, depositions of Dr. Evan P. Starr. The transcript pagination continues across all three transcripts. Pursuant to the

Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

11. Attached hereto as **Exhibit 8** is a true and correct copy of a compilation of excerpts from the transcript of the May 7, 2025, deposition of Dr. John Johnson. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

12. Attached hereto as **Exhibit 9** is a true and correct copy of a compilation of excerpts from the transcript of the May 9, 2025, deposition of Dr. Celeste Saravia. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

13. Attached hereto as **Exhibit 10** is a true and correct copy of a compilation of excerpts from the transcript of the May 29, 2025, deposition of Dr. Lauren Stiroh. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

14. Attached hereto as **Exhibit 11** is a true and correct copy of a compilation of excerpts from the transcript of the June 12, 2025, deposition of Dr. Justin McCrary. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

15. Attached hereto as **Exhibit 12** is a true and correct copy of a chart prepared by counsel for Defendants referencing various publicly available sources that have analyzed and relied on Lightcast data, including peer-reviewed academic research; academic working papers and research in progress; and analyses conducted by academic institutions, non-profit institutions, and government agencies.

16. Attached hereto as **Exhibit 13** is a true and correct copy of a January 14, 2025 email from Erich Schork to Joshua Wade regarding: "In re OMC – Agreement re expert disclosures." As reflected in this email chain, the parties agreed to serve their respective experts' backup data three business days after the deadline to serve the experts' reports. Plaintiffs produced their experts'

reliance materials on January 21, 2025, after serving their experts' opening reports on January 15, 2025. Defendants produced Dr. McCrary's reliance materials, including the Lightcast dataset analyzed by Dr. McCrary, to Plaintiffs on April 18, 2025, only two business days after Defendants served Dr. McCrary's report on April 16, 2025. To my knowledge, the Lightcast dataset was not in the possession of Defendants or their counsel until Defendants' counsel produced the dataset to Plaintiffs.

17. Attached hereto as **Exhibit 14** is a true and correct copy of the Declaration of Scott Veenendall in Support of Defendants' Oppositions to Plaintiffs' Motion to Certify the Class and Plaintiffs' Motion to Exclude Expert Testimony of Drs. Johnson, Celeste Saravia, Justin McCrary, and Lauren Stiroh, dated November 13, 2025.

18. Attached hereto as **Exhibit 15** is a true and correct copy of the Declaration of Alexa Jones, dated November 13, 2025. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

19. Attached hereto as **Exhibit 16** are true and correct copies of the Declaration of Shannon Mosley in Support of Defendants' Opposition to Plaintiffs' Motion to Certify the Class, dated November 13, 2025, and various exhibits thereto. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

20. Attached hereto as **Exhibit 17** is a true and correct copy of excerpts of trial testimony taken in *United States v. DaVita Inc.*, No. 21-cr-00229-RBJ (D. Colo.) on April 6, 2022, ECF No. 288.

21. Attached hereto as **Exhibit 18** is a true and correct copy of excerpts of trial testimony taken in *United States v. DaVita Inc.*, No. 21-cr-00229-RBJ (D. Colo.) on April 7, 2022, ECF No 289.

22. Attached hereto as **Exhibit 19** is a true and correct copy of a document marked as trial exhibit GX33 in *United States v. DaVita Inc.*, No. 21-cr-00229-RBJ (D. Colo.).

23. Attached hereto as **Exhibit 20** is a true and correct copy of excerpts from the transcript of the May 23, 2024, deposition of Colleen Arthur. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

24. Attached hereto as **Exhibit 21** is a true and correct copy of excerpts from the transcript of the September 12, 2024, deposition of Brett Brodnax. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

25. Attached hereto as **Exhibit 22** is a true and correct copy of excerpts from the transcript of the August 6, 2024, deposition of Jason Cagle. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

26. Attached hereto as **Exhibit 23** is a true and correct copy of excerpts from the transcript of the August 7, 2024, deposition of Robert Chipman. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

27. Attached hereto as **Exhibit 24** is a true and correct copy of excerpts from the transcript of the November 22, 2024, deposition of Warren Cinnick. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

28. Attached hereto as **Exhibit 25** is a true and correct copy of excerpts from the transcript of the September 11, 2024, deposition of Joseph Clark. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

29. Attached hereto as **Exhibit 26** is a true and correct copy of excerpts from the transcript of the May 2, 2024, deposition of Peter Clemens. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

30. Attached hereto as **Exhibit 27** is a true and correct copy of excerpts from the transcript of the May 21, 2024, deposition of Kristen DesPalmes. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

31. Attached hereto as **Exhibit 28** is a true and correct copy of excerpts from the transcript of the June 12, 2025, deposition of Cindy English. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

32. Attached hereto as **Exhibit 29** is a true and correct copy of excerpts from the transcript of the July 17, 2024, deposition of Bridget Fanning. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

33. Attached hereto as **Exhibit 30** is a true and correct copy of excerpts from the transcript of the May 30, 2024, deposition of Mark Garvin. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

34. Attached hereto as **Exhibit 31** is a true and correct copy of excerpts from the transcript of the September 18, 2024, deposition of Defendant Andrew Hayek. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

