UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE OUTPATIENT MEDICAL CENTER EMPLOYEE ANTITRUST LITIGATION, | ) ) ) ) ) ) ) ) ) No. 21 CV 305<br><br>Magistrate Judge Young B. Kim<br><br>November 19, 2025 |

**MEMORANDUM OPINION and ORDER**

Plaintiffs Scott Keech and Allen Spradling, former senior employees of Defendants Surgical Care Affiliates, LLC and SCAI Holdings, LLC (together, "SCA"), bring this antitrust action for violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. They allege that SCA, along with Defendants United Surgical Partners International, Inc., United Surgical Partners Holding Company, Inc., DaVita Inc., and other ambulatory surgery centers and outpatient medical centers, conspired to reduce and limit the compensation and mobility of their senior-level employees. The parties have completed fact and expert discovery. However, Defendants claim that "rebuttal" opinions from Plaintiffs' experts, Drs. Barry Gerhart and Evan Starr, offer new opinions that should have been disclosed in their original January 2025 reports rather than in the rebuttal reports. (R. 549.) Defendants thus seek to strike portions of those rebuttal reports. On October 28 and November 5, 2025, this court granted in part Defendants' request as to Dr. Gerhart's rebuttal report. (R. 670; R. 671; R. 684.) This order addresses

Defendants' request to strike portions of Dr. Starr's rebuttal report. For the following reasons, the motion is granted in part and denied in part:

## Background

In January 2025 Dr. Starr served his expert report on Defendants. (R. 627-2, Wade Decl. ¶ 4.) Then, in April 2025 Defendants' experts—Drs. Celeste Saravia, John H. Johnson, IV, Justin McCrary, and Lauren J. Stiroh—served their responsive expert reports on Plaintiffs. (R. 627-1, Defs.' Mem. at 4.) Dr. Starr served his rebuttal expert report in July 2025. (R. 627-2, Wade Decl. ¶ 12.) This rebuttal report spans 289 pages and includes 320 paragraphs. (R. 638-8.) Defendants seek to strike Paragraph Nos. 68-71, 182, and 237-41 of Dr. Starr's rebuttal report because they include either new opinions reinforcing initial opinions or improperly speculating about matters Defendants' experts raised in their opinions.

## Analysis

The court agrees with Defendants that not all of Dr. Starr's July 2025 opinions are proper rebuttal. A proper rebuttal expert opinion intends "to contradict, impeach, or defuse the impact" of the opposing expert's opinions. *Peals v. Terre Haute Police Dep't*, 535 F.3d 621, 630 (7th Cir. 2008) (citation omitted). Under Federal Rule of Civil Procedure 26(a)(2)(D)(ii), rebuttal opinions are limited to addressing the subject matter identified in the opposing expert's report. *See Kenall Mfg. Co. v. Cooper Lighting, LLC*, 723 F. Supp. 3d 640, 658 (N.D. Ill. 2024) (holding that "rebuttal report is proper 'so long as it relates to the same

subject matter' as the report it critiques" (citation omitted)). If a rebuttal opinion does not directly address or critique the opposing expert's report, it may be deemed improper and is subject to exclusion. *See Chi. Joe's Tea Room, LLC v. Vill. of Broadview*, 94 F.4th 588, 602 (2024) ("Testimony offered only as additional support to an argument made in a case in chief, if not offered to contradict, impeach or defuse the impact of the evidence offered by an adverse party, is improper on rebuttal." (quoting *Peals*, 535 F.3d at 630)). Rule 37(c)(1) also empowers courts to strike opinions not timely disclosed. Applying these standards, the court considers the paragraphs of Dr. Starr's rebuttal report that Defendants challenge.

## A. Lack of Information

Defendants' motion to strike Paragraph Nos. 68 through 71 is granted.[1] Defendants' experts are critical of Dr. Starr's opinions that the information Defendants exchanged allowed them to implement a scheme that depressed the class members' compensation. Like Dr. Gerhart, Dr. Starr describes the quality of the information he had to work with when rendering his initial opinions. (See R. 684.) But this is not a rebuttal opinion. Dr. Starr does not take the position that the exchanged information that he considered was enough to implement an anti-competition scheme, nor did he include an analysis explaining the nexus between the information he cites in his initial report and the impact the information sharing had on wages. In sum, Dr. Starr's opinions in these contested paragraphs suffer the same flaws as Dr. Gerhart's opinions. (See R. 684.)

---

[1] Given this ruling, a separate discussion is not necessary to address Defendants' request to strike Paragraph 68.d. (See R. 627-1, Defs.' Mem. at 14-15.)

### B. First Year Compensation

Defendants' motion to strike Paragraph No. 182 is denied. Defendants' experts argue that employees hired away from non-Defendant Companies must have been paid more than the salary they previously earned, consistent with the prevailing market rate. (See R. 627-1, Defs.' Mem. at 12.) Dr. Starr says he disagrees with this "theory-based argument" and critiques this view of the labor market as too simplistic. He also opines why Defendants' experts' conclusion is wrong. He identifies the nuances of the labor market in question and backs up his rebuttal opinion with quantitative analysis. This court fails to see anything wrong with this rebuttal. In fact, even the July 16, 2024 order in *Borozny v. RTX Corp.*, No. 3:21 CV 1657 (D. Conn.), which Defendants rely on in their motion, notes that a party may use "new methodologies" to contradict the opposing side's expert opinions. (See R. 627-1, Defs.' Mem. at 10.) So too here. Dr. Starr's use of a new quantitative analysis does not render his opinion improper rebuttal.

### C. Common Factors

Defendants' motion to strike Paragraph Nos. 237-41 is denied. A review of these paragraphs shows that Dr. Starr's opinions rebut Defendants' experts' opinions that Defendants did not maintain a rigid compensation system or a systematized compensation structure, citing the wide variations in compensation among the senior-level employees. To refute this point, Dr. Starr performs a new regression analysis to identify the factors causing the dispersion Defendants' experts rely on and to explain how his analysis discounts their opinions. Whether a

4

rebuttal opinion should be stricken does not hinge on whether it is new. Indeed, rebuttal opinions often are new because they comment on the opposing side's expert opinions. Rather, the material question is whether the rebuttal opinion refutes the opposing side's opinions. Here—while this court cannot comment on the veracity or weight of the opinions—it finds that Paragraph Nos. 237-41 serve to contradict Defendants' experts' opinions.

## Conclusion

For the foregoing reasons, Defendants' motion to strike is granted as to Paragraph Nos. 68-71 of Dr. Starr's rebuttal report but denied as to the others.

            **ENTER:**

            _____
            **Young B. Kim**
            **United States Magistrate Judge**