**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

IN RE OUTPATIENT MEDICAL CENTER
EMPLOYEE ANTITRUST LITIGATION

THIS DOCUMENT RELATES TO:

ALL ACTIONS

Master Docket No. 1:21-cv-00305-SRH-YBK

Judge Sunil R. Harjani

**PARTIES' UNOPPOSED OMNIBUS MOTION TO SEAL**

Pursuant to Local Rule 26.2, the Stipulated Protective Order entered on October 12, 2021 (ECF No. 72), and the Court's orders dated November 7, 2025, December 13, 2025, December 18, 2025, January 5, 2026, January 9, 2026, and March 4, 2026 (ECF Nos. 673, 695, 700, 716, 719 and 737), the parties respectfully move this Court for leave to file under seal portions of certain briefs and exhibits filed in connection with Plaintiffs' Motion to Certify the Class, the parties' *Daubert* Motions, Plaintiffs' Motion to Strike, and Defendants' Rule 72 Objections.

No aspect of this motion is opposed.

The filings for which Defendants, Plaintiffs, and certain non-parties request continued sealing are identified in Appendices A, B, and C, respectively. Appendix D identifies filings for which no party or non-party requests continued sealing.

In support of this motion, the parties state as follows:

1.      This motion to seal relates exclusively to the following materials, which the parties filed provisionally under seal pursuant to the Court's order dated November 7, 2025 (ECF No. 673):

        a.      Plaintiffs' Motion to Certify the Class (ECF No. 656, "Class Certification Motion") and certain exhibits submitted therewith, filed on September 15, 2025;

1

b. Plaintiffs' Motion to Exclude Expert Testimony of Drs. John Johnson, Celeste Saravia, Justin McCrary, and Lauren Stiroh (ECF No. 658, "Plaintiffs' *Daubert* Motion") and certain exhibits submitted therewith, filed on September 15, 2025;

c. Defendants' Memorandum of Law in Support of Their Motion to Exclude Opinions and Testimony of Plaintiffs' Proposed Experts Dr. Barry Gerhart and Dr. Evan Starr (ECF No. 665, "Defendants' *Daubert* Motion," and collectively with "Plaintiffs' *Daubert* Motion," "*Daubert* Motions") and certain exhibits submitted therewith, filed on September 15, 2025;

d. Plaintiffs' Opposition to Defendants' Motion to Exclude Expert Opinions of Dr. Evan Starr and Dr. Barry Gerhart (ECF No. 675) and certain exhibits submitted therewith, filed on November 13, 2025;

e. Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion to Exclude Expert Testimony of Drs. John Johnson, Celeste Saravia, Justin McCrary, and Lauren Stiroh (ECF No. 676) and certain exhibits submitted therewith, filed on November 13, 2025;

f. Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion to Certify the Class (ECF No. 682) and certain exhibits submitted therewith, filed on November 13, 2025;

g. An exhibit submitted with Plaintiffs' Motion to Strike Dr. Justin McCrary's Sur-Rebuttal Opinions (ECF No. 692, "Motion to Strike") (brief filed publicly), filed on December 12, 2025;

h. Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion to Strike (ECF No. 698), filed on December 17, 2025;

i.        Defendants' Reply in Support of Their Motion to Exclude Opinions and Testimony of Plaintiffs' Proposed Experts Dr. Barry Gerhart and Dr. Evan Starr (ECF No. 704) and certain exhibits submitted therewith;

j.        Plaintiffs' Reply in Support of Motion to Certify the Class (ECF No. 706) and certain exhibits submitted therewith, filed on December 18, 2025;

k.        Plaintiffs' Reply in Support of Motion to Exclude Expert Testimony of Drs. John Johnson, Celeste Saravia, Justin McCrary, and Lauren Stiroh (ECF No. 708) and certain exhibits submitted therewith, filed on December 18, 2025;

l.        Defendants' Memorandum of Law in Support of Their Rule 72 Objections to Magistrate Judge Kim's Minute Order Granting Plaintiffs' Motion to Strike, filed on January 2, 2026 (ECF No. 714-1, "Rule 72 Objections"); and

m.        Plaintiffs' Response to Defendants' Rule 72 Objections to Judge Kim's Order Striking Defendants' Unauthorized and Untimely Expert Sur-rebuttal (ECF No. 722) and an exhibit thereto, filed on January 26, 2026.[1]

2.        The parties respectfully submit that nothing in this motion shall be construed as a waiver of any party's right to request or oppose the sealing of any materials in connection with any subsequent proceedings in this action.

3.        On November 7, 2025, the parties filed their Joint Motion for Leave to Provisionally File Class Certification and *Daubert* Materials Under Seal as Necessary and to File Omnibus Motion to Seal After Briefing is Complete (ECF No. 672) ("Motion for Provisional Sealing"). The Motion for Provisional Sealing proposed that the parties would (a) provisionally

---

[1] Defendants publicly filed their Reply Memorandum of Law in Support of Their Rule 72 Objections to Magistrate Judge Kim's Minute Order Granting Plaintiffs' Motion to Strike, without redactions, on February 9, 2026. ECF No. 724.

file under seal their respective briefs and related exhibits in connection with the Class Certification Motion and the *Daubert* Motions that quote, summarize, or otherwise rely on material designated "Confidential" or "Highly Confidential—Outside Counsel/Experts Only" under the Protective Order (ECF No. 72) ("Confidential Material"), (b) meet and confer with each other and any non-parties as necessary after that briefing concluded to identify which Confidential Material should remain sealed or redacted, and (c) jointly file a single, consolidated motion to seal, identifying which Confidential Material should remain sealed or redacted and the basis for each sealing and redaction request. ECF No. 672 ¶ 5.a.–c.

4.      The Court granted the parties' Motion for Provisional Sealing on November 7, 2025. ECF No. 673.

5.      By Orders dated December 13, 2025, December 18, 2025, and January 5, 2026, the Court further permitted the parties to provisionally file under seal filings in connection with Plaintiffs' Motion to Strike and Defendants' Rule 72 Objections, subject to this Court's determination of the parties' single, consolidated motion to seal. ECF Nos. 695, 700, 716.

6.      By Order dated January 9, 2026, the Court extended the parties' deadline to file their single, consolidated motion to seal until March 5, 2026. ECF No. 719. By Order dated March 4, 2026, the Court further extended the parties' deadline, ordering the parties to "come to agreement on their sealing requests without the need for further litigation" and to file their single, consolidated motion to seal on April 10, 2026. ECF No. 737.

7.      Pursuant to these orders, the parties have provisionally filed under seal certain briefs and exhibits in connection with the Class Certification Motion, *Daubert* Motions, Motion to Strike, and Rule 72 Objections.

8.      Appendices A, B, C, and D to this motion provide document-by-document indexes identifying (i) the briefs and exhibits that were provisionally filed under seal, and (ii) for each such brief and exhibit, whether any party or non-party requests continued sealing.

a.      **Appendix A (Filings For Which Defendants Request Continued Sealing)** identifies the briefs and exhibits that were provisionally filed under seal for which Defendants request continued sealing, including (a) the ECF number; (b) a description of each filing; (c) the requested treatment (i.e. redactions or fully under seal); and (d) the basis for sealing.

b.      **Appendix B (Filings For Which Plaintiffs Request Continued Sealing)** identifies the briefs and exhibits that were provisionally filed for which Plaintiffs request continued sealing, including (a) the ECF Number, (b) a description of each filing, (c) the page or line number, and (d) the bases for sealing.

c.      **Appendix C (Filings For Which Certain Non-Parties Request Continued Sealing)** identifies the briefs and exhibits that were provisionally filed under seal for which certain non-parties request continued sealing, including (a) the ECF number; (b) a description of each filing; (c) the non-party requesting continued sealing; and (d) the requested treatment (i.e. redactions or fully under seal).

d.      **Appendix D (Filings For Which No Party or Non-Party Requests Continued Sealing)** identifies the briefs and exhibits that were provisionally filed under seal for which no party or non-party requests continued sealing.

9.      In accordance with Local Rule 26.2(c), the parties are submitting the following along with this motion to seal:

a.      *Filed publicly*: exhibit slip sheets marked "Fully Redacted" for the materials that a party or non-party requests to file fully under seal;

5

b. *Filed publicly*: redacted versions of the materials for which a party or non-party requests to seal portions of the text;

c. *Filed under seal*: non-redacted versions of the materials that a party or non-party requests to file fully under seal, marked as "Under Seal" using a full-page watermark notation; and

d. *Filed under seal*: non-redacted versions of the materials for which a party or non-party requests to seal portions of the text, with highlighting to designate the proposed redactions. The parties have highlighted text using the following colors to designate the party or non-party requesting the redactions.

    i. Green highlighting: redactions requested by one or more Defendants,

    ii. Orange highlighting: redactions requested by the DOJ or another non-party, and

    iii. Red highlighting: redactions requested by Plaintiffs.[2]

10. The parties are also publicly filing non-redacted copies of the materials in Appendix D for which no party or non-party requests continued sealing.