35. Attached hereto as **Exhibit 32** is a true and correct copy of excerpts from the transcript of the September 6, 2024, deposition of Andrew Johnston. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

36. Attached hereto as **Exhibit 33** is a true and correct copy of excerpts from the transcript of the August 14, 2024, deposition of Sandra Karrmann. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

37. Attached hereto as **Exhibit 34** is a true and correct copy of excerpts from the transcript of the August 22, 2024, deposition of Plaintiff Scott Keech. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

38. Attached hereto as **Exhibit 35** is a true and correct copy of excerpts from the transcript of the October 22, 2024, deposition of Anthony Kilgore. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

39. Attached hereto as **Exhibit 36** is a true and correct copy of excerpts from the transcript of the September 6, 2024, deposition of Dennis Kogod. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

40. Attached hereto as **Exhibit 37** is a true and correct copy of excerpts from the transcript of the December 12, 2024, deposition of Mark Kopser. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

41. Attached hereto as **Exhibit 38** is a true and correct copy of excerpts from the transcript of the June 28, 2024, deposition of Michael Loiacano. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

42. Attached hereto as **Exhibit 39** is a true and correct copy of excerpts from the transcript of the June 27, 2024 deposition of Anthony Martin. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

43. Attached hereto as **Exhibit 40** is a true and correct copy of excerpts from the transcript of the September 20, 2024, deposition of Brian Todd Mathis. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

44. Attached hereto as **Exhibit 41** is a true and correct copy of excerpts from the transcript of the June 11, 2024, deposition of Shannon McGarry. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

45. Attached hereto as **Exhibit 42** is a true and correct copy of excerpts from the transcript of the August 14, 2024, deposition of Clare Metcalf. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

46. Attached hereto as **Exhibit 43** is a true and correct copy of excerpts from the transcript of the July 30, 2024, deposition of Laura Mildenberger. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

47. Attached hereto as **Exhibit 44** is a true and correct copy of excerpts from the transcript of the August 13, 2024, deposition of Shannon Mosley. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

48. Attached hereto as **Exhibit 45** is a true and correct copy of excerpts from the transcript of the August 12, 2024, deposition of Javier Rodriguez. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

49. Attached hereto as **Exhibit 46** is a true and correct copy of excerpts from the transcript of the August 27, 2024, deposition of Michael Rucker. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

50. Attached hereto as **Exhibit 47** is a true and correct copy of excerpts from the transcript of the November 19, 2024, deposition of John Schultz. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

51. Attached hereto as **Exhibit 48** is a true and correct copy of excerpts from the transcript of the July 18, 2024, deposition of Plaintiff Allen Spradling. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

52. Attached hereto as **Exhibit 49** is a true and correct copy of excerpts from the transcript of the April 5, 2024, deposition of Michael Staffieri. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

53. Attached hereto as **Exhibit 50** is a true and correct copy of excerpts from the transcript of the July 31, 2024, deposition of Jimmy Tanner. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

54. Attached hereto as **Exhibit 51** is a true and correct copy of excerpts from the transcript of the August 16, 2024, deposition of Defendant Kent Thiry. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

55. Attached hereto as **Exhibit 52** is a true and correct copy of excerpts from the transcript of the May 22, 2024, deposition of Leslie Wachsman. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

56. Attached hereto as **Exhibit 53** is a true and correct copy of excerpts from the transcript of the September 24, 2024, deposition of Bill Wilcox. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

57. Attached hereto as **Exhibit 54** is a true and correct copy of excerpts from the transcript of the December 18, 2024, deposition of deposition of Kevin Zaideman. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

58. Attached hereto as **Exhibit 55** is a true and correct copy of a document marked as DX06 at the July 18, 2024, deposition of Allen Spradling.

59. Attached hereto as **Exhibit 56** is a true and correct copy of a document produced by Scott Keech and marked as DX41 at the August 22, 2024, deposition of Scott Keech. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

60. Attached hereto as **Exhibit 57** is a true and correct copy of a document produced by Scott Keech and marked as DX41B at the August 22, 2024, deposition of Scott Keech. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

61. Attached hereto as **Exhibit 58** is a true and correct copy of a document produced by SCA and marked as PX033 at the May 2, 2024, deposition of Peter Clemens. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

62. Attached hereto as **Exhibit 59** is a true and correct copy of a document produced by USPI and marked as PX089 at the May 30, 2024, deposition of Mark Garvin. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

63. Attached hereto as **Exhibit 60** is a true and correct copy of a document produced by USPI and marked as PX103 at the June 11, 2024, deposition of Shannon McGarry. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

64. [Reserved]

65. Attached hereto as **Exhibit 62** is a true and correct copy of a document produced by DOJ and marked as PX159 at the July 17, 2024, deposition of Bridget Fanning. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

66. [Reserved]

67. [Reserved]

68. [Reserved]

69. Attached hereto as **Exhibit 66** is a true and correct copy of a document produced by DaVita and marked as PX268 at the August 12, 2024, deposition of Javier Rodriguez. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

70. Attached hereto as **Exhibit 67** is a true and correct copy of a document produced by USPI and marked as PX282 at the August 13, 2024, deposition of Shannon Mosely. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

71. Attached hereto as **Exhibit 68** is a true and correct copy of a document produced by USPI and marked as PX298 at the August 14, 2024, deposition of Sandra Karrmann. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

72. [Reserved]

73. Attached hereto as **Exhibit 70** is a true and correct copy of a document produced by Brian Mathis and marked as PX522 at the September 24, 2024, deposition of Bill Willcox.

Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

74. Attached hereto as **Exhibit 71** is a true and correct copy of a document produced by SCA, Bates numbered SCA000075527 – SCA000075528. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

75. Attached hereto as **Exhibit 72** is a true and correct copy of a document produced by SCA, Bates numbered SCA000078353. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

76. Attached hereto as **Exhibit 73** is a true and correct copy of a document produced by SCA, Bates numbered SCA000098450 – SCA000098452. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

77. Attached hereto as **Exhibit 74** is a true and correct copy of a document produced by SCA, Bates numbered SCA000100169 – SCA000100172. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

78. Attached hereto as **Exhibit 75** is a true and correct copy of a document produced by SCA, Bates numbered SCA000287698, attaching a document produced by SCA in native format at Bates number SCA000287699. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

79. Attached hereto as **Exhibit 76** is a true and correct copy of a document produced by SCA, Bates numbered SCA001089746 – SCA001089749. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

80. Attached hereto as **Exhibit 77** is a true and correct copy of a document produced by SCA, Bates numbered SCA001092384 – SCA001092387. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

81. Attached hereto as **Exhibit 78** is a true and correct copy of a document produced by SCA, Bates numbered SCA001129757 – SCA001129758. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

82. Attached hereto as **Exhibit 79** is a true and correct copy of a document produced by SCA, Bates numbered SCA001144952 – SCA001144954. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

83. Attached hereto as **Exhibit 80** is a true and correct copy of a document produced by SCA, Bates numbered SCA001185620 – SCA001185632. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

84. Attached hereto as **Exhibit 81** is a true and correct copy of a document produced by SCA, Bates numbered SCA001198974 – SCA001198977. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

85. Attached hereto as **Exhibit 82** is a true and correct copy of a document produced by SCA, Bates numbered SCA001284417 – SCA001284418. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

86. Attached hereto as **Exhibit 83** is a true and correct copy of a document produced by SCA, Bates numbered SCA001474357 – SCA001474359. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

87. Attached hereto as **Exhibit 84** is a true and correct copy of a document produced by SCA in native format at Bates number SCA001667522. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

88. Attached hereto as **Exhibit 85** is a true and correct copy of a document produced by SCA, Bates numbered SCA001667530 – SCA001667533. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

89. Attached hereto as **Exhibit 86** is a true and correct copy of a document produced by SCA in native format at Bates number SCA001669270. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

90. Attached hereto as **Exhibit 87** is a true and correct copy of a document produced by DaVita, Inc. ("DaVita"), Bates numbered DVA_OMCEAL_000760685 – DVA_OMCEAL_000760699. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

91. Attached hereto as **Exhibit 88** is a true and correct copy of a document produced by DaVita, Inc. ("DaVita"), Bates numbered DVA_OMCEAL_001382483 – DVA_OMCEAL_001382486. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

92. Attached hereto as **Exhibit 89** is a true and correct copy of the Expert Report of Edward E. Leamer, Ph.D. filed in *In re: High-Tech Employees Antitrust Litig.*, No. 5:11-cv-02509-LHK (N.D. Cal.), ECF No. 198-2.

93. Attached hereto as **Exhibit 90** is a true and correct copy of the Report of Orley Ashenfelter filed in *In re: Animation Workers Antitrust Litig.*, No. 5:14-cv-04062-LHK (N.D. Cal.), ECF No. 215-6.

94. Attached hereto as **Exhibit 91** is a true and correct copy of the Expert Report of Hal J. Singer filed in *Borozny v. RTX Corp.*, No. 3:21-cv-01657 (D. Conn.), ECF No. 841-1.

95. Attached hereto as **Exhibit 92** is a true and correct copy of a document produced by Brian Mathis and marked as PX493 at the September 20, 2024, deposition of Brian Mathis. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

96. Attached hereto as **Exhibit 93** is a true and correct copy of a document produced by DaVita and marked as PX077 at the May 23, 2024, deposition of Colleen Arthur. Pursuant to the Court's November 7, 2025, Order (ECF No. 673), this exhibit has been provisionally filed under seal.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 13th day of November, 2025, in Chicago, Illinois.

*<u>/s/ Sarah A. Zielinski</u>*
Sarah A. Zielinski

## CERTIFICATE OF SERVICE

I, Kenneth M. Kliebard, an attorney, certify that a copy of the foregoing document and the exhibits thereto were filed via the Court's CM/ECF system and served via electronic mail on November 13, 2025, upon all counsel of record.

*/s/ Kenneth M. Kliebard*
Kenneth M. Kliebard

*Counsel for Defendant DaVita Inc.*