11. While there is a common-law right of access to judicial records that "influence or underpin [a] judicial decision," *Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 545 (7th Cir. 2002), this right "is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

12. The default presumption is that "[i]nformation that affects the disposition of litigation belongs in the public record unless a statute or privilege justifies nondisclosure." *United States v. Foster*, 564 F.3d 852, 853 (7th Cir. 2009); *see also id.* (While confidentiality may be "fine at the discovery stage, before the material enters the judicial record," once documents are filed

---

[2] Some of the documents include blue highlighting that was included by Plaintiffs to designate text referenced in their briefing, which can be disregarded for purposes of this motion to seal.

with the Court and become the corpus of evidence that "underpin[s] the judicial decision," they must meet the heightened good cause standard to be kept confidential. *Id.* (quoting and citing *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 104 (1984); *Grove Fresh Distributors, Inc. v. Everfresh Juice Co.*, 24 F.3d 893 (7th Cir. 1994); *In re Continental Illinois Securities Litigation,* 732 F.2d 1302 (7th Cir. 1984)).

13. Under Federal Rule of Civil Procedure 26(c)(1)(G), a court may, "for good cause," enter an order directing that trade secrets or other confidential commercial information not be revealed. Fed. R. Civ. P. 26(c)(1)(G); *Foster*, 564 F.3d at 853 ("[T]rade secrets" or similar categories of "bona fide long-term confidentiality," may justify sealing from public disclosure.); *Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2002) ("When there is a compelling interest in secrecy, as in the case of trade secrets, . . . portions and in the extreme cases the entirety of a trial record can be sealed."); *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999) ("*Citizens First*") (the court may issue a sealing "order that allows the parties to keep their trade secrets (or some other properly demarcated category of legitimately confidential information) out of the public record"); *accord Nor v. Alrashid*, 2023 WL 2771167, at *2 (N.D. Ill. Apr. 4, 2023) (Kim, Mag. J.) (discussing the relevant standards).

14. To narrowly tailor the parties' sealing request, the parties met and conferred regarding their respective sealing requests, and the parties also conferred with non-parties about the treatment of their information. *See, e.g.*, *KM Enters., Inc. v. Glob. Traffic Techs., Inc.*, 725 F.3d 718, 734 (7th Cir. 2013) ("[N]arrow, specific requests [to seal] will be granted when based on articulated, reasonable concerns for confidentiality.").

## I.     Defendants' Sealing Requests (Appendix A)

### A.     Defendants' Position on Defendants' Sealing Requests:

15.     Good cause exists to seal the portions of the briefs and exhibits listed in Appendix A that Defendants have designated with green highlighting or marked as fully under seal. As is evident from comparing the many filings that were provisionally filed under seal to Defendants' proposed redactions submitted with the instant Unopposed Omnibus Motion to Seal highlighted in green, Defendants have significantly narrowed their proposed redactions and have taken a tailored approach to meet all applicable sealing requirements.

16.     The Confidential and Highly Confidential information Defendants request to continue to seal primarily falls into five categories: (1) the Corporate Defendants'[3] compensation and human resources data; (2) materials related to the Corporate Defendants' compensation practices; (3) materials related to the Corporate Defendants' recruiting, hiring, and human resources practices; (4) private personal information of the Individual Defendants[4] and the Corporate Defendants' prospective, current, and former employees; and (5) non-public, strictly confidential agreements between a party and the federal government and related references thereto.

17.     With respect to categories (1) through (4) above, Defendants generally applied the following principles when identifying information they request to seal or redact:

a.     For information that is older (i.e., pertaining to the years during the class period) and generalized (i.e., pertaining to a company as a whole, or to large groups of employees within a company), Defendants generally did not seek to seal or redact such information.

---

[3] "Corporate Defendants" refers to Defendants Surgical Care Affiliates, LLC, SCAI Holdings, LLC, United Surgical Partners Holdings, Inc., United Surgical Partners International, Inc., Tenet Healthcare Corporation, and DaVita Inc.

[4] "Individual Defendants" refers to Defendants Andrew Hayek and Kent Thiry.

b. For information that is more recent (including information about practices that remain in place today), or that pertains to individuals or smaller groups of employees, Defendants generally sought to seal or redact such information to protect Defendants' own confidential commercial information and the privacy interests of the individuals discussed.

18. All five of these categories of information warrant continued sealing. *See* LR 26.2(c)(3); *Williams-Roberts v. Coloplast Corp.*, 2021 WL 3570707, at *1 (N.D. Ind. Feb. 18, 2021) ("Good cause may exist if the documents are sealed in order to maintain the confidentiality of trade secrets, privileged information, and other non-public financial and business information. Trade secrets are defined as any information that derives economic and competitive value from not generally being known and is subjected to reasonable efforts to maintain its secrecy." (internal citations omitted)); *F.T.C. v. OSF Healthcare Sys.*, 2012 WL 1144620, at *3 (N.D. Ill. Apr. 5, 2012) ("Highly confidential commercial information such as pricing information and the process involved in creating a 'pricing architecture'" contained in exhibits justifies sealing these exhibits where (1) "the information in these exhibits is unknown outside of [the movant]'s business," (2) the movant "employs reasonable efforts to maintain the secrecy of the information in the ordinary course of its business," and (3) "these documents are important to [the movant's] business [such that] disclosure of the information would give [the movant] a competitive disadvantage and permit competitors to utilize the information for improper purposes."); *Kohler v. Brennan*, 238 F. Supp. 3d 1112, 1136 (E.D. Wis. 2017) (granting motion to seal "personal information" such as "home addresses"); *see also Brunson v. Lambert Firm PLC*, 757 F. App'x 563, 565–66 (9th Cir. 2018) (upholding the district court's decision to seal a confidential government "settlement agreement" and government investigative "memoranda," which included "confidential information concerning the government's internal investigation").

19.     <u>Defendants' Compensation and Human Resources Data.</u>

a.     The Corporate Defendants' compensation and human resources data at issue in this motion are trade secrets and confidential commercial information that could subject the Corporate Defendants to economic harm if publicly disseminated. *See, e.g.*, *Roadrunner Intermodal Servs., LLC v. T.G.S. Transp., Inc.*, 2018 WL 432654, at \*4 (E.D. Cal. Jan. 16, 2018) (finding that "public release of . . . salary information could harm [the defendant's] competitive standing" and accordingly granting the defendant's request to redact "information reflecting the salaries paid to its employees"); *Lucero v. Sandia Corp.*, 495 F. App'x 903, 914 (10th Cir. 2012) (granting motion to seal "detailed information regarding the name, age, ethnicity, salary, [performance] rating, base pay, and non-base pay of each of [certain employees], as well as information regarding how well each of them was compensated as compared with the private market"); *Gilday v. Kenra, Ltd.*, 2010 WL 3928593, at \*5 (S.D. Ind. Oct. 4, 2010) (granting motion for protective order to allow for redactions of "information about nonparties' salaries and job histories," in part because nonparties "cannot be said to have put their private information at issue by availing themselves of the courts") (Baker, Mag. J.); *Moussouris v. Microsoft Corp.*, 2018 WL 1159251, at \*11 (W.D. Wash. Feb. 16, 2018) (special master recommending sealing of expert report containing confidential human resources strategies including compensation and evaluations); *Kenny v. Pac. Inv. Mgmt. Co. LLC*, 2018 WL 3328224, at \*2 (W.D. Wash. July 6, 2018) (granting a motion to seal compensation information, noting the aptness of the defendant's argument that the disclosure of compensation amounts "would be a boon to competitors who could use such information to recruit [the defendant's] personnel or otherwise compete with [the defendant] for talent"); *see also F.T.C. v. OSF Healthcare Sys.*, 2012 WL 1144620, at \*2–10 (N.D. Ill. Apr. 5, 2012) (finding exhibits properly sealed because they contained "confidential business

and financial information, the public disclosure of which would unfairly prejudice . . . business interests and competitive position, and would cause . . . economic injury"); *Swartz v. Wabash Nat'l Corp.*, 2009 WL 1606923, at *1 (N.D. Ind. June 8, 2009) (granting motion to seal portions of exhibits that "contain information regarding non-party employees of [defendant], including salary information and evaluative assessments"); *Munster Steel Co. v. Crane 1 Servs., Inc.*, 2019 WL 13218320, at *1 (N.D. Ind. Dec. 6, 2019) (finding that certain contract terms, including the "compensation exchanged," were trade secrets to be kept under seal). Defendants invested significant capital and human resources in negotiating the individualized compensation packages that are referenced in the materials identified in Appendix A. The materials identified in Appendix A include discussions or analyses of the Corporate Defendants' compensation and human resources data that contain information that reflects the amount of compensation paid by one or more of the Corporate Defendants. Public disclosure of such information could (1) unfairly prejudice the Corporate Defendants' business interests and economic position if revealed and (2) reveal certain, private information regarding nonparty employees of the Corporate Defendants. Allowing public disclosure would harm each of the Corporate Defendant by failing "to protect 'business information that might harm [their] competitive standing.'" *Effinger v. United States*, 2011 WL 5828212, at *1 (S.D. Ill. Nov. 18, 2011) (citation omitted). For instance, disclosure of such information "could easily inform competitors' salary and job offers." *Ecolab, Inc. v. Ridley*, 2023 WL 11762683, at *4 (E.D. Tenn. July 13, 2023); *see Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 706–07 (S.D.N.Y. 2017) (allowing the redaction of average and individual salary information from summary judgment record, due to risk of competitive harm); *Playtex Prods., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (ordering redaction of statements in summary judgment briefs and exhibits detailing party's sales and revenue).

11

b. In the ordinary course of business, the Corporate Defendants store the data they request to seal in secure systems, including some that are password-protected and accessible only by authorized personnel subject to confidentiality obligations. In this litigation, the Corporate Defendants designated this data as Confidential and/or Highly Confidential under the Stipulated Protective Order. The Corporate Defendants thus have taken reasonable steps to prevent the widespread dissemination of the compensation and human resources data at issue.

c. This Confidential and Highly Confidential information is thus properly redacted and sealed. *See* Fed. R. Civ. P. 26(c)(1)(G).

20. <u>Defendants' Compensation Practices</u>.

a. Certain of the Corporate Defendants' compensation practices are trade secrets and confidential commercial information that could subject the Corporate Defendants to economic harm if publicly disseminated for many of the same reasons. The materials identified in Appendix A include extensive discussions of factors that the Corporate Defendants considered and strategies the Corporate Defendants utilized when deciding upon individual employee compensation. This information could be used "to target [the Corporate Defendants'] most valuable personnel for hiring," *Roadrunner Intermodal Servs.*, 2018 WL 432654, at *4, and gives insight into the Corporate Defendants' "negotiation strategies," *OSF Healthcare Sys.*, 2012 WL 1144620, at *11 (granting motion to seal information related to "market position and business strategy," "quality status and improvement strategy," and "negotiation strategies"); *see also Lucero*, 495 F. App'x at 914 (granting motion to seal "information regarding how well each [employee] was compensated as compared with the private market for individuals with similar skills, and the rate at which each was compensated compared to [defendant's] peers"); *Moussouris*, 2018 WL 1159251, at *11 (special master recommending sealing of expert report containing

confidential human resources strategies including compensation and evaluations). Significant capital and human resources were invested in compensating the Corporate Defendants' employees appropriately, and disclosure of this information could unfairly prejudice the Corporate Defendants' business interests and economic position by revealing competitively sensitive information to potential competitors.

b.      In the ordinary course of business, the Corporate Defendants store the communications and documents concerning their compensation activities at issue in secure systems, including some that are password-protected and accessible only by authorized personnel subject to confidentiality obligations. In this litigation, the Corporate Defendants designated the information about their compensation activities at issue as Confidential and/or Highly Confidential under the Stipulated Protective Order. The Corporate Defendants thus have taken reasonable steps to prevent the widespread dissemination of this information.

c.      Therefore, this Highly Confidential information is properly redacted and sealed. *See* Fed. R. Civ. P. 26(c)(1)(G).

21.     <u>Defendants' Recruiting, Hiring, and Human Resources Practices</u>.

a.      Certain of the Corporate Defendants' recruiting, hiring, and human resources practices are trade secrets and confidential commercial information that could subject the Corporate Defendants to economic harm if publicly disseminated. *See, e.g.*, *Masimo Corp. v. Apple Inc.*, 2022 WL 20746529, at *3 (C.D. Cal. July 26, 2022) (denying request to unseal defendant's "human resources policies and strategies"); *Cunningham v. Concentrix Sols. Corp.*, 2021 WL 3190518, at *2 (E.D. Tex. July 28, 2021) (granting motion to seal "document [that] would . . . publicize confidential information about [defendant]'s recruiting process"); *Frost v. LG Elecs. Inc.*, 2017 WL 6044067, at *2 (N.D. Cal. Nov. 28, 2017) ("sensitive and proprietary

information regarding [a party's] internal human resources policies and practices satisfies the compelling reasons standard"). The materials identified in Appendix A contain extensive discussions of individual recruitment decisions and negotiations and documents from human resources leaders at the Corporate Defendants that reveal non-public processes and activities. Public disclosure of this information could unfairly prejudice the Corporate Defendants' business interests and economic position by revealing competitively sensitive information to potential competitors "who do not now have this information [and] could use it to do competitive injury." *Gelb v. Am. Tel. & Tel. Co.*, 813 F. Supp. 1022, 1035 (S.D.N.Y. 1993).

b.     In the ordinary course of business, the Corporate Defendants store the communications and documents concerning recruiting, hiring, and human resources practices at issue in secure systems, including some that are password-protected and accessible only by authorized personnel subject to confidentiality obligations. In this litigation, the Corporate Defendants designated this information as Confidential and/or Highly Confidential under the Stipulated Protective Order. The Corporate Defendants thus have taken reasonable steps to prevent the widespread dissemination of this information.

c.     Therefore, this Highly Confidential information is properly redacted and sealed. *See* Fed. R. Civ. P. 26(c)(1)(G).

22.     <u>Defendant's Confidential Government Agreements</u>

a.     USPI entered into a non-public, strictly confidential agreement with the federal government, as identified in Appendix A. The terms of USPI's agreement with the Department of Justice are subject to sealing. DOJ's policy is that the underlying information contained in similar agreements is provided in "strict confidence," that the existence of the agreement and the "information" provided is not publicly disclosed, and that the identity of the

14

party subject to such an agreement is kept confidential. *See* Dep't of Justice, Frequently Asked Questions (updated Jan. 3, 2023), *available at* https://www.justice.gov/atr/page/file/1490311/dl?inline. In what appears to be the only decision in this District evaluating whether to seal a confidential government agreement like the agreement at issue here, the court noted that the agreement should "remain under seal." *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 329 (N.D. Ill. 2005); *see id.*, No. 1:03-cv-04576, ECF No. 165 (N.D. Ill. May 30, 2005) (government agreement filed under seal). Other district courts also allow sealing of these same or similar confidential government agreements. *See, e.g.*, *In re Static Random Access Memory (SRAM) Antitrust Litig.*, 2011 WL 1219238, at *1 (N.D. Cal. Jan. 12, 2011) (concluding that a defendant showed "good cause for permanently filing the leniency agreement under seal" because "[s]trict confidentiality of leniency agreements is essential to the proper functioning of DOJ's antitrust amnesty program").

b. Therefore, the leniency agreement and its non-public terms are properly redacted and sealed. *See* Fed. R. Civ. P. 26(c)(1)(G).

c. USPI does not request to seal all references to its self-reporting of the conduct to the DOJ, or that USPI entered into a leniency agreement with the DOJ under the ACPERA statute, both of which have already been publicly disclosed. But USPI does seek to seal the actual leniency agreement itself, references to its terms, and characterizations or implications about its terms.

**B.      Plaintiffs Position on Defendants' Sealing Requests:**

23.      Plaintiffs do not object and generally take no position to Defendants' sealing requests.

## II.      Plaintiffs' Sealing Requests (Appendix B)

### A.      Plaintiffs' Position on Plaintiffs' Sealing Requests:

24.      Pursuant to Local Rule 26.2 and the Parties' Stipulated Protective Order entered on October 12, 2021 (ECF No. 72), Plaintiffs respectfully move this Court for leave to file the materials set forth in Appendix B under seal because Plaintiffs have designated them Confidential.

25.      In support of this motion, Plaintiffs state as follows:

26.      While there is a presumption that "[d]ocuments that affect the disposition of federal litigation . . . are open to public view," that presumption can be rebutted "if there are compelling reasons of personal privacy." *Goesel v. Boley Intern. (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013). Thus, documents may be sealed if the Court determines that there is "good cause" to do so. *Citizens First*, 178 F.3d at 945.

27.      Good cause exists to seal the materials set forth in Appendix B because these documents contain personal identifying information such as Mr. Keech's email address, residential address, telephone number, and financial information, Mr. Spradling's home address, and the contact information for non-party individuals. *See*, *e.g.*, *Wachala v. Astellas US LLC*, No. 20 C 3882, 2022 WL 408108, *2 (N.D. Ill. Feb. 10, 2022) citing *Smith v. Portwood*, No. 19 C 5329, 2021 WL 4318076, at *4 (N.D. Ill. Sept. 23, 2021) ("Courts have also found good cause to redact [] personal identifying information such as addresses and telephone numbers."). *See also Smith v. Sharp*, No. 11 C 50382, 2013 WL 2298142, at *3 (N.D. Ill. May 24, 2013) (ordering that all confidential personal information "including, but not limited to, home addresses, telephone numbers . . . and insurance and benefit information, should be redacted from the files before production.").

28.      Appendix B provides additional specific bases for maintaining this information under seal.

**B.      Defendants' Position on Plaintiffs' Requests:**

29.      Defendants do not object and generally take no position as to Plaintiffs' sealing requests.

**III.      Parties' Joint Position on Non-Parties' Sealing Requests (Appendix C)**

30.      Appendix C includes materials that the DOJ and other non-parties have requested to be filed fully under seal or with redactions.

31.      Both Defendants and Plaintiffs have informed the DOJ and other non-parties that their materials, which were designated as confidential, are included in this sealing request. The DOJ and other non-parties informed Defendants and/or Plaintiffs of the materials they request to keep sealed.

32.      The DOJ and other non-party materials included in Appendix C include copies of and descriptions of FBI Form 302s; investigative materials from the DOJ; information concerning commercial contracts and recruiting strategies from non-parties Russell Reynolds, Spencer Stuart, Heidrick & Struggles, and Steven Priest; and personally identifying information from various non-parties deposed in this matter. The non-parties requested that this material remain under seal. To the extent there are objections to the sealing of that information, certain non-parties requested an opportunity to make further submissions in support of sealing.

33.      With respect to the DOJ's materials, the DOJ informed Defendants that it requests to keep sealed the FBI Form 302s and other investigatory materials that the DOJ produced in discovery and all references thereto, but that it does not seek to seal the criminal trial exhibits it produced. Thus, the FBI Form 302s included in Appendix C have been marked as fully under seal, and Defendants have applied orange highlighting to the materials in Appendix C to redact references to the FBI Form 302s and other DOJ investigatory materials, as requested by the DOJ.

17

To the extent there are objections to the sealing of that information, the DOJ has requested an opportunity to make further submissions in support of sealing.

34.     With respect to the materials of non-parties Russell Reynolds, Spencer Stuart, Heidrick & Struggles, Jimmy Tanner, and Steven Priest, those parties have discussed their sealing requests with Defendants and/or Plaintiffs and have requested that the information (also highlighted in orange) be kept sealed. To the extent there are objections to the sealing of that information, the non-parties have requested an opportunity to make further submissions in support of sealing.

35.     With respect to personally identifying information from various non-parties deposed in this matter, Defendants and Plaintiffs agree that personal email addresses, phone numbers, home addresses, or other private, non-relevant personally identifying information should be sealed as a matter of privacy and have highlighted that information in orange.

36.     Defendants and Plaintiffs do not object and generally take no position as to the DOJ's and other non-parties' sealing requests.

WHEREFORE, the parties respectfully request that the Court grant the parties' Unopposed Omnibus Motion to Seal and permit the parties to file under seal the materials identified in Appendices A, B, and C.

Dated: April 10, 2026

Respectfully submitted,

/s/ Amy B. Manning

Amy B. Manning
Angelo M. Russo
Christina M. Egan
Sarah A. Zielinski
Christopher J. Karamanos
MCGUIREWOODS LLP
77 West Wacker Drive, Suite 4100
Chicago, IL 60601-1818
(312) 849-8100
amanning@mcguirewoods.com
arusso@mcguirewoods.com
cegan@mcguirewoods.com
szielinski@mcguirewoods.com
ckaramanos@mcguirewoods.com

Joshua D. Wade (*pro hac vice*)
Andrew E. Talbot (*pro hac vice*)
MCGUIREWOODS LLP
800 E. Canal St.
Richmond, VA 23219
(804) 775-4388
jwade@mcguirewoods.com
atalbot@mcguirewoods.com

*Counsel for Defendants Surgical Care Affiliates, LLC and SCAI Holdings, LLC*

19

/s/ Kenneth M. Kliebard

Kenneth M. Kliebard
Staci M. Holthus
MORGAN, LEWIS & BOCKIUS LLP
110 North Wacker Drive
Chicago, IL 60606
Tel: (312) 324-1000
kenneth.kliebard@morganlewis.com
staci.holthus@morganlewis.com

Molly Moriarty Lane (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
600 Montgomery Street
Suite 2300
San Francisco, CA 94111
Tel: (415) 442-1000
molly.lane@morganlewis.com

Nathan T. Shapiro (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178-0060
Tel.: (212) 309-6000
nathan.shapiro@morganlewis.com

*Counsel for Defendant DaVita Inc.*

20

/s/ Veronica Moyé

Veronica Moyé (*pro hac vice*)
KING & SPALDING LLP
1185 Avenue of the Americas
34th Floor
New York, NY 10036
Tel: (212) 556-2100
vmoye@kslaw.com

Lazar P. Raynal (Bar No. 6199215)
KING & SPALDING LLP
110 N. Wacker Drive
Suite 3800
Chicago, IL 60606
Tel: (312) 764-6947
lraynal@kslaw.com

Emily Newton (*pro hac vice*)
KING & SPALDING LLP
1180 Peachtree Street, NE
Suite 1600
Atlanta, Georgia 30309
Tel: (404) 572-2745
enewton@kslaw.com

Matthew Dawson (*pro hac vice*)
KING & SPALDING LLP
50 California Street
Suite 3300
San Francisco, CA 94111
Tel: (415) 318-1248
mdawson@kslaw.com

Julianne Duran (*pro hac vice*)
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Suite 900
Washington, D.C. 20006
Tel: (202) 626-9625
jduran@kslaw.com

*Counsel for United Surgical Partners Holdings, Inc., United Surgical Partners International, Inc., and Tenet Healthcare Corporation*

21

/s/ Jeffrey C. Bank

Jeffrey C. Bank (*pro hac vice*)
Brian J. Smith
Jordanne M. Steiner (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI, P.C.
1700 K Street NW, Fifth Floor
Washington, DC 20006
(212) 497-7761
Email: jbank@wsgr.com
Email: brian.smith@wsgr.com
Email: jsteiner@wsgr.com

Karen Sharp (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI, P.C.
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94104
(415) 947-2000
Email: ksharp@wsgr.com

*Counsel for Defendant Andrew Hayek*

/s/ Jeffrey E. Stone

Jeffrey E. Stone
Daniel Campbell
Chelsea Mounayer
MCDERMOTT, WILL & SCHULTE LLP
444 West Lake Street, Suite 400
Chicago, IL 60605
(312) 372-2000
jstone@mwe.com
dcampbell@mwe.com
cmounayer@mwe.com

*Counsel for Defendant Kent Thiry*

22

/s/ Dean M. Harvey

Dean M. Harvey (*pro hac vice*)
Lin Y. Chan (*pro hac vice*)
Sarah D. Zandi (*pro hac vice*)
LIEFF CABRASER HEIMANN & BERNSTEIN,
LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
dharvey@lchb.com
lchan@lchb.com
szandi@lchb.com

Jessica A. Moldovan (*pro hac vice*)
LIEFF CABRASER HEIMANN & BERNSTEIN,
LLP
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Telephone: (212) 355-9500
Facsimile: (212) 355-9592
jmoldovan@lchb.com

Joseph R. Saveri (admitted under L.R. 83.10)
Ronnie S. Spiegel (*pro hac vice*)*
David H. Seidel (*pro hac vice*)
William W. Castillo Guardado (*pro hac vice*)
SAVERI LAW FIRM, LLP
550 California Street, Suite 910
San Francisco, California 94108
Tel: (415) 500-6800
Fax: (415) 395-9940
jsaveri@saverilawfirm.com
rspiegel@saverilawfirm.com
dseidel@saverilawfirm.com
wcastillo@saverilawfirm.com
* *Located in Washington State*

Linda P. Nussbaum (*pro hac vice*)
NUSSBAUM LAW GROUP, P.C.
1133 Avenue of the Americas, 31st Floor
New York, NY 10036
(917) 438-9102
lnussbaum@nussbaumpc.com

23

Michael L. Roberts
Kelly Rinehart
Karen Halbert
ROBERTS LAW FIRM US, PC
1920 McKinney Ave., Suite 700
Dallas, TX 75204
(501) 821-5575
mikeroberts@robertslawfirm.us
kellyrinehart@robertslawfirm.us
karenhalbert@robertslawfirm.us

*Interim Co-Lead Class Counsel*

24

**APPENDIX A – FILINGS FOR WHICH DEFENDANTS REQUEST CONTINUED SEALING**

| ECF No.[5] | Description | Sealing treatment requested | Basis for sealing |
|---|---|---|---|
| 656 | Plaintiffs' Motion to Certify the Class | Redactions | Compensation data; Non-public, strictly confidential government agreements and related references |
| 658 | Plaintiffs' Motion to Exclude Expert Testimony of Drs. John Johnson, Celeste Saravia, Justin McCrary, and Lauren Stiroh | Redactions | Compensation data |
| 660-004 | Harvey Ex. 15 | Redactions | PII; Compensation data |
| 660-012 | Harvey Ex. 24 | Redactions | PII |
| 660-017 | Harvey Ex. 30 | Redactions | PII; confidential financial information; Non-public, strictly confidential government agreements and related references |
| 660-018 | Harvey Ex. 31 | Redactions | PII |
| 660-019 | Harvey Ex. 32 | Redactions | Compensation data |
| 660-025 | Harvey Ex. 42 | Redactions | PII |
| 660-029 | Harvey Ex. 46 | Redactions | Compensation data |
| 660-030 | Harvey Ex. 47 | Redactions | PII; Recruiting and retention strategies regarding non-members of the proposed class |
| 660-031 | Harvey Ex. 48 | Redactions | PII; Recruiting and retention strategies regarding non-members of the proposed class |
| 660-037 | Harvey Ex. 54 | Redactions | Individual employee human resources information |
| 660-042 | Harvey Ex. 59 | Redactions | Recruiting strategy; Compensation strategy; Compensation data |
| 660-044 | Harvey Ex. 61 | Redactions | PII |
| 660-045 | Harvey Ex. 62 | Redactions | PII |
| 660-046 | Harvey Ex. 63 | Redactions | PII |
| 660-047 | Harvey Ex. 64 | Redactions | PII; Individual employee human resources information |

[5] Certain expert-related materials submitted by the parties were filed under seal multiple times in connection with the class certification, *Daubert*, and motion to strike briefing. In connection with this motion to seal, the parties are filing one copy of those expert materials, but the parties note in this column each ECF number where such materials were previously filed under seal in connection with the class certification, *Daubert*, and motion to strike briefing.

| ECF No.[5] | Description | Sealing treatment requested | Basis for sealing |
|---|---|---|---|
| 660-052 | Harvey Ex. 69 | Redactions | Compensation data |
| 660-054 | Harvey Ex. 71 | Redactions | Compensation data |
| 660-067 | Harvey Ex. 84 | Redactions | Individual employee human resources information |
| 660-070 | Harvey Ex. 87 | Redactions | PII |
| 660-071 | Harvey Ex. 88 | Redactions | Confidential financial data |
| 660-074 | Harvey Ex. 91 | Fully Sealed | Non-public, strictly confidential government agreements and related references |
| 660-097 | Harvey Ex. 114 | Fully Sealed | PII; Individual employee human resources information |
| 660-098 | Harvey Ex. 115 | Redactions | Compensation strategy |
| 660-099 | Harvey Ex. 116 | Redactions | PII; Individual employee human resources information |
| 660-101 | Harvey Ex. 118 | Redactions | Compensation data |
| 660-102 | Harvey Ex. 119 | Redactions | Compensation data |
| 660-106 | Harvey Ex. 123 | Redactions | PII; Individual employee human resources information |
| 660-107 | Harvey Ex. 124 | Redactions | PII |
| 665 | Defendants' Memorandum of Law in Support of Their Motion to Exclude Opinions and Testimony of Plaintiffs' Proposed Experts Dr. Barry Gerhart and Dr. Evan Starr | Redactions | Individual employee human resources information |
| 666-001 | Lane Ex. 1 [Expert Witness Report of Dr. Evan P. Starr]; also filed as Zielinski Ex. 1 (ECF No. 683-001) | Redactions | Compensation data; Compensation strategy |
| 666-002 | Lane Ex. 2 [Errata for Expert Witness Report of Dr. Evan P. Starr]; also filed as Zielinski Ex. 2 (ECF No. 683-002) | Redactions | Compensation data |
| 666-003 | Lane Ex. 3 [Expert Witness Report of Dr. Barry Gerhart]; also filed as Zielinski Ex. 3 (ECF No. 683-003) | Redactions | Compensation Strategy; Compensation Data; Recruiting Strategy |
| 666-004 | Lane Ex. 4 [Updated Rebuttal Expert Witness | Redactions | Compensation data; Compensation strategy |

| ECF No.[5] | Description | Sealing treatment requested | Basis for sealing |
|---|---|---|---|
| | Report of Dr. Evan P. Starr]; also filed as Zielinski Ex. 4 (ECF No. 683-004) | | |
| 666-005 | Lane Ex. 5 [Updated Rebuttal Expert Witness Report of Dr. Barry Gerhart]; also filed as Zielinski Ex. 5 (ECF No. 683-005) | Redactions | Compensation Strategy; Compensation Data; Recruiting Strategy |
| 666-006 | Lane Ex. 6 [Expert Report of Justin McCrary, Ph.D.]; also filed as McCrary Decl. Ex. A (ECF. No 677-001) | Redactions | Compensation strategy; Compensation data; Individual employee human resources information; PII |
| 666-007 | Lane Ex. 7 [Expert Report of Celeste Saravia, Ph.D.]; also filed as Saravia Decl. Ex. A (ECF. No 680-001) | Redactions | Compensation strategy; Compensation data; Recruiting strategy |
| 666-008 | Lane Ex. 8 [Expert Report of Dr. John H. Johnson, IV]; also filed as Johnson Decl. Ex. A (ECF. No 678-001) | Redactions | Compensation data; Compensation strategy |
| 666-009 | Lane Ex. 9 [Errata to Expert Report of Dr. John H. Johnson, IV]; also filed as Johnson Decl. Ex. B (ECF. No 678-002) | Redactions | Compensation data |
| 666-010 | Lane Ex. 10 [Corrected Expert Report of Lauren J. Stiroh, Ph.D.]; also filed as Stiroh Decl. Ex. A (ECF. No 679-001) | Redactions | Compensation data; Individual employee human resources information |
| 666-012 | Lane Ex. 12 | Redactions | Compensation data |
| 666-013 | Lane Ex. 13 | Redactions | PII |
| 666-015 | Lane Ex. 15 | Redactions | PII |
| 666-019 | Lane Ex. 20 | Redactions | Compensation data |
| 666-020 | Lane Ex. 21 | Redactions | Compensation data |
| 666-021 | Lane Ex. 22 | Redactions | Compensation data |
| 666-022 | Lane Ex. 23 | Fully Sealed | PII; Individual employee human resources information |

| ECF No.[5] | Description | Sealing treatment requested | Basis for sealing |
|---|---|---|---|
| 675-008 | Harvey Ex. 183 | Redactions | PII |
| 675-009 | Harvey Ex. 184 | Redactions | Compensation data |
| 675-015 | Harvey Ex. 190 | Redactions | PII |
| 675-019 | Harvey Ex. 194 | Redactions | PII |
| 675-020 | Harvey Ex. 195 | Redactions | PII; Individual employee human resources information |
| 675-022 | Harvey Ex. 197 | Redactions | PII |
| 675-023 | Harvey Ex. 198 | Redactions | PII |
| 675-027 | Harvey Ex. 202 | Redactions | PII |
| 675-028 | Harvey Ex. 203 | Redactions | PII |
| 675-029 | Harvey Ex. 204 | Redactions | PII; Individual employee human resources information |
| 675-030 | Harvey Ex. 205 | Redactions | PII |
| 676 | Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion to Exclude Expert Testimony of Drs. Johnson, Saravia, McCrary and Stiroh | Redactions | Individual employee human resources information |
| 682 | Defendants' Opposition to Motion for Class Certification | Redactions | Recruiting Strategy; Compensation strategy; Compensation data |
| 683-007 | Zielinski Ex. 7 | Redactions | Compensation data |
| 683-012 | Zielinski Ex. 15 | Redactions | Compensation strategy |
| 683-013 | Zielinski Ex. 16 | Redactions | Compensation Data |
| 683-014 | Zielinski Ex. 20 | Redactions | Individual employee human resources information |
| 683-016 | Zielinski Ex. 22 | Redactions | PII |
| 683-018 | Zielinski Ex. 24 | Redactions | PII; Compensation strategy |
| 683-019 | Zielinski Ex. 25 | Redactions | PII |
| 683-020 | Zielinski Ex. 26 | Redactions | PII |
| 683-021 | Zielinski Ex. 27 | Redactions | PII |
| 683-022 | Zielinski Ex. 28 | Redactions | PII |
| 683-024 | Zielinski Ex. 30 | Redactions | Compensation data |
| 683-026 | Zielinski Ex. 32 | Redactions | PII |
| 683-027 | Zielinski Ex. 33 | Redactions | PII |
| 683-029 | Zielinski Ex. 35 | Redactions | PII |
| 683-030 | Zielinski Ex. 36 | Redactions | Individual employee human resources information |
| 683-031 | Zielinski Ex. 37 | Redactions | PII; compensation data |
| 683-033 | Zielinski Ex. 39 | Redactions | PII; compensation data |
| 683-034 | Zielinski Ex. 40 | Redactions | PII |

| ECF No.[5] | Description | Sealing treatment requested | Basis for sealing |
|---|---|---|---|
| 683-035 | Zielinski Ex. 41 | Redactions | PII |
| 683-038 | Zielinski Ex. 44 | Redactions | PII |
| 683-039 | Zielinski Ex. 45 | Redactions | Compensation strategy |
| 683-040 | Zielinski Ex. 46 | Redactions | PII |
| 683-043 | Zielinski Ex. 49 | Redactions | Talent management strategy; Compensation strategy |
| 683-046 | Zielinski Ex. 52 | Redactions | Compensation strategy |
| 683-047 | Zielinski Ex. 53 | Redactions | PII |
| 683-048 | Zielinski Ex. 54 | Redactions | PII |
| 683-052 | Zielinski Ex. 59 | Redactions | Compensation data |
| 683-055 | Zielinski Ex. 66 | Redactions | PII |
| 683-059 | Zielinski Ex. 71 | Redactions | Compensation data |
| 683-066 | Zielinski Ex. 78 | Redactions | Compensation data |
| 683-070 | Zielinski Ex. 82 | Redactions | Compensation data |
| 683-071 | Zielinski Ex. 83 | Redactions | Compensation strategy |
| 683-072 | Zielinski Ex. 84 | Fully Sealed | Compensation strategy |
| 683-073 | Zielinski Ex. 85 | Fully Sealed | Compensation strategy |
| 683-074 | Zielinski Ex. 86 | Fully Sealed | Compensation strategy |
| 683-075 | Zielinski Ex. 87 | Fully Sealed | PII; Individual employee human resources information |
| 683-076 | Zielinski Ex. 88 | Fully Sealed | PII; Individual employee human resources information |
| 683-078 | Zielinski Ex. 93 | Redactions | PII |
| 710-003 | Harvey Ex. 227 | Redactions | Compensation data |
| 710-009 | Harvey Ex. 237 | Redactions | PII; Compensation data |
| 710-012 | Harvey Ex. 240 | Redactions | PII; Compensation strategy |
| 710-020 | Harvey Ex. 249 | Redactions | PII; Compensation data |

**APPENDIX B – FILINGS FOR WHICH PLAINTIFFS REQUEST CONTINUED SEALING**

| No. | Document Title | Page / Line Nos. | Justification |
|---|---|---|---|
| 1 | Pls.' Mot. to Certify the Class (ECF No. 656) | 40 | Line 1 of page 40 contains a reference to Plaintiff Scott Keech's specific financial information. Courts routinely find that there are "compelling reasons . . . to seal sensitive personal information such as financial information [and] phone numbers." *Hadley v. Kellogg Sales Company*, 2018 WL 7814785 at *3 (N.D. Cal. Sept. 5, 2018) (slip copy); s*ee also Svoboba v. Amazon.com, Inc.*, 2024 WL 1363718 at *16 (N.D. Ill. March 30, 2024) (granting motion to seal document that contained "Plaintiffs' personally identifiable Information").  It is also proper to redact information regarding individuals' salary and other compensation. *See Sasu v. Yoshimura*, 147 F.R.D. 173, 179 (N.D. Ill. 1993) (granting protective order to redact references to salary information). |
| 2 | Exhibit ("Ex.") 23 to the Decl. of Dean M. Harvey (ECF No. 659-23) | 126:19, 127:3–5, 202:9, 205:22 | Each of the pages and lines identified contain references to Mr. Keech's specific financial information. *See* No. 1, *supra*. |
| 3 | Ex. 52 to the Decl. of Dean M. Harvey (ECF No. 660-35) | KEECH_000001252 | This single-page document, an email from Mr. Keech, contains Mr. Keech's specific financial information, his email address, his home address, and his home phone number. All of this constitutes personal identifying information that should be sealed for privacy concerns. *See* No. 1, *supra*; *see also Bierk v. Tango Mobile, LLC*, 2021 WL 308834 at *1 (N.D. Ill. Jan. 29, 2001) (email addresses can be "redacted as personal identity information"); *Gabet v. Amazon.com Inc.*, 2025 WL 1592997 (S.D. Ind. Feb. 19, 2025) (granting motion to seal documents that contained personally identifiable information); *Xirum v. U.S. Immigration and Customs Enforcement*, 2024 WL 1796120 at *1 (S.D. Ind. Apr. 25, 2024) (finding it appropriate to redact contact information). |

| 4 | Ex. 1 to the Decl. of Molly Lane (ECF No. 666-1) | 153 | Page 153 of this document contain a reference to Mr. Keech's personal financial information. *See* No. 1, *supra*. |
|---|---|---|---|
| 5 | Ex. 3 to the Decl. of Molly Lane (ECF No. 666-3) | 165 | Page 165 of this document contains a reference to Mr. Keech's financial information. *See* No. 1, *supra*. |
| 6 | Ex. 6 to the Decl. of Molly Lane (ECF No. 666-6); also filed as McCrary Decl. Ex. A (ECF. No 677-001) | 52 & n.108, 53 n.112 | Footnotes 108 and 112 of these documents contain references to Mr. Keech's personal identifying information. *See* Nos. 1 & 3, *supra*. |
| 7 | Ex. 8 to the Decl. of Molly Lane (ECF No. 666-8) | 135 n.401 | Footnote 401 of this document contains references to Mr. Keech's personal identifying information. *See* Nos. 1 & 3, *supra*. |
| 8 | Pls.' Opp. to Defs.' Mot. to Exclude Expert Opinions of Dr. Evan Starr and Dr. Barry Gerhart (ECF No. 675) | 25 n.80 | Footnote 80 of this document contains references to Mr. Keech's specific financial information. *See* No. 1, *supra*. |
| 9 | Ex. 34 to the Decl. of Sarah Zielinski (ECF 683-28) | 7:25, 118:15, 118:20 | Page 7 line 25 of this document contains Mr. Keech's home address. Page 118 lines 15 and 20 contain references to Mr. Keech's specific financial information. *See* Nos. 1 & 3, *supra*. |
| 10 | Ex. 48 to the Decl. of Sarah Zielinski (ECF No. 683-042) | 13:13–14 | Page 13 lines 13–14 of this document contains Plaintiff Allen Spradling's home address. *See* Nos. 1 & 3, *supra*. |
| 11 | Ex. 56 to the Decl. of Sarah Zielinski (ECF No. 683-49) | KEECH_000000320 | The page ending in 320 of this document contains Mr. Keech's home address, personal email, and phone number. *See* Nos. 1 & 3, *supra*. |
| 12 | Ex. 57 to the Decl. of Sarah Zielinski (ECF No. 683-50) | KEECH_000000317–20 | The pages ending in 317–320 of this document contain references to Mr. Keech's personal identifying information, including his home address, personal email, and phone number. It also includes the personal contact information of non-parties. *See* Nos. 1 & 3, *supra*. |

## APPENDIX C – FILINGS FOR WHICH CERTAIN NON-PARTIES REQUEST CONTINUED SEALING

| ECF No.[6] | Description | Non-party requesting sealing | Sealing treatment requested |
|---|---|---|---|
| 656 | Plaintiffs' Motion to Certify the Class | Department of Justice | Redactions |
| 660-002 | Harvey Ex. 11 | Department of Justice | Redactions |
| 660-004 | Harvey Ex. 15 | Department of Justice | Redactions |
| 660-007 | Harvey Ex. 19 | Department of Justice | Redactions |
| 660-009 | Harvey Ex. 21 | Russell Reynolds | Redactions |
| 660-010 | Harvey Ex. 22 | Department of Justice | Redactions |
| 660-012 | Harvey Ex. 24 | Department of Justice | Redactions |
| 660-014 | Harvey Ex. 27 | Department of Justice | Redactions |
| 660-015 | Harvey Ex. 28 | Department of Justice | Redactions |
| 660-017 | Harvey Ex. 30 | Department of Justice | Redactions |
| 660-072 | Harvey Ex. 89 | Department of Justice | Fully Sealed |
| 660-073 | Harvey Ex. 90 | Department of Justice | Fully Sealed |
| 660-075 | Harvey Ex. 92 | Department of Justice | Fully Sealed |
| 660-076 | Harvey Ex. 93 | Department of Justice | Fully Sealed |
| 660-077 | Harvey Ex. 94 | Department of Justice | Fully Sealed |
| 660-078 | Harvey Ex. 95 | Department of Justice | Fully Sealed |
| 660-079 | Harvey Ex. 96 | Department of Justice | Fully Sealed |
| 660-080 | Harvey Ex. 97 | Department of Justice | Fully Sealed |
| 660-081 | Harvey Ex. 98 | Department of Justice | Fully Sealed |
| 660-082 | Harvey Ex. 99 | Department of Justice | Fully Sealed |
| 660-083 | Harvey Ex. 100 | Department of Justice | Fully Sealed |
| 660-084 | Harvey Ex. 101 | Department of Justice | Fully Sealed |
| 660-085 | Harvey Ex. 102 | Department of Justice | Fully Sealed |
| 660-086 | Harvey Ex. 103 | Department of Justice | Fully Sealed |
| 660-087 | Harvey Ex. 104 | Department of Justice | Fully Sealed |
| 660-088 | Harvey Ex. 105 | Department of Justice | Fully Sealed |
| 660-089 | Harvey Ex. 106 | Department of Justice | Fully Sealed |
| 660-090 | Harvey Ex. 107 | Department of Justice | Fully Sealed |
| 660-091 | Harvey Ex. 108 | Department of Justice | Fully Sealed |
| 660-093 | Harvey Ex. 110 | Department of Justice | Fully Sealed |
| 660-094 | Harvey Ex. 111 | Department of Justice | Fully Sealed |
| 660-110 | Harvey Ex. 127 | Department of Justice | Fully Sealed |
| 660-111 | Harvey Ex. 128 | Department of Justice | Fully Sealed |
| 660-112 | Harvey Ex. 129 | Department of Justice | Fully Sealed |

[6] Certain expert-related materials submitted by the parties were filed under seal multiple times in connection with the class certification, *Daubert*, and motion to strike briefing. In connection with this motion to seal, the parties are filing one copy of those expert materials, but the parties note in this column each ECF number where such materials were previously filed under seal in connection with the class certification, *Daubert*, and motion to strike briefing.

| ECF No.[6] | Description | Non-party requesting sealing | Sealing treatment requested |
|---|---|---|---|
| 660-113 | Harvey Ex. 130 | Department of Justice | Fully Sealed |
| 660-114 | Harvey Ex. 131 | Department of Justice | Fully Sealed |
| 660-115 | Harvey Ex. 132 | Department of Justice | Fully Sealed |
| 660-116 | Harvey Ex. 133 | Department of Justice | Fully Sealed |
| 660-117 | Harvey Ex. 135 | Department of Justice | Fully Sealed |
| 660-118 | Harvey Ex. 136 | Department of Justice | Fully Sealed |
| 660-119; Corrected version filed at 732-001 | Harvey Ex. 137 | Department of Justice | Fully Sealed |
| 660-120 | Harvey Ex. 138 | Department of Justice | Fully Sealed |
| 660-121; Corrected version filed at 732-003 | Harvey Ex. 139 | Department of Justice | Fully Sealed |
| 666-001 | Lane Ex. 1 [Expert Witness Report of Dr. Evan P. Starr]; also filed as Zielinski Ex. 1 (ECF No. 683-001) | Department of Justice | Redactions |
| 666-003 | Lane Ex. 3 [Expert Witness Report of Dr. Barry Gerhart]; also filed as Zielinski Ex. 3 (ECF No. 683-003) | Department of Justice | Redactions |
| 666-004 | Lane Ex. 4 [Updated Rebuttal Expert Witness Report of Dr. Evan P. Starr]; also filed as Zielinski Ex. 4 (ECF No. 683-004) | Department of Justice | Redactions |
| 666-005 | Lane Ex. 5 [Updated Rebuttal Expert Witness Report of Dr. Barry Gerhart]; also filed as Zielinski Ex. 5 (ECF No. 683-005) | Spencer Stuart; Department of Justice | Redactions |
| 666-006 | Lane Ex. 6 [Expert Report of Justin McCrary, Ph.D.]; also filed as McCrary Decl. Ex. A (ECF. No 677-001) | Heidrick & Struggles; Spencer Stuart | Redactions |
| 666-007 | Lane Ex. 7 [Expert Report of Celeste Saravia, Ph.D.]; also | Department of Justice | Redactions |

| ECF No.[6] | Description | Non-party requesting sealing | Sealing treatment requested |
|---|---|---|---|
| | filed as Saravia Decl. Ex. A (ECF. No 680-001) | | |
| 666-008 | Lane Ex. 8 [Expert Report of Dr. John H. Johnson, IV]; also filed as Johnson Decl. Ex. A (ECF. No 678-001) | Department of Justice | Redactions |
| 666-010 | Lane Ex. 10 [Corrected Expert Report of Lauren J. Stiroh, Ph.D.]; also filed as Stiroh Decl. Ex. A (ECF. No 679-001) | Spencer Stuart | Redactions |
| 666-013 | Lane Ex. 13 | Department of Justice | Redactions |
| 666-015 | Lane Ex. 15 | Department of Justice | Redactions |
| 675 | Plaintiffs' Opposition to Defendants' Motion to Exclude Expert Opinions of Dr. Evan Starr and Dr. Barry Gerhart | Department of Justice | Redactions |
| 675-001 | Harvey Ex. 174 | Department of Justice | Redactions |
| 675-005 | Harvey Ex. 180 | Department of Justice | Redactions |
| 675-031 | Harvey Ex. 206 | Department of Justice | Fully Sealed |
| 675-038 | Harvey Ex. 213 | Department of Justice | Fully Sealed |
| 682 | Defendants' Opposition to Motion for Class Certification | Russell Reynolds; Spencer Stuart | Redactions |
| 683-019 | Zielinski Ex. 25 | Department of Justice | Redactions |
| 683-024 | Zielinski Ex. 30 | Department of Justice | Redactions |
| 683-025 | Zielinski Ex. 31 | Department of Justice | Redactions |
| 683-032 | Zielinski Ex. 38 | Heidrick & Struggles | Redactions |
| 683-034 | Zielinski Ex. 40 | Department of Justice | Redactions |
| 683-036 | Zielinski Ex. 42 | Russell Reynolds | Redactions |
| 683-038 | Zielinski Ex. 44 | Department of Justice | Redactions |
| 683-040 | Zielinski Ex. 46 | Department of Justice | Redactions |
| 683-041 | Zielinski Ex. 47 | Spencer Stuart | Fully Sealed |
| 683-044 | Zielinski Ex. 50 | Jimmy Tanner | Redactions |
| 683-045 | Zielinski Ex. 51 | Department of Justice | Redactions |
| 683-047 | Zielinski Ex. 53 | Department of Justice | Redactions |

| ECF No.[6] | Description | Non-party requesting sealing | Sealing treatment requested |
|---|---|---|---|
| 706; Corrected version filed at ECF No. 731 | Plaintiffs' Reply in Support of Motion to Certify Class | Department of Justice | Redactions |
| 710-001 | Harvey Ex. 224 | Department of Justice | Redactions |
| 710-009 | Harvey Ex. 237 | Department of Justice | Redactions |
| 710-011 | Harvey Ex. 239 | Steven Priest | Redactions |

## APPENDIX D – FILINGS FOR WHICH NO PARTY OR NON-PARTY REQUESTS CONTINUED SEALING

| ECF No.[7] | Description |
|---|---|
| 660-001 | Harvey Ex. 1 |
| 660-003 | Harvey Ex. 12 |
| 660-005 | Harvey Ex. 17 |
| 660-006 | Harvey Ex. 18 |
| 660-008 | Harvey Ex. 20 |
| 660-013 | Harvey Ex. 26 |
| 660-016 | Harvey Ex. 29 |
| 660-020 | Harvey Ex. 33 |
| 660-021 | Harvey Ex. 34 |
| 660-022 | Harvey Ex. 35 |
| 660-023 | Harvey Ex. 40 |
| 660-024 | Harvey Ex. 41 |
| 660-026 | Harvey Ex. 43 |
| 660-027 | Harvey Ex. 44 |
| 660-028 | Harvey Ex. 45 |
| 660-032 | Harvey Ex. 49 |
| 660-033 | Harvey Ex. 50 |
| 660-034 | Harvey Ex. 51 |
| 660-036 | Harvey Ex. 53 |
| 660-038 | Harvey Ex. 55 |
| 660-039 | Harvey Ex. 56 |
| 660-040 | Harvey Ex. 57 |
| 660-041 | Harvey Ex. 58 |
| 660-043 | Harvey Ex. 60 |
| 660-048 | Harvey Ex. 65 |
| 660-049 | Harvey Ex. 66 |
| 660-050 | Harvey Ex. 67 |
| 660-051 | Harvey Ex. 68 |
| 660-053 | Harvey Ex. 70 |
| 660-055 | Harvey Ex. 72 |
| 660-056 | Harvey Ex. 73 |
| 660-057 | Harvey Ex. 74 |
| 660-058 | Harvey Ex. 75 |
| 660-059 | Harvey Ex. 76 |
| 660-060 | Harvey Ex. 77 |
| 660-061 | Harvey Ex. 78 |

[7] Certain expert-related materials submitted by the parties were filed under seal multiple times in connection with the Class Certification Motion, *Daubert* Motions, Motion to Strike, and Rule 72 Objections. The parties are filing one copy of those expert materials with this motion to seal, but note in this column each ECF number where the expert materials were previously filed under seal in connection with the Class Certification Motion, *Daubert* Motions, Motion to Strike, and Rule 72 Objections.

| ECF No.[7] | Description |
|---|---|
| 660-062 | Harvey Ex. 79 |
| 660-063 | Harvey Ex. 80 |
| 660-064 | Harvey Ex. 81 |
| 660-065 | Harvey Ex. 82 |
| 660-066 | Harvey Ex. 83 |
| 660-068 | Harvey Ex. 85 |
| 660-069 | Harvey Ex. 86 |
| 660-092 | Harvey Ex. 109 |
| 660-095 | Harvey Ex. 112 |
| 660-096 | Harvey Ex. 113 |
| 660-100 | Harvey Ex. 117 |
| 660-103 | Harvey Ex. 120 |
| 660-104 | Harvey Ex. 121 |
| 660-105 | Harvey Ex. 122 |
| 660-108 | Harvey Ex. 125 |
| 660-109 | Harvey Ex. 126 |
| 666-011 | Lane Ex. 11 |
| 666-014 | Lane Ex. 14 |
| 666-016 | Lane Ex. 16 |
| 666-017 | Lane Ex. 18 |
| 666-018 | Lane Ex. 19 |
| 675-002 | Harvey Ex. 175 |
| 675-003 | Harvey Ex. 178 |
| 675-004 | Harvey Ex. 179 |
| 675-006 | Harvey Ex. 181 |
| 675-007 | Harvey Ex. 182 |
| 675-010 | Harvey Ex. 185 |
| 675-011 | Harvey Ex. 186 |
| 675-012 | Harvey Ex. 187 |
| 675-013 | Harvey Ex. 188 |
| 675-014 | Harvey Ex. 189 |
| 675-016 | Harvey Ex. 191 |
| 675-017 | Harvey Ex. 192 |
| 675-018 | Harvey Ex. 193 |
| 675-021 | Harvey Ex. 196 |
| 675-024 | Harvey Ex. 199 |
| 675-025 | Harvey Ex. 200 |
| 675-026 | Harvey Ex. 201 |
| 675-032 | Harvey Ex. 207 |
| 675-033 | Harvey Ex. 208 |
| 675-034 | Harvey Ex. 209 |
| 675-035 | Harvey Ex. 210 |
| 675-036 | Harvey Ex. 211 |
| 675-037 | Harvey Ex. 212 |

| ECF No.[7] | Description |
|---|---|
| 677 | Declaration of Justin McCrary, Ph.D.; also filed as Seidel Ex. 1 (ECF No. 692-002) and Seidel Ex. 3 (ECF No. 721-004) |
| 678 | Declaration of John H. Johnson, IV, Ph.D. |
| 679 | Declaration of Lauren J. Stiroh, Ph.D. |
| 680 | Declaration of Celeste Saravia, Ph.D. |
| 680-002 | Saravia. Decl. Ex. B |
| 683-006 | Zielinski Ex. 6 |
| 683-008 | Zielinski Ex. 8 |
| 683-009 | Zielinski Ex. 9 |
| 683-010 | Zielinski Ex. 10 |
| 683-011 | Zielinski Ex. 11 |
| 683-015 | Zielinski Ex. 21 |
| 683-017 | Zielinski Ex. 23 |
| 683-023 | Zielinski Ex. 29 |
| 683-037 | Zielinski Ex. 43 |
| 683-051 | Zielinski Ex. 58 |
| 683-053 | Zielinski Ex. 60 |
| 683-054 | Zielinski Ex. 62 |
| 683-056 | Zielinski Ex. 67 |
| 683-057 | Zielinski Ex. 68 |
| 683-058 | Zielinski Ex. 70 |
| 683-060 | Zielinski Ex. 72 |
| 683-061 | Zielinski Ex. 73 |
| 683-062 | Zielinski Ex. 74 |
| 683-063 | Zielinski Ex. 75 |
| 683-064 | Zielinski Ex. 76 |
| 683-065 | Zielinski Ex. 77 |
| 683-067 | Zielinski Ex. 79 |
| 683-068 | Zielinski Ex. 80 |
| 683-069 | Zielinski Ex. 81 |
| 683-077 | Zielinski Ex. 92 |
| 698 | Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion to Strike |
| 702 | Defendants' Reply in Support of Their Motion to Exclude Opinions and Testimony of Plaintiffs' Proposed Experts Dr. Barry Gerhart and Dr. Evan Starr |
| 704-001 | Kliebard Ex. A |
| 704-002 | Kliebard Ex. B |
| 704-003 | Kliebard Ex. C |
| 704-004 | Kliebard Ex. D |
| 704-005 | Kliebard Ex. E |
| 708 | Plaintiffs' Reply in Support of Motion to Exclude Expert Testimony of Drs. John Johnson, Celeste Saravia, Justin McCrary and Lauren Stiroh |
| 709-001 | Harvey Ex. 215 |

| ECF No.[7] | Description |
|---|---|
| 710-002 | Harvey Ex. 225 |
| 710-004 | Harvey Ex. 229 |
| 710-005 | Harvey Ex. 230 |
| 710-006 | Harvey Ex. 231 |
| 710-007 | Harvey Ex. 232 |
| 710-008 | Harvey Ex. 236 |
| 710-010 | Harvey Ex. 238 |
| 710-013 | Harvey Ex. 241 |
| 710-014 | Harvey Ex. 242 |
| 710-015 | Harvey Ex. 243 |
| 710-016 | Harvey Ex. 244 |
| 710-017 | Harvey Ex. 245 |
| 710-018 | Harvey Ex. 246 |
| 710-019 | Harvey Ex. 248 |
| 710-021 | Harvey Ex. 250 |
| 710-022 | Harvey Ex. 254 |
| 710-023 | Harvey Ex. 256 |
| 710-024 | Harvey Ex. 257 |
| 710-025 | Harvey Ex. 258 |
| 714 | Defendants' Rule 72 Objections to Magistrate Judge Kim's Minute Order Granting Plaintiffs' Motion to Strike |
| 722 | Plaintiffs' Response to Defendants' Rule 72 Objections to Judge Kim's Order Striking Defendants' Unauthorized and Untimely Expert Sur-rebuttal